UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN BROADCASTING
COMPANIES, INC., DISNEY ENTERPRISES,
INC., CBS BROADCASTING INC., CBS
STUDIOS INC., NBCUNIVERSAL MEDIA,
LLC, NBC STUDIOS, LLC, UNIVERSAL
NETWORK TELEVISION, LLC,
TELEMUNDO NETWORK GROUP LLC, and
WNJU-TV BROADCASTING LLC,

Plaintiffs,

v.

AEREO, INC.

Defendant.

---

WNET, THIRTEEN, FOX TELEVISION
STATIONS, INC., TWENTIETH CENTURY
FOX FILM CORPORATION, WPIX, INC.,
UNIVISION TELEVISION GROUP, INC.,
THE UNIVISION NETWORK LIMITED
PARTNERSHIP, and PUBLIC
BROADCASTING SERVICE,

Plaintiffs,

v.

AEREO, INC, F/K/A BAMBOOM LABS, INC.

Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 2 2012

Civil Action No. 12-CV-1540 (AJN)

Civil Action No. 12-CV-1543 (AJN)

## STIPULATED PROTECTIVE ORDER

In order to protect confidential business and trade secret information consistent with the

public's right of access to the Court's records and processes, the parties stipulate and the Court

hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

## I.      Types of Materials Which May Be Designated Confidential or Highly Confidential

1.      Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation by any party (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" under this Protective Order.

2.      "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information.

3.      "Highly Confidential Information" shall include any Confidential Information which the producing party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

4.      Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

## II.     Designation of Discovery Materials as Confidential or Highly Confidential

5.      Any documents, material or information produced in discovery in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non-party by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Documents, material or information that cannot be stamped with a legend can be designated as "Confidential"

2

or "Highly Confidential" by furnishing a written notice to the undersigned counsel for the party receiving such documents, material or information at the time of production, identifying the documents, material or information as "Confidential" or "Highly Confidential."

6.     If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

7.     Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate.

8.     Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five business days destroy or return to the requesting party or non-party the

3

Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. If the possessing party elects to destroy the Inadvertently Produced Privileged Document rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed.

9.      The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

10.     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Highly Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential" and is subject to the provisions of this Order. In any event, deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery shall be presumptively treated as Highly Confidential for a period of 10 days or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or counsel to any party, to notify all parties of any other Confidential Information or Highly Confidential Information contained within such testimony that was not designated on the record at the time of deposition. Such Confidential Information or Highly Confidential Information shall be designated by page and line number in any transcripts, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order. Unless specific designations of portions of a transcript have been made on the record during the proceeding, or in writing within thirty (30)

4

days after the e-mailing or otherwise transmitting to counsel of the transcript of the deposition,

any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated

or ordered.  The parties may modify this procedure, including, without limitation, by designating

an entire transcript as Confidential Information or Highly Confidential Information, for any

particular deposition through agreement on the record at such deposition or otherwise by written

stipulation, without Court approval.

### III.    Permissible Uses of Discovery Material

11.    All persons obtaining access to Discovery Material produced in connection with

this action shall use such Discovery Material only for the purpose of this litigation and not for

any other purpose.  Any person found to have made an impermissible use of any Discovery

Material will be subject to, without limitation, appropriate civil penalties including for contempt

of court.  Nothing in this Order shall limit or restrict a party's rights, if any, to use its own

Discovery Material or any information obtained independent of discovery in this action in any

manner that the party deems appropriate.

12.    Nothing herein shall impose any restrictions on the use or disclosure by a party or

witness of documents, material or information legally obtained by such party or witness

independently of the discovery proceedings in this action (and not learned of as a result of

discovery in this action), whether or not such documents, material or information are also

obtained through discovery proceedings in this action.

