USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 3 0 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMERICAN BROADCASTING COMPANIES, INC. ET AL,

           Plaintiffs,

   -v-

AEREO, INC.,

           Defendant,
-------------------------------------------------------------X

WNET ET AL,

           Plaintiffs,

   -v-

AEREO, INC.,

           Defendant,
-------------------------------------------------------------X

12 Civ. 1540 (AJN)

ORDER

12 Civ. 1543

ALISON J. NATHAN, District Judge:

    Plaintiffs have submitted a letter requesting that the Court order Defendant to provide access to Defendant's online television service consistent with the access provided to an ordinary subscriber. Defendant opposes this request.

    Plaintiffs' request is essentially one to inspect the operation of Defendant's web service as it can be used by an ordinary subscribing consumer. Fed. R. Civ. Proc. 34(a)(2) (granting authority to request inspection of property); *see also* Fed. R. Civ. Proc. 34(a)(1). Defendant has not articulated a reason why allowing access to the web service for purposes of inspecting it would be unduly burdensome in light of the nature of the service. Likewise, given the nature of the service, Defendant has not articulated a persuasive reason for the Court to adopt their

proposal that Plaintiffs' inspection should be permitted only at defense counsel's offices.

The Court does not agree that Defendants necessarily need to enter into a contract with Plaintiffs in order to allow them this level of inspection, although providing a subscription under a standard contract may be the easiest method of allowing such an inspection. Regardless, Defendant may choose to obey the terms of this Order by providing a standard subscription subject to a contract, possibly with modified or suspended terms of service, or may provide such access through some other means, so long as the access provided is consistent with that provided to an ordinary subscriber.

It is ORDERED that by noon on Wednesday, April 4, 2012, Defendant shall provide Plaintiffs with access to Plaintiffs' online television service that allows Plaintiffs to inspect the service consistent with the experience provided to an ordinary subscribing user. That is, Plaintiff must be provided access to the service that is no more restricted than that provided to the ordinary subscriber. Plaintiffs' access shall be in effect until April 24, 2012, the date previously set for the close of all discovery on the motion for a preliminary injunction, and may thereafter be terminated without notice to Plaintiffs. However, Plaintiffs have leave to request an extension of this access by letter to the Court including a statement of reasons why additional access is necessary and a proposal for a limited period of time for which Plaintiffs seek additional access. In submitting such an application, Plaintiffs should allow sufficient time for Defendant to respond and the Court to consider any such application before April 24, 2012.

Defendants are not required to enter into a contract with the Plaintiffs to provide this access, nor are they required to employ their standard terms of service, as long as the access provided to Plaintiffs allows them to use the service in a manner entirely consistent with the experience that would be provided to an ordinary subscribing user. Access to the service shall

be limited to outside counsel for Plaintiffs, their support staff, and their experts. No restriction as to location of access would be appropriate. Plaintiffs shall not use the access provided for any purposes unrelated to this litigation. Defendant shall not monitor or evaluate usage of this access, except as is necessary to maintain access and as would be consistent with maintaining the access of an ordinary subscribing user.

The parties have leave to submit a stipulated protective order modifying the terms set forth above. Any such stipulation must be submitted by noon on Wednesday, April 4, 2012, or this order will take effect as written at that time.

SO ORDERED:

Dated: March 30, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge