UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA. LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, WNJU-TV BROADCASTING LLC,<br><br>        Plaintiffs.<br>  v.<br><br>AEREO, INC.,<br><br>        Defendant. | Case No.12-cv-1540 (AJN)<br>ECF CASE |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant Aereo, Inc. ("Aereo"), pursuant to Fed. R. Civ. P. 15(a)(1)(A), hereby amends

its answer to the Complaint by Plaintiffs American Broadcasting Companies, Inc., Disney

Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC

Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, and

WNJU-TV Broadcasting LLC.

This case involves nothing more than the application of settled law to updated

technology—settled law that establishes conclusively that Aereo's business is entirely lawful.

Plaintiffs' Complaint fails because Aereo merely provides technology (the "Aereo Technology")

that consumers may use to do what they are legally entitled to do: (1) access free and legally

accessible over-the-air television broadcasts using an antenna; (2) create individual, unique

recordings of those broadcasts for personal use, *see Sony Corp. of America v. Universal City*

*Studios, Inc.,* 464 U.S. 417 (1984); and (3) record and play back those unique recordings utilizing a remotely-located digital video recorder ("DVR") to personal devices, *see Cartoon Network LP v. CSC Holdings, Inc.,* 536 F.3d 121 (2d Cir. 2008). When a consumer is accessing broadcast television using the Aereo Technology, he or she is using a specific individual antenna that is tuned and used only by that consumer for the duration of that access. Aereo, through the Aereo Technology, simply provides to its members the convenience of locating at a remote facility the type of equipment that they could otherwise have and use at home. Accordingly, Plaintiffs' claims are without merit and Aereo is entitled to judgment in its favor on its counterclaim set forth below.

## ANSWER

1.      The allegations in Paragraph 1 of the Complaint state conclusions of law to which no answer is required. To the extent an answer is required, Aereo denies the allegations in Paragraph 1 of the Complaint.

2.      Aereo denies the allegations in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 of the Complaint state conclusions of law to which no answer is required. To the extent an answer is required, Aereo denies the allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint state conclusions of law to which no answer is required. To the extent an answer is required, Aereo denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint state conclusions of law to which no answer is required. To the extent an answer is required, Aereo denies the allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Aereo denies the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint makes a demand for relief to which no answer is required.  To the extent an answer is required, Aereo denies the allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Aereo admits that this Court has subject matter jurisdiction over this action.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Aereo admits that this Court has personal jurisdiction over it.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 9 of the Complaint.

10.      The allegations in Paragraph 10 of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Aereo admits that venue is proper in this Court.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 10 of the Complaint.

11.      Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 11 of the Complaint.

12.      Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 12 of the Complaint.

13.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 13 of the Complaint.

14.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 14 of the Complaint.

15.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 15 of the Complaint.

16.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 16 of the Complaint.

17.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 17 of the Complaint.

18.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 18 of the Complaint.

19.     Aereo lacks knowledge or information sufficient to confirm the truth of the allegations in Paragraph 19 of the Complaint.

20.     Aereo admits the allegations in Paragraph 20 of the Complaint.

21.     In response to the allegations in Paragraph 21 of the Complaint, Aereo states that it has made public announcements regarding the Aereo Technology beginning at least as early as April 2011 and refers to each of those specific statements for their content.  Aereo denies all other allegations in Paragraph 21 of the Complaint.

22.     In response to the allegations in Paragraph 22 of the Complaint, Aereo admits that it plans to make the Aereo Technology available in the New York City broadcast area to users residing in that broadcast area.  Aereo denies all other allegations in Paragraph 22 of the Complaint.

23.     In response to the allegations in Paragraph 23 of the Complaint, Aereo admits that an individual antenna is made available exclusively to a member for at least the duration of a recording by the member.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 23 of the Complaint.

