USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 3 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

AMERICAN BROADCASTING COMPANIES, INC. ET AL,

                Plaintiffs,

     -v-

AEREO, INC.,

                Defendant,
------------------------------------------------------------------X

WNET ET AL,

                Plaintiffs,

     -v-

AEREO, INC.,

                Defendant,
------------------------------------------------------------------X

12 Civ. 1540 (AJN)

ORDER

12 Civ. 1543

ALISON J. NATHAN, District Judge:

      In letters dated April 6, 2012, and April 12, 2012, Defendant has requested that the Court order production of certain retransmission agreements and related documents that they contend are relevant to Plaintiffs' claim of irreparable harm in support of Plaintiffs' request for a preliminary injunction. Plaintiffs have submitted letters dated April 9, 2012, and April 12, 2012, opposing this request, arguing that while they will rely on the *existence* of the retransmission agreements in support of their irreparable harm case, the *content* of those agreements is irrelevant and therefore not discoverable.

      Plaintiffs contend that in two recent cases, *CBS Broadcasting v. FilmOn.com, Inc.*, 1:10-cv-7532 (NRB) (S.D.N.Y. July 21, 2010) (unpublished order) and *WPIX Inc. v. ivi, inc.*, 765 F.

1

Supp. 2d 594, 617-20 (S.D.N.Y. 2011), plaintiffs alleging copyright infringement under similar circumstances were not required to produce retransmission agreements. Neither case, however, addresses the precise question at issue here: whether such retransmission agreements are discoverable in the context of an irreparable harm claim being made in the preliminary injunction posture.

In *FilmOn*, the court determined only that the relevant agreements were not discoverable because they were not probative on the issue of damages in light of the plaintiffs' decision in that case to seek only statutory damages. It does not appear that the court considered whether such documents could be discoverable to rebut a claim of irreparable harm in the preliminary injunction context. Given the posture of the dispute in *FilmOn*, the decision in that case does not provide significant insight into the present dispute. *Compare, e.g., Salinger v. Colting*, 607 F.3d 68, 77, 80 (2d Cir. 2010) (irreparable harm is assessed based on the actual "injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits") *with Arista Records LLC v. Usenet.com, Inc.*, 2010 U.S. Dist. LEXIS 103022 (S.D.N.Y. Feb. 2, 2010) (noting that under 17 U.S.C. § 504(c)(1), "[p]laintiffs are not required to prove any actual damages upon electing to receive statutory damages").

Likewise, although *ivi* did involve a preliminary injunction, it was a resolution of the merits of the preliminary injunction, not a ruling on a discovery dispute. *See ivi, inc.*, 765 F. Supp. 2d at 617-20. The Court cannot tell by reading the decision whether the retransmission agreements were or were not provided. In any event, nothing in *ivi* suggests that the court considered whether retransmission agreements might contain discoverable information relevant to the plaintiffs' irreparable harm case. Indeed, Plaintiffs do not appear to contend that *ivi* considered this issue, arguing instead that their irreparable harm case will be similar to that

2

presented in *ivi*, that the court in *ivi* did not consider retransmission agreements in concluding that the plaintiffs in *ivi* faced irreparable harm, and that Plaintiffs in this case will not rely on the contents of the retransmission agreements.

In fact, *ivi* actually suggests a number of ways in which the contents of the retransmission agreements might be relevant to rebutting Plaintiffs' claim of irreparable harm. For example, the retransmission agreements may contain discoverable information that could potentially rebut a claim that Defendant's service would undermine the ability to negotiate with local advertisers. *See id.* at 618. Such agreements could also potentially be relevant to the types of control Plaintiffs exercise over the content and the distribution methods for that content, *see id.* at 620, and thus to whether Defendant's service would substantially impact that control or to what extent the service might "siphon viewers from [those] multiple authorized distribution methods" as Plaintiffs contend will occur in this case. Plaintiffs also concede that they intend to rely on "the many ways in which they monetize their copyrighted works." Given that the retransmission agreements relate to precisely this subject, it is difficult to see how the agreements are not discoverable.

The irreparable harm declarations from the *ivi* case, on which Plaintiffs in this case claim they will model their irreparable harm allegations, confirm that the retransmission agreements may contain discoverable information relevant to rebutting Plaintiffs' irreparable harm allegations. For example, although Plaintiffs here state that "[w]hether we got paid 10 cents or $10,000 isn't the issue," the Declaration of Benjamin N. Pyne in *ivi* notes that "cable systems, satellite services and other multichannel video programming distributors . . . pay *significant sums* . . . for the right to retransmit" the plaintiffs' content. (Pyne Decl. at ¶ 11 (emphasis added).) Faced with such allegations, Defendants are entitled to confirm or test their veracity by

3

reviewing the contents of the retransmission agreements. Likewise, the Pyne Declaration further relies on geographic restrictions in the retransmission of the content, the threat posed to "[l]egitimate Internet services" by retransmission of the content, and the possibility of lost advertising revenue. (Pyne Decl. at ¶ 12-14). As above, Defendant is entitled to discover the nature of Plaintiffs existing relationships to contest whether these harms will, in fact, result based on the service Defendants intend to provide.

Plaintiffs contend that allowing Defendant access to these documents is "tantamount to allowing it to condition how copyright plaintiffs must prove irreparable harm." The Court disagrees. Even if Plaintiffs do not intend to rely on the specific content of these agreements as part of their affirmative case for irreparable harm, if the agreements contain information relevant to rebutting claims of irreparable harm—as it appears they may—Defendants are entitled to their production. *See* Fed. R. Civ. Proc. 26(b)(1) (court may order discovery into relevant material and material reasonably likely to lead to the discovery of admissible evidence); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) ("[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"); *Schiller v. City of New York*, 2007 U.S. Dist. LEXIS 36058 (S.D.N.Y. May 18, 2007) (Francis, M.J.) (parties are entitled to discovery of all relevant evidence, not merely evidence on which the other party intends to rely); *Rates Tech., Inc. v. Cablevision Sys. Corp.*, 2006 WL 1026044, at *1 (E.D.N.Y., Apr. 14 2006) (having relied on existence of licensing agreements, plaintiff could not bar inquiry into the substance of those licensing agreements).

Finally, Plaintiffs' submissions suggest that discovery into the retransmission agreements would be inappropriate because the irreparable harm in this case is "manifest" from the mere fact

4

of Defendant's alleged infringement. (Pls. 4/12/12 Ltr. at 2.) The preliminary injunction hearing has not yet occurred and the Court has no evidence before it on irreparable harm to the Plaintiffs. Cutting off discovery on irreparable harm based on Plaintiffs' representations, without evidence, that irreparable harm is "manifest" based on Defendant's infringing conduct would come very close to implementing an impermissible presumption of irreparable harm. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006); *Salinger*, 607 F.3d at 77. Regardless, as the Plaintiffs have actually articulated their planned irreparable harm case, the retransmission agreement are discoverable.

The Court concludes that Plaintiffs must produce the retransmission agreements requested by the Defendant. The agreements may, of course, be designated confidential or highly confidential under the protective order.

SO ORDERED:

Dated: April 13, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge