**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
AMERICAN BROADCASTING
COMPANIES, INC., et al.,

      Plaintiffs/Counterclaim Defendants,

v.

AEREO, INC.

      Defendant/Counterclaim Plaintiff.
---------------------------------------------------------X

Civil Action No. 12-CV-1540 (AJN)
ECF Case

---------------------------------------------------------X
WNET, et al.,

      Plaintiffs/Counterclaim Defendants,

v.

AEREO, INC., f/k/a/ BAMBOOM LABS

      Defendant/Counterclaim Plaintiff.
---------------------------------------------------------X

Civil Action No. 12-CV-1543 (AJN)
ECF Case

## MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE*

NetCoalition and the Computer & Communications Industry Association (CCIA) hereby move for leave to file the attached brief *amici curiae* in support of neither party. NetCoalition's and CCIA's interest in this case flows from its potential effect on Internet commerce, and in particular, on cloud computing.[1]

In support of this motion, *amici* state the following:

*Amici* represent leading-edge innovative companies that develop and deploy technologies that the Internet makes possible. NetCoalition serves as the public policy

---

[1] "Cloud computing is a model for enabling ubiquitous, convenient, on-demand network access to a shared pool of configurable computing resources (*e.g*., networks, servers, storage, applications, and services) that can be rapidly provisioned and released with minimal management effort or service provider interaction." Peter Mell & Timothy Grance, Nat'l Inst. Of Standards & Tech., U.S. Dep't of Commerce, Special Publication 800-145: NIST Definition of Cloud Computing (Draft), at 2 (2011), *available at* http://csrc.nist.gov/publications/drafts/800-145/Draft-SP-800-145_cloud-definition.pdf.

voice for some of the world's most innovative Internet companies on legislative and administrative proposals affecting the online realm.[2] CCIA represents large, medium-sized, and small companies in the high technology products and services sectors, including computer hardware and software, electronic commerce, telecommunications, and Internet products and services – companies that collectively generate more than $250 billion in annual revenues.[3]

NetCoalition and CCIA filed an amicus brief in *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008) ("*Cablevision*").  In the almost four years since the Second Circuit issued *Cablevision*, the members of NetCoalition and CCIA have made substantial investments relying upon the legal certainty provided by that decision.  In this case, however, Plaintiffs advocate for an unduly narrow construction of the *Cablevision* decision that, if accepted by the Court, would inject legal uncertainty into the online marketplace.  Our brief *amici curiae* explains the importance of the *Cablevision* decision to the Internet industry generally and cloud computing in particular.  It then demonstrates that Plaintiffs incorrectly attempt to limit the Second Circuit's holdings to the specific facts in that case, in a manner inimical to cloud computing.

Because no pure Internet or cloud computing company is a party to this case and our concerns have nothing to do with remote DVRs or broadcast television, the issues discussed in our brief are highly unlikely to be addressed adequately, if at all, by the parties.  These considerations satisfy the generally understood requirements of "(a) an adequate interest, (b) desirability, and (c) relevance" that guide decisions to admit *amicus* briefs.  *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002)

---

[2] NetCoalition's members include Amazon.com, Bloomberg LP, eBay, IAC, Google, Wikipedia, and Yahoo!.
[3] A complete list of CCIA members is available at http://www.ccianet.org/members.

(Alito, J.).  Because the attached *amicus* brief provides a broader perspective raised by Plaintiffs' interpretation of *Cablevision* than is likely to be supplied by any party to this proceeding, the brief may prove helpful in assisting the Court to rule on Plaintiffs' motion.

Accordingly, the Court should grant *amici*'s motion for leave to file their brief *amici curiae*.

                        Respectfully submitted,

                        /s/ Markham C. Erickson
                        Markham C. Erickson
                        Holch & Erickson LLP
                        400 N. Capitol St. NW, Suite 585
                        Washington, D.C., 20001
                        202-624-1460
                        merickson@holcherickson.com

May 22, 2012                 Counsel for *Amici*