**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, and WNJU-TV BROADCASTING LLC,<br><br>   Plaintiffs,<br><br>     v.<br><br>AEREO, INC.,<br><br>   Defendant. | Case No. 1:12-cv-01540-AJN<br><br>ECF Case<br><br>[Related Case No. 1:12-cv-01543-AJN] |

**MOTION OF NONPARTIES ELECTRONIC FRONTIER FOUNDATION AND PUBLIC KNOWLEDGE FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**

| | |
|---|---|
| Mitchell L. Stoltz (*Pro Hac Vice*) | Gigi B. Sohn |
| Kurt Opsahl | John Bergmayer |
| Corynne McSherry | Sherwin Siy |
| ELECTRONIC FRONTIER FOUNDATION | PUBLIC KNOWLEDGE |
| 454 Shotwell Street | 1818 N Street, NW |
| San Francisco, CA 94110 | Suite 410 |
| Tel: (415) 436-9333 | Washington, DC 20036 |
| mitch@eff.org | Tel: (202) 861-0020 |
| | john@publicknowledge.org |

*Attorneys for Amici Curiae Electronic Frontier Foundation and Public Knowledge*

Nonparties Electronic Frontier Foundation and Public Knowledge hereby move for leave to file the accompanying *amicus curiae* brief in the above-captioned case opposing the motion for a preliminary injunction. Defendants have consented to the filing of this brief. Plaintiffs indicated by a letter to chambers submitted on May 15 that they do not consent to its filing.

*Amici* are public interest organizations that work to protect the rights of the public online, by ensuring that incorrect interpretations of copyright law do not deny the public the benefits of technological and business innovation. Additionally, they work to keep the media landscape open and hospitable to new entrants. Defendant Aereo is only one example of a new business that can improve public access to copyrighted works online. In their brief *Amici* argue that Aereo should continue to operate while this Court considers the novel interpretations of copyright that Plaintiffs have put forth.

The fundamental standard for submission of an *amicus* brief is whether it "will aid in the determination of the motions at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 (N.D.N.Y. 1995) *aff'd,* 84 F.3d 591 (2d Cir. 1996). Among other helpful roles of *amici*,

> [s]ome friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.).

*Amici* will assist the Court in all of these ways. EFF, a nonprofit, donor-supported civil liberties organization, has participated in numerous cases over 22 years, as *amicus*, party counsel, and as court-appointed attorneys *ad litem*. EFF provides a perspective borne of long experience to cases in which judicial interpretation of the scope of copyright law will affect the rights and freedoms of individuals as consumers, creators, and citizens. Public Knowledge is a non-profit public interest 501(c)(3) corporation, working to defend citizens' rights in the emerging digital

culture. Its primary mission is to promote online innovation, protect the legal rights of all users of copyrighted works, and ensure that emerging copyright and telecommunications policies serve the public interest. In this case, it will offer both a consumer perspective as well as legal insight gained from years of working on copyright, media, and telecommunications issues.

Contrary to Plaintiffs' letter, that the views of *amici* may align with those of one of the parties is not grounds for refusal to consider those views. *Concerned Area Residents for the Environment v. Southview Farm,* 834 F. Supp. 1410, 1413 (W.D.N.Y.1993), *quoting Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982) ("[T]here is no rule . . . that amici must be totally disinterested."). Indeed, in the origins of *amicus* briefing, an interest was mandatory: the United States Supreme Court established a criteria for *amici* needing to be "interested in some other pending case involving similar questions." *Northern Securities Co. v. U.S.,* 191 U.S. 555, 24 S.Ct. 119, 48 L.Ed. 299 (1903) (rejecting brief because, inter alia, there was no such interest).

Requiring that *amici* be neutral would create an effectively impossible and thus unhelpful standard – in effect only those with no interest in filing as *amici* would be allowed to file. *See Neonatology Assocs.*, 293 F.3d at 131 ("The implication of this statement seems to be that a strong advocate cannot truly be the court's friend. But this suggestion is contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an *amicus* who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.").[1] Moreover, although "[a]n amicus . . . is not a party to the litigation and participates only to assist the court [n]evertheless, 'by the nature of things an amicus is not normally impartial' . . . and 'there is no

---

[1] Nor do *amici* need to show that a party is incompetently represented in order to participate. *Neonatology Assocs.*, 293 F.3d at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court.").

2

rule . . . that amici must be totally disinterested.'" *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa.1995)(quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y.1991) and *Concerned Area Residents for the Environment v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y.1993)).

EFF and PK will provide a perspective on the effects of this case beyond the parties. In this role, *Amici* have participated in a number of leading district court cases that address the proper scope of copyright law as applied to new technologies, including before this Court. *See, e.g.*, *WPIX, Inc. v. ivi, Inc.*, 765 F. Supp. 2d 594 (S.D.N.Y. 2011); *Viacom Int'l Inc. v. YouTube Inc.*, No. 07-CV-02103 LLS, 2010 WL 2532404 (S.D.N.Y. June 23, 2010); *In re Cellco P'ship*, 663 F. Supp. 2d 363, 366 (S.D.N.Y. 2009); *Arista Records LLC v. Lime Wire LLC*, No. 06-CV-5936 GEL 2 (S.D.N.Y. Sept. 30, 2008); *Elektra Enter. Group v. Barker*, 551 F.Supp.2d 234, 237 (S.D.N.Y. 2008). In each of these cases they have shown how seemingly narrow questions of substantive and procedural copyright law can have broad public effects.

For these reasons, *Amici* respectfully request that the Court grant this motion for leave to file the accompanying *amicus curiae* brief.

Dated: May 23, 2012                    Respectfully submitted,

By:   /s/ Mitchell L. Stoltz
Mitchell L. Stoltz (*Pro Hac Vice*)
Kurt Opsahl
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333
mitch@eff.org

Gigi B. Sohn
John Bergmayer
Sherwin Siy
PUBLIC KNOWLEDGE

        1818 N Street, NW
        Suite 410
        Washington, DC 20036
        Tel: (202) 861-0020
        john@publicknowledge.org

*Attorneys for Amici Curiae Electronic Frontier Foundation and Public Knowledge*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 23, 2012        By:    /s/ Mitchell L. Stoltz
                                           Mitchell L. Stoltz (*Pro Hac Vice*)
                                           Kurt Opsahl
                                           Corynne McSherry
                                           ELECTRONIC FRONTIER FOUNDATION
                                           454 Shotwell Street
                                           San Francisco, CA 94110
                                           Tel: (415) 436-9333
                                           mitch@eff.org