MEMO ENDORSED

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

May 24, 2012

BY E-MAIL

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 615
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 2 4 2012

**American Broadcasting Companies, Inc. et al. v. Aereo, Inc.,
12 CV 1540 (S.D.N.Y.) (AJN)**

**WNET v. Aereo, Inc.
12 CV 1543 (S.D.N.Y.) (AJN)**

Dear Judge Nathan,

On behalf of the Plaintiffs in the above-captioned matters, we apologize for the fundamental misunderstanding under which we operated in connection with the reply brief filed yesterday.

As we hope has been demonstrated by all of the attention paid to the Court's Individual Practices in Civil Cases to date – by all parties – everyone takes the Court's Individual Practices quite seriously. Notwithstanding that Plaintiffs were aware of Section 3.B, they misunderstood that prior permission for exceeding page lengths should have been requested on a brief-by-brief basis.

This misunderstanding was based on that both sides' prior post-discovery briefs, which detailed the factual record developed prior to the hearing, exceeded the page limitations set forth in Section 3.B without the issuance of specific orders exempting compliance on the Dockets for either of the above-captioned matters. We operated under the good faith, but badly mistaken, belief that given (1) the Court's interest in a complete record in advance of the hearing and (2) the discussion at the conference of May 17, 2012, in which everyone agreed (absent unusual circumstances) there would be no post-trial briefing, the normal page limitations did not govern this round of briefing.

Contributing to our mistaken belief was the request we received from Aereo, shortly before their opposition was due on May 19, 2012, as to whether we had any objection to their putting in a 40-page brief. We said we had no objection because we

Hon. Alison J. Nathan                  2                  May 24, 2012

thought it counterproductive to the development of as complete a factual record as possible, especially given all that had been accomplished on the expedited schedule. In this connection, we note that Aereo's 5/19/12 brief relied on substantially smaller footnotes in order to limit its substantive pages to 31.

We were wrong. Instead of assuming the Court's page limitations did not apply to this post-discovery round, we specifically should have confirmed that prior to last night. Alternatively, we should have adopted the approach in Aereo's May 19, 2012 cover letter to the Court, noting that page limits had been exceeded, and specifically requested permission. The failure to do either was a mistake in judgment for which we could not be more apologetic.

Given the importance of this matter and the good faith basis for our mistake, however, we respectfully request that our clients not be penalized for the erroneous assumptions by their counsel. We hereby request, for the foregoing reasons and pursuant to Section 3.B, leave *nunc pro tunc* to file the attached Reply Memorandum Of Points And Authorities In Support Of Plaintiffs' Joint Motion For A Preliminary Injunction and Supplemental Declaration of Michael R. Potenza. Aereo does not consent to this request, or to any reply page length beyond 10.

Respectfully submitted,

*/s/ Bruce P. K.*

Bruce P. Keller

cc: All Counsel of Record

*The application is denied. Plaintiffs may submit a reply brief not to exceed 25 pages by May 25, 2012 9am on.*

SO ORDERED:

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

5/24/12