UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING, INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, and WNJU-TV BROADCASTING LLC, | Civil Action No. 12-CV-1540 (AJN) |
|     Plaintiffs/Counterclaim Defendants, | |
| v. | |
| AEREO, INC. | |
|     Defendant/Counterclaim Plaintiff. | |
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE, | Civil Action No. 12-CV-1543 (AJN) |
|     Plaintiffs/Counterclaim Defendants, | |
| v. | |
| AEREO, INC. | |
|     Defendant/Counterclaim Plaintiff. | |

**DEFENDANT'S SCHEDULING PROPOSAL**

Pursuant to this Court's Orders dated August 17, 2012 and August 31, 2012 (*Am. Broad. Cos. Inc., et al. v. Aereo, Inc. ("ABC")*, Civ. A. No. 1:12-01540-AJN, Dkt. Nos. 111 & 112; *WNET, Inc., et al. v. Aereo, Inc. ("WNET")*, Civ. A. No. 1:12-01543-AJN, Dkt. Nos. 133 & 134) Defendant, Aereo, Inc. ("Aereo") submits the following scheduling proposal.

Aereo proposes that the District Court stay these proceedings pending a ruling by the Second Circuit on Plaintiffs' appeals[1] of this Court's July 11, 2012 Order denying a preliminary injunction.  *See ABC* Dkt. No. 109; *WNET* Dkt. No. 131 ("July 11th Order").  Plaintiffs cannot have it both ways, appealing this Court's denial of their motion for preliminary injunction— predicated on Plaintiffs' keystone legal claim—while simultaneously seeking to force Aereo to re-litigate substantially similar issues at the District Court level.  There is simply no legitimate basis for opposing Aereo's request for a stay in light of the pending appeal.  This Court has issued a ruling that is crucial to any further consideration of Aereo's activity and Plaintiffs' remaining claims.  Without knowing whether the Second Circuit will uphold or reverse this Court's July 11th Order, the Court and the Parties will be operating in a vacuum.  The remaining issues before this Court and the issue on appeal would be sundered, creating a false distinction between inextricably intertwined matters.  In order to preserve the Court's finite resources and to avoid duplicative or contradictory proceedings, this action should be stayed until the Second Circuit has ruled on Plaintiffs' appeal.

Further, a stay does no prejudice to Plaintiffs as the appeal has been expedited.  The eventual ruling from the Second Circuit will clarify the terms of this proceeding and lead to a more streamlined process—which has been Plaintiffs' stated goal from the outset.  Indeed, leaving aside the likelihood that a stay pending appeal will lead to a more efficient resolution,

---

[1] The appeals are case numbers 12-2807-cv and 12-2786-cv.

Plaintiffs themselves are under no imminent threat of harm from Aereo.[2]  A brief stay to await a

final determination from the Second Circuit on a crucial legal issue in this case does not

materially increase the perceived harms claimed by Plaintiffs at the May 30-31, 2012 hearing.

Finally, Plaintiffs have had an opportunity to fully and fairly litigate the core issues in

this case.  Plaintiffs chose to proceed on one theory of liability at the preliminary injunction stage

and received a decision from this Court.  The work that went into reaching that decision, by the

Court, Aereo, and Plaintiffs, does not need to be duplicated.

Because a stay will not delay these proceedings and is the most efficient way to proceed

from both a discovery and issue resolution point of view, this Court should exercise its broad

discretion to stay proceedings pursuant to the "power inherent in every court to control the

disposition of the causes on its docket" and order a short stay pending the resolution of the

appeals.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also WorldCrisa Corp. v.

Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (a District Court "may stay a case pursuant to 'the

power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants'") (internal citations omitted).

A.      A Stay is Justified in the Interest of Judicial Economy

All Aereo requests is that the Court not proceed with this action piecemeal.  This Court

has already ruled on Plaintiffs' motion for a preliminary injunction and in so doing found that,

following Second Circuit precedent, Plaintiffs were not likely to prevail on the merits of

Plaintiffs' primary Copyright Act claims. *See* July 11th Order at 1, 12-36.  While this Court's

---

[2] Notwithstanding Plaintiffs' argument in late May at the preliminary injunction hearing (based on the testimony of CBS's Executive Vice President, Martin Franks) that harm to the Plaintiffs was "imminent," CBS's own CEO recently stated in early August, just over two months later, that this Court's denial of Plaintiffs' request for a preliminary injunction would cause little, if any, harm.  Leslie Moonves stated on an earnings call that Aereo "does not affect any negotiations we have.  It is hardly even brought up…. [T]he people who have cried, 'Oh, my god, this could hurt retransmission,' are really exaggerating greatly….  [I]t's not something I…lose sleep over even for 5 minutes."  *See* Exhibit A (Transcript of CBS Corporation, Q2 2012 Earnings Call, Aug. 2, 2012), at 9.  Thus, any claim of being harmed by a delay is disingenuous.

denial of Plaintiffs' request for a preliminary injunction awaits a ruling by the Second Circuit, it would be unnecessarily duplicative and could potentially lead to contradictory proceedings or rulings that would then need to be untangled, for proceedings to continue at the District Court level with respect to the merits of this case.  Indeed, proceeding with Plaintiffs' alternative theories of the case while the fundamental basis for Plaintiffs' claims remains unsettled risks conflicting rulings and the possibility that, were the Second Circuit to remand even a part of the July 11th Order, significant aspects of this case would need to be re-litigated before the Court.