13.    Confidential Information may be disclosed only to the following persons:

(a)    The Court;

(b)    Outside counsel for any party, including associated personnel

necessary to assist outside counsel in the action, such as litigation assistants, paralegals,

and secretarial or other clerical personnel;

(c)     Litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action;

(d)     Experts or consultants retained by counsel in connection with this litigation, who are not employed by any party, provided that the procedures set forth in paragraphs 16 and 17 of this Order have been followed;

(e)     Associated personnel of any person within categories (a) through (d) for whom access to Confidential Information is necessary to assist such persons in this action, including any Court personnel assisting the Court, secretarial or other clerical personnel, or stenographers or other persons involved in taking or transcribing or videotaping of testimony in this action;

(f)     Deposition or trial witnesses who are employed by the party that produced the Discovery Materials, or who lawfully and apart from these actions received or authored the information or material to be shown to such witnesses (whether during examination or preparation);

(g)     The parties and their officers, directors, and employees, as deemed necessary to aid counsel in the conduct of the above-captioned action;

(h)     In-house counsel for each of the parties who are directly involved in the oversight of litigation; and

(i)     Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto.

6

14.     Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (f) in paragraph 13 above. In addition, Highly Confidential information may be disclosed to one (1) designated in-house counsel for each party, who is directly involved in oversight of the litigation and any other in-house counsel as may subsequently be ordered by the Court or agreed by the parties. In the event that they are unable to agree to any additional in-house counsel disclosure terms, the parties agree to cooperate to bring any disagreement to the Court for decision as promptly as reasonably possible.

15.     Notwithstanding the provisions in paragraphs 13 and 14 above, Confidential and Highly Confidential Information may be disclosed, at deposition or otherwise, to any employee of the party or non-party producing such information.

16.     (a)     For the purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the producing party at least two (2) court days prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case.

(b)     During the two-day period following disclosure under paragraph 16(a), counsel for the opposing party shall have the opportunity to oppose the proposed disclosure. Any party opposing such disclosure shall within such two-day period provide the other party via electronic mail with a written objection, setting forth in reasonable detail the specific grounds for such opposition. The party seeking to disclose shall respond by electronic mail, and the parties

7

will endeavor to meet and confer as soon as reasonably practicable regarding the dispute but not later than two (2) court days after the e-mail response is sent. If the parties cannot agree on disclosure at the conference, the objecting party shall contact the Court and place the matter on the next available discovery calendar following the conference. In the event a party objects to disclosure and such resolution by the Court is necessary, no additional confidential material shall be disclosed to that individual pending resolution of the issue by the Court.

(c)     If no written objection is received by 5:00 p.m., Eastern time, on the second day following the date of disclosure under paragraph 16(a), then the party seeking to disclose may do so. Failure to object to disclosure to a consultant or expert shall constitute waiver of any objection under this paragraph, subject to the following exception. After the two-day period has expired without objection, a party may move the Court to allow it to object to a consultant or expert if it can show: (a) there is new, material information relating to the consultant or expert that was not available to the moving party within the three-day objection period; and (b) had the moving party been aware of the information at the time, the moving party would have objected to the consultant or expert. In such a case, the objecting party shall, within three (3) court days of coming into possession of such new, material information relating to the consultant or expert, send to the other party by electronic mail its written objection, setting forth in reasonable detail in its position regarding: (a) the specific grounds for such opposition, (b) the material information relating to the consultant or expert that was not available to the moving party within the three-day objection period, and (c) the moving party's support for its contention that had it been aware of the information during the three-day objection period, it would have objected to the consultant or expert. Within three (3) court days of receipt of such objection, the party seeking to disclose shall send its response by electronic mail, and the parties shall endeavor

8

to meet and confer as soon as reasonably practicable regarding the dispute but not later than three (3) court days after the e-mail response is sent. If the parties cannot agree on disclosure at the conference, the objecting party shall contact the Court and place the matter on the next available discovery calendar following the conference.