24.     Aereo denies the allegations in Paragraph 24 of the Complaint.

25.     In response to the allegations in Paragraph 25 of the Complaint, Aereo admits that it has received no written authorization or written consent from Plaintiffs to exercise any exclusive rights Plaintiffs may own in copyrighted works, but denies that any such authorization or consent is needed for its members to use the Aereo Technology or for Aereo otherwise to operate its business.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 25 of the Complaint.

26.     In response to the allegations in Paragraph 26 of the Complaint, Aereo admits that it has conducted Beta testing of its system since at least Spring 2011 and that Plaintiffs were fully aware of that Beta testing, and further avers that Plaintiffs have been aware of the nature of the Aereo Technology since at least April 2011, including without limitation as a result of meetings and other discussions between Aereo representatives and executives of a number of Plaintiffs.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 26 of the Complaint.

27.     In response to the allegations in Paragraph 27 of the Complaint, Aereo states that it made a public announcement on February 14, 2012 and refers to that announcement for its content.  Except as expressly admitted herein, Aereo denies the allegations in Paragraph 27 of the Complaint.

28.     Aereo incorporates by reference its responses to Paragraphs 1 through 27 of the

Complaint.

29.     Aereo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies those allegations.

30.     Aereo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies those allegations.

31.     Aereo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 31 of the Complaint, and therefore denies those allegations.  Aereo denies the allegations in the second sentence in Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Aereo denies the allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Aereo denies the allegations in Paragraph 33 of the Complaint.

34.     Aereo denies the allegations in Paragraph 34 of the Complaint.

35.     Aereo denies the allegations in Paragraph 35 of the Complaint.

36.     Aereo denies the allegations in Paragraph 36 of the Complaint.

37.     Aereo denies the allegations in Paragraph 37 of the Complaint.

38.     Aereo denies the allegations in Paragraph 38 of the Complaint.

Aereo denies the allegations beginning with the word "WHEREFORE" and denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Aereo, for its affirmative defenses, and without conceding that it bears the burden of proof as to any such affirmative defense, states as follows:

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the doctrine of unclean hands.

3.      Plaintiffs' claims are barred by the doctrine of fair use.

4.      Plaintiffs' claims are barred by the doctrine of laches.

5.      Plaintiffs' claims are barred by the doctrine of acquiescence.

6.      Plaintiffs' claims are barred by the doctrine of estoppel.

7.      Plaintiffs' claims are barred by waiver.

8.      Plaintiffs' claims are barred due to an express or implied license or consent.

9.      Some or all of Plaintiffs' claims are barred by the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512.

10.      Plaintiffs' claims are barred by the doctrine of misuse of copyright.

11.      Plaintiffs' claims are barred inasmuch as this Court lacks subject matter jurisdiction over claims to enforce copyrights for which Plaintiffs have not previously obtained, or have not pleaded ownership of, registrations.

12.      Plaintiffs' copyrights are invalid and/or unenforceable as to Aereo.

13.      Plaintiffs' claims are barred by their failure to mitigate damages.

14.      Plaintiffs' claims are barred by the First Amendment to the United States Constitution.

15.     The statutory damages sought by Plaintiffs are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process Clause of the United States Constitution.

16.     Aereo reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

## COUNTERCLAIM

This case concerns the application of established law to an innovative use of familiar technologies.  Consumers use the Aereo Technology to do no more than what they are entitled to do: access local television broadcasts on the public airwaves using an individual antenna; create unique copies of that broadcast content for their own personal use; and play back their unique recordings to their televisions or other viewing devices for their personal use.  Counterclaim Plaintiff Aereo, Inc. ("Aereo") therefore seeks a declaratory judgment against American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, and WNJU-TV Broadcasting LLC (collectively "Counterclaim Defendants") that Aereo does not infringe any of Counterclaim Defendants' claimed copyrights.