Because the Second Circuit's review of the Court's Order will (in either case) affect the manner in which issues and discovery should be addressed moving forward, it is illogical to continue before the Second Circuit makes its decision.  Indeed, the Second Circuit's decision could potentially render moot any discovery, briefing, or argument that progresses in this Court or require repetitive discovery such as multiple depositions.  For example, the parties could incur unnecessary expenses litigating the public performance issue, including engaging in discovery on damages.  In addition, the Second Circuit could remand the case with yet unforeseen factual issues that will have to be re-litigated upon remand.  As a result, it is in the best interest of all involved to stay these proceedings until a ruling is handed down.  *See Louis Berger Group, Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 490 (S.D.N.Y. 2011) ("Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results.") (internal citations and quotations omitted); s*ee also Bausch & Lomb Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (granting short stay to wait on ruling of the validity of the patent at issue when it "would not greatly prejudice any party" and it would "serve to promote judicial economy").  The Court should use its power to stay proceedings as part of its inherent power to control its docket and to provide "economy of time and effort for

itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (granting a stay pending appeal of preliminary injunction where resolution of a central issue by Circuit Court "could clarify the appropriate parameters for future discovery and motion practice . . . thereby streamlining the course of this litigation").

Splitting related claims—as would happen here should the Court proceed on Plaintiffs' alternative theories of the case—is wasteful and inefficient.  It was Plaintiffs' own decision to move for a preliminary injunction only on those claims on which they believed they were likely to succeed.  Now it appears that Plaintiffs are using that strategic decision to litigate this matter in a duplicative and piecemeal manner in order to bleed the resources of a much smaller defendant.  Aereo is a small start-up company with limited resources, and is poorly situated to engage in duplicative litigation, particularly in comparison with Plaintiffs.  Plaintiffs should not be allowed to use the Court process itself to try to achieve the ends they could not achieve on their motion.[3]  Once the Second Circuit has weighed in on the primary issues in this case, the disposition of the remaining matters should be clear and efficient.  It is simply in everyone's interest to wait until the Second Circuit clarifies the contours of this case.

**B.      <u>A Stay Will Not Prejudice Plaintiffs</u>**

Plaintiffs have already had the opportunity to conduct comprehensive discovery on their primary claims in this case—the claims they believed were the strongest and most likely to succeed.  They have also had a full and fair opportunity to investigate and criticize Aereo's technology, proffer and defend experts, and present evidence to this Court.  Indeed, most cases that go through trial have less discovery, fewer expert reports, and less testimony than have

---

[3] Plaintiffs' strategy is particularly unfair in light of the fact that CBS's own CEO contradicted the sworn testimony of CBS's witness testimony at the hearing, and made clear that Plaintiffs will suffer no immediate harm from Aereo's operation.

already occurred here.  After more than two months of near-constant litigation, Plaintiffs simply cannot claim that there is significant ground left for offensive discovery.

Moreover, the Second Circuit has already granted Plaintiffs' motion for an expedited schedule.  Plaintiffs' initial briefing must be filed on or before September 14, 2012.  Aereo's opposition brief must be filed on or before October 19, 2012, and Plaintiffs' reply brief must be field on or before November 2, 2012.  *See Am. Broad. Cos., Inc., et al. v. Aereo, Inc.*, Civ. A. No. 12-2807, Dkt. No. 53 (Scheduling Order); *WNET, Inc., et al. v. Aereo, Inc.*, Civ. A. No. 12-2786, Dkt. No. 64 (Scheduling Order).  Thus, any delay caused by a stay in the District Court proceedings will be minimal.

Any notion that Plaintiffs would be harmed by a stay of the District Court proceedings is belied by the recent statements by made CBS's own CEO.  Plaintiffs cannot claim that they will be significantly harmed in the near future, and any short delay in this proceeding is unlikely to change Mr. Moonves' outlook or the extent of harm suffered by Plaintiffs, if any.

C.     **This Case Has Already Been Fully and Fairly Litigated on the Merits with Respect to Plaintiffs' Request for a Preliminary Injunction**

Plaintiffs have had a chance to fully and fairly litigate their strongest argument—a strategic decision made by the Plaintiffs—and now, unhappy with this Court's decision, they seek to both appeal the denial of a preliminary injunction on an expedited basis and move forward on their fallback claims—as well as the claim subject to the preliminary injunction—here.  This Court's Order was clear, and was issued after Plaintiffs were able to conduct comprehensive discovery, including expert disclosure and testimony, briefing, and a two-day evidentiary hearing.  Assuming the Court's decision on these primary claims is upheld, there will likely be little left for the Parties to do in this case.