17.    Any person set forth in Paragraph 13 who is not (i) a party to this litigation, counsel for such parties, or staff and supporting personnel of such parties or attorneys; or (ii) the Court or Court personnel to whom material designated under the Protective Order is to be disclosed, shall, prior to receiving such material: (i) be advised that the information is Confidential or Highly Confidential Information and may only be used in connection with this litigation; (ii) be provided with a copy of this Order; and (iii) execute a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date entered] in American Broadcasting Companies, Inc. et al. v. Aereo, Inc. S.D.N.Y. Civ. Action No. 12-Civ-1540, and WNET et al. v. Aereo, Inc., S.D.N.Y. Civ. Action No. 12-Civ-1543. I have been given a copy of and have read this Order and agree to be bound by its terms."

Counsel for the party seeking to disclose the material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such confidentiality agreements. Copies of any such confidentiality agreements shall be retained and provided to counsel for the other parties or affected non-parties upon request.

9

## IV.   Challenges to Confidential or Highly Confidential Designations

18.    If any party disagrees with the designation by the producing party or nonparty of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court.  All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute.  If the dispute can be resolved, all parties shall promptly be informed of the resolution.  If the dispute cannot be resolved informally, the disputing party may move the Court for a redesignation of the documents.

19.    Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source.

## V.   Deposition Procedures

20.    At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential

10

Information, counsel shall have the option, in lieu of taking other steps available under the

Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and

individuals specified in paragraphs 13 and 14 hereof who have access to the appropriate category

of information, leave the deposition room during the Confidential or Highly Confidential portion

of the deposition. The failure of such other persons to comply with such requests shall constitute

substantial justification for counsel to advise the witness that he or she need not answer the

question pending.

21.     Any deposition testimony concerning a Confidential or Highly Confidential

document produced by a non-party will be marked by the court reporter or videographer as

Confidential or Highly Confidential on the deposition transcript or videotape.

## VI.     **Efforts by Non-Parties to Obtain Confidential Information**

22.     If any party has obtained Confidential or Highly Confidential Information under

the terms of this Order and receives a subpoena or other compulsory process commanding the

production of such Confidential or Highly Confidential Information, such party shall promptly

notify the producing party or non-party at least seven (7) days prior to the date set for the

production of such subpoenaed information. If the producing party or non-party objects prior to

the date set for the production of such subpoenaed information, the subpoenaed party shall not

produce any Confidential or Highly Confidential Information in response to the subpoena unless

in response to an order of a court of competent jurisdiction, or unless a failure to produce such

Confidential or Highly Confidential information would constitute a violation of any law, rule, or

regulation. The subpoenaed party will take all reasonable steps to protect the confidentiality of

the information in these circumstances.

23.     The parties will not object to the producing party or non-party having a

reasonable opportunity to appear in the litigation or process commanding disclosure of such

11

Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## VII.   **Filing Under Seal**

24.     All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a)     Pursuant to Paragraph 4.A of Judge Nathan's Individual Practices in Civil Cases, any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, must make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal.  The party must attach to its letter: (1) one full set of the relevant document(s) in highlighted form (i.e., with the words, phrases, or paragraphs to be redacted highlighted); and (2) one partial, loose leaf set of solely those pages on which the party seeks to redact material.  Upon receiving these documents, the Court will individually review the proposed redactions.  Chambers will file under seal the unredacted pages for which the Court has approved redactions, and the party shall then file the redacted version of the document(s) on ECF.

(b)     All letters to the Court pursuant to Paragraph 24(a), including all attachments thereto, must be simultaneously delivered to all counsel.

(c)     If any party objects to identified portions of the materials remaining under seal, it shall, within ten business days of submission of the materials, state its objection in a letter emailed to counsel for all parties in this action.  The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.  Any revised public electronic filing, if any, of that submission shall be made

12

by the submitting party within ten business days after the Court's decision resolving that
dispute.