## INTRODUCTION

1.     The Aereo Technology operates within the confines of three well-established principles of telecommunications and copyright law.  First, it has been well-settled since the Radio Act of 1927 that the airwaves are owned by the public and licensed to broadcasters for the benefit of the public interest, convenience, and necessity.  *See* 47 U.S.C. § 151 *et seq.*

2.      Second, consumers have an equally well-established right to record for their own personal use the programming content to which they have legal access. *See Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417 (1984).

3.      Third, companies that merely supply remote technological means that customers can use to make personal recordings and play them back are not liable for copyright infringement as to the recorded programming content. *See Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008).

4.      The Aereo Technology rests squarely on these three bedrock legal principles. Aereo members use a remotely located antenna to receive local over-the-air programming content and a remotely located DVR to record unique copies of that content for their personal use.  When a consumer is accessing broadcast television using the Aereo Technology, he or she is using a specific individual antenna that is tuned and used only by that consumer for the duration of that access.  Aereo members can then play their unique copies back to themselves on an Internet-connected television or other personal device such as a mobile phone or tablet.

5.      Aereo has been forthcoming and transparent about its technology and intentions. Beginning in the Spring of 2011, Aereo launched a website which described its business concept and announced that it was conducting Beta testing on the Aereo Technology.  Aereo was also open about the fact that it planned to publicly launch the Aereo Technology in early 2012.  Since at least April 2011, Aereo and the Aereo Technology have been the subject of significant media coverage.  Indeed, beginning as early as April 2011, Aereo executives met with high-level executives of certain of the Counterclaim Defendants and described the Aereo Technology in these meetings.

6.      On February 14, 2012, Aereo publicly announced that it intended to make its technology available to the public on March 14, 2012. As of the day that this lawsuit was filed, Aereo had not received any cease and desist letter or other demand not to launch.

## THE PARTIES

7.      Counterclaim Plaintiff Aereo is a New York corporation with its principal place of business in Long Island City, New York. Aereo offers the Aereo Technology to customers in the New York City broadcast area.

8.      Upon information and belief, Counterclaim Defendant American Broadcasting Companies, Inc. ("ABC") is a Delaware corporation with its principal place of business at 77 West 66th Street, New York, New York, and does business as the ABC Television Network and as WABC-TV. The FCC has licensed ABC to operate the television station identified by the call letters WABC-TV ("WABC"), the signal of which is broadcast to viewers over the air in the New York City market.

9.      Upon information and belief, Counterclaim Defendant Disney Enterprises, Inc. ("DEI") is a Delaware corporation with its principal place of business at 500 S. Buena Vista Street, Burbank, California.

10.     Upon information and belief, Counterclaim Defendant CBS Broadcasting Inc. ("CBS") is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York. The FCC has licensed CBS to operate the television station identified by the call letters WCBS-TV ("WCBS"), the signal of which is broadcast to viewers in the New York City market.

11.     Upon information and belief, Counterclaim Defendant CBS Studios Inc. ("CBS Studios") is a Delaware corporation with its principal place of business at 51 West 52nd Street, New York, New York.

12.     Upon information and belief, Counterclaim Defendant NBCUniversal Media, LLC ("NBCUniversal") is a Delaware limited liability company with its principal place of business at 30 Rockefeller Plaza, New York, New York.  The FCC has licensed NBCUniversal to operate the television station identified by the call letters WNBC-TV ("WNBC"), the signal of which is broadcast to viewers in the New York City market.

13.     Upon information and belief, Counterclaim Defendant NBC Studios, LLC ("NBC Studios") is a New York limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California, and is a wholly owned subsidiary of Counterclaim Defendant NBCUniversal.

14.     Upon information and belief, Counterclaim Defendant Universal Network Television, LLC ("UNT") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California, and is a wholly owned subsidiary of Counterclaim Defendant NBCUniversal.

15.     Upon information and belief, Counterclaim Defendant Telemundo Network Group LLC ("Telemundo") is a Delaware limited liability company with its principal place of business at 2290 West 8th Avenue, Hialeah, Florida, and is a wholly owned subsidiary of Counterclaim Defendant NBCUniversal.