Plaintiffs filed their complaints in this matter on March 1, 2012 and clearly chose to move for a preliminary injunction on those claims that they believed they had the best possible chance of succeeding.  The issue of public performance is their lead argument in this case.  Each side was then given adequate time to prepare opening briefs.  *See* Scheduling Order (Mar. 26, 2012) *ABC* Dkt. No. 25; *WNET* Dkt. No. 25 (setting deadline for Plaintiffs' opening legal briefs for March 21, 2012 and Defendant's responsive legal brief for April 4, 2012); *ABC* Dkt. Nos. 17& 30 (initial pre-hearing briefs); *WNET* Dkt. Nos.15 & 35 (same).  During the expedited discovery period, Plaintiffs conducted a massive amount of discovery and essentially learned all there was to know about how the Aereo system works.  It is hard to imagine what else could possibly be relevant to the copyright claim.  Aereo produced over 41,000 pages of documents from the three major custodians within the company.  In total, the Parties have already conducted depositions of fifteen individuals, including four experts.  Thus, Plaintiffs' discovery on the copyright claims has essentially been concluded.[4]

After the close of discovery, there was very extensive briefing.  Following this briefing, both sides had a full and fair opportunity to be heard before this Court in a two-day evidentiary preliminary injunction hearing held May 30-31, 2012 at which six live witnesses testified, and 145 exhibits were offered into evidence.  *See ABC* Dkt. Nos. 98 & 100 (transcript of proceedings); *WNET* Dkt. Nos. 116 & 118 (same).  Following the hearing, each side had ample opportunity to draft Proposed Findings of Fact and Conclusions of Law, which were submitted to this Court on June 11, 2012.  *See ABC* Dkt. Nos. 102 & 104 (Findings of Fact and Conclusions of Law); *WNET* Dkt. Nos. 114 & 115 (same).  Plaintiffs submitted well over two hundred pages of proposed findings and rulings, the subject matter of which covered their view, in detail, of

---

[4] While Plaintiffs have essentially completed relevant discovery, Aereo has taken no discovery regarding, among other things, Plaintiffs' copyrighted works, ownership, and damages.  Aereo's discovery was focused on the alleged urgent and irreparable harm and the expert positions taken by Plaintiffs.

how Aereo's technology functioned.  *See id.*; *ABC* Dkt. Nos. 106 & 107 (Response to Findings of Fact and Conclusions of Law); *WNET* Dkt. Nos. 123 & 129 (same).

After this extensive discovery and briefing, Plaintiffs made clear to the Court that "the underlying facts are largely undisputed" and none of the disputes affect the outcome.  *See ABC* Dkt. No. 100 (5/31/2012 Hearing Transcript) at 416:12-22 (Keller Summation).  Given that the vast majority of the primary factual issues have been litigated and are not in dispute, this case should be stayed to wait for key pending legal issues to be decided by the Second Circuit.

**D.    Conclusion**

For the foregoing reasons, this case should be stayed pending the Second Circuit's decision on this Court's Order denying a preliminary injunction.

Dated: September 14, 2012                    Respectfully submitted,

                                             AEREO, INC.

                                             By its attorneys,

                                             /s/ R. David Hosp
                                             R. David Hosp  (RH 3344)
                                             John C. Englander (admitted *pro hac vice*)
                                             Mark S. Puzella (admitted *pro hac vice*)
                                             Yvonne W. Chan (admitted *pro hac vice*)
                                             GOODWIN PROCTER LLP
                                             Exchange Place
                                             Boston, MA 02109
                                             617.570.1000 (tel.)
                                             617.523.1231 (fax)
                                             jenglander@goodwinprocter.com
                                             rhosp@goodwinprocter.com
                                             mpuzella@goodwinprocter.com
                                             ychan@goodwinprocter.com

                                             Michael S. Elkin
                                             Thomas Patrick Lane
                                             WINSTON & STRAWN LLP
                                             200 Park Avenue
                                             New York, New York 10166

212.294.6700 (tel)
212.294.4700 (fax)
melkin@winston.com
tlane@winston.com

Jennifer A. Golinveaux (admitted *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
415.591.1000 (tel)
415.591.1400 (fax)
jgolinveaux@winston.com

Seth Greenstein (admitted *pro hac vice*)
CONSTANTINE | CANNON, LLP
One Franklin Square
1301 K Street, NW, Suite 1050 East
Washington, DC 20005
202.204.3514 (tel.)
202.204.3500 (fax.)
sgreenstein@constantinecannon.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 14, 2012.

/s/ R. David Hosp