**VIII.   Use of Confidential or Highly Confidential Information at Trial**

25.     In the event that any Confidential Information or Highly Confidential Information
is used in any pre-trial court hearing or proceeding in these actions, and there is any dispute as to
whether such material continues to be Confidential or Highly Confidential, the parties will meet
and confer to resolve such dispute.

26.     The parties shall confer and attempt to agree before any trial or other hearing on
the procedures under which Confidential and Highly Confidential Information may be
introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement,
the parties shall give notice of the terms of such agreement to each non-party producing any
Confidential or Highly Confidential Information which may be used or introduced at such trial or
bearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such
Confidential and Highly Confidential Information at trial or hearing upon reasonable notice to all
parties and non-parties who have produced such information.  The parties shall provide
non-parties with notice of potential use at trial or hearing of any Confidential or Highly
Confidential information produced by them if and when they are listed as potential exhibits in
the required filings prior to commencement of trial or other hearing.  The parties shall give
notice as soon as practicable after Confidential or Highly Confidential Information which is not
listed on the exhibit list is determined to be used by counsel for a party in the course of
examination or cross-examination at trial or other hearing.

**IX.     Procedures upon Termination of Action**

27.     After the running of any applicable time to appeal the final order entered in this
litigation, any producing party or non-party may request that a party return or destroy any

13

Discovery Material, including all copies thereof, that the producing party or non-party has provided, which request shall be honored. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any discovery material. Notwithstanding the provisions of this paragraph, inaccessible copies of Discovery Material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed. As far as the provisions of this or any other Protective Orders entered in this action restrict the use of Confidential Information or Highly Confidential Information, such Protective Orders shall continue to be binding after the conclusion of this action.

## X.    **Miscellaneous**

28.    This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

29.    Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

14

IT IS HEREBY STIPULATED:

Dated:  March 21, 2012

/s/ R. David Hosp
R. David Hosp (DH 3344)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)
rhosp@goodwinprocter.com

Of Counsel:

John C. Englander (*pro hac vice* forthcoming)
Mark S. Puzella (*pro hac vice* forthcoming)
Yvonne W. Chan (*pro hac vice* forthcoming)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)
jenglander@goodwinprocter.com
mpuzella@goodwinprocter.com
ychan@goodwinprocter.com

Seth Greenstein (*pro hac vice* forthcoming)
CONSTANTINE | CANNON, LLP
One Franklin Square
1301 K Street, NW, Suite 1050 East
Washington, DC 20005
202.204.3514 (tel.)
202.204.3500 (fax.)
sgreenstein@constantinecannon.com

*Counsel for Aereo, Inc.*

/s/ Bruce P. Keller
Bruce P. Keller
Michael R. Potenza
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
212.909.6000
bpkeller@debevoise.com
mpotenza@debevoise.com

*Counsel for Plaintiffs American Broadcasting
Companies, Inc., Disney Enterprises, Inc., CBS
Broadcasting Inc., CBS Studios Inc.,
NBCUniversal Media, LLC, NBC Studios,
LLC, Universal Network Television, LLC,
Telemundo Network Group LLC, and WNJU-
TV Broadcasting LLC*

/s/ Steven B. Fabrizio
Steven B. Fabrizio (SF 8639)
Steven R. Englund
Scott B. Wilkens
JENNER & BLOCK LLP
1099 New York Ave., N.W.
Suite 900
Washington, D.C.  20001-4412
202.639.6000 (tel.)
202.639.6066 (fax)

David J. Bradford
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
312.222.9350 (tel.)
312.527.0484 (fax)

*Counsel for Plaintiffs WNET, THIRTEEN, Fox
Television Stations, Inc., Twentieth Century
Fox Film Corporation, WPIX, Inc., Univision
Television Group, Inc., The Univision Network
Limited Partnership, and Public Broadcasting
Service*

16

IT IS HEREBY ORDERED:   3/ 22/12

Honorable Alison J. Nathan
United Stated District Judge