16.     Upon information and belief, Counterclaim Defendant WNJU-TV Broadcasting LLC ("WNJU-TV") is a Delaware corporation with its principal place of business at 2290 West 8th Avenue, Hialeah, Florida, and is a wholly owned subsidiary of Counterclaim Defendant

NBCUniversal.  The FCC has licensed WNJU-TV to operate the television station identified by the call letters WNJU-TV ("WNJU"), the signal of which is broadcast to viewers in the New York City market.

## JURISDICTION AND VENUE

17.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, seeking a declaration of the rights and/or other legal relations of the parties to this litigation with respect to an actual controversy arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

18.     This Court has exclusive jurisdiction over the copyright subject matter of this action pursuant to the Copyright Act (17 U.S.C. § 101 *et seq.*), 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act (28 U.S.C. § 2201).

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

20.     Aereo has developed a television antenna that is very small-about the size of a dime.



21.     The development of these miniature antennas allows, for the first time, for the practical remote placement of a consumer's antenna.  Each member uses an individual antenna when he or she uses Aereo's system.

22.     Each member also has access to a remote storage DVR.  Using this remote storage DVR, Aereo members can initiate recordings or play back their previously recorded

programs.  Program recordings by Aereo members are embodied in individual, unique copies specifically identified with each member, and are available only to that member.

23.     One need look no further than the fact that consumers are entitled to access over-the-air broadcast television and the holdings in *Sony* and *Cartoon Network* to confirm that the Aereo Technology is lawful.

24.     Accordingly, Aereo is entitled to a declaratory judgment that Aereo does not violate the Copyright Act.

## CLAIMS FOR RELIEF

## COUNT I
### (Request for Declaratory Judgment)

25.     Aereo repeats and realleges the allegations set forth in paragraphs 1-24 herein.

26.     In light of Counterclaim Defendants' Complaint against Aereo, there exists an actual and justiciable controversy between Aereo and Counterclaim Defendants as to whether Aereo infringes any of Counterclaim Defendants' copyrights.

****

WHEREFORE, Aereo respectfully requests that this Court enter judgment in its favor

and against Counterclaim Defendants:

a) declaring that the use of the Aereo Technology does not infringe, and that Aereo does not otherwise infringe, any of Counterclaim Defendants' copyrights;

b) awarding Aereo its costs and attorneys' fees in accordance with 17 U.S.C. § 505 and other applicable law; and

c) granting Aereo such further relief as the Court deems just and proper.

Dated: April 2, 2012

Respectfully submitted,

AEREO, INC.

By its attorneys,

/s/ Michael S. Elkin
Michael S. Elkin
Thomas Patrick Lane
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
212.294.6700 (tel)
212.294.4700 (fax)
melkin@winston.com
tlane@winston.com

R. David Hosp (DH 3344)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel)
617.523.1231 (fax)
rhosp@goodwinprocter.com

Of Counsel:

John C. Englander *(admitted pro hac vice)*
Mark S. Puzella *(admitted pro hac vice)*
Yvonne W. Chan *(admitted pro hac vice)*
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel)
617.523.1231 (fax)
jenglander@goodwinprocter.com
mpuzella@goodwinprocter.com
ychan@goodwinprocter.com

Seth Greenstein *(admitted pro hac vice)*
CONSTANTINE I CANNON, LLP
One Franklin Square
1301 K Street. NW. Suite 1050 East
Washington, DC 20005
202.204.3514 (tel)

202.204.3500 (fax)
sgreenstein@constantinecannon.com

Jennifer A. Golinveaux (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
415.591.1000 (tel)
415.591.1400 (fax)
jgolinveaux@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that this document entitled Amended Answer and Counterclaim filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies, via first class mail, postage pre-paid, will be sent to those indicated as non registered participants on April 2, 2012.

Robert C. Turner