USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 11 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN BROADCASTING COMPANIES, INC. ET AL,
          Plaintiffs,

    -v-

AEREO, INC.,
          Defendant,
------------------------------------------------------------X
WNET ET AL,
          Plaintiffs,

    -v-

AEREO, INC.,
          Defendant,
------------------------------------------------------------X

12 Civ. 1540 (AJN)

<u>OPINION AND ORDER</u>

12 Civ. 1543

ALISON J. NATHAN, District Judge:

    The Court has received the attached letters regarding a dispute related to the Court's December 20, 2012 Order requiring the production of privilege logs, including information regarding documents held in the files of outside counsel. Plaintiffs request that the Court limit the scope of the privilege logs as they pertain to the files of outside counsel; Aereo contends that Plaintiffs should log all documents held by any outside counsel that relate to the harm caused by Aereo or similar technologies.

    Federal Rule of Civil Procedure 26(b)(5) requires a party asserting a claim of privilege to make this claim in writing. *See also GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*, 2011 U.S. Dist. LEXIS 133724, at *33-34 (S.D.N.Y. Nov. 10, 2011). However, a party may move for

1

a protective order, and the court may grant such an order for "good cause," to protect a party from "undue burden or expense." *Johnson v. Nextel Communs., Inc.*, 2012 U.S. Dist. LEXIS 121660, at *14 (S.D.N.Y. Aug. 24, 2012) (finding a privilege log inadequate); *see also Crandall v. Am. Family Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 162222, at *3 (D. Utah Nov. 13, 2012) ("To the extent American Family asserts the privilege log causes it an undue burden, it should file for a protective order explaining the situation and requesting relief from the requirement."); *Bethea v. Merchs. Commer. Bank*, 2012 U.S. Dist. LEXIS 155958, at *3-5 (D.V.I. Oct. 31, 2012) (noting that the advisory committee notes discuss the possibility that a privilege log may be unduly burdensome). Federal Rule of Civil Procedure 26(b)(2)(C) also provides that a court must limit the extent of discovery if the burden of discovery outweighs its likely benefit.

Although not the focus of Plaintiffs arguments, Plaintiffs suggest in passing that "an adversary does not have a right to internal law firm documents," citing *Lippe v. Bairnco Corp.*, 1998 U.S. Dist. LEXIS 20589, at *3-5 (S.D.N.Y. Dec. 24, 1998), in which then-District Judge Chin, citing a New York Court of Appeals case, held that certain internal law office documents need not be produced. *Lippe,* however is inapposite to the present dispute for several reasons. First, counsel in that case had prepared a privilege log of the documents at issue and the issue before the court in *Lippe* was therefore not the one at issue in the present dispute: the propriety of preparing a privilege log of the relevant documents. *See id.* at *2 ("Debevoise has also prepared a log describing the documents it has withheld."). Second, Judge Chin's conclusion was based on the fact that the particular documents at issue reflected the attorney's "tentative preliminary impressions" to give "internal direction" and reflected a "narrow exception" to the general rule that clients have a right of access to documents held by counsel. *Id.* at *3-5; *see also Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30, 36-37 (1997). Finally, in

2

contrast to Plaintiffs' contention, other courts in this district have held that documents held by outside counsel are in the possession, custody, and control of their clients. *See, e.g., In re Bank of Cyprus Pub. Co. Ltd.*, 2011 U.S. Dist. LEXIS 6082, at *8-9 n.1 (S.D.N.Y. Jan. 21, 2011) ("This stipulation is also consistent with the law's general recognition that documents in the possession of a party's attorney are deemed to be within the party's possession, custody, or control because the party has the legal right to obtain the documents on demand."); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 U.S. Dist. LEXIS 87096, at *13-16 (S.D.N.Y. Nov. 29, 2006).

Nevertheless, the Court agrees with the main thrust of Plaintiffs' argument, namely that Aereo's request for privilege logs of all documents held by all outside counsel regarding the analyses of the harm caused to Plaintiffs by Aereo and similar technologies is unduly burdensome. Specifically, requiring Plaintiffs or their outside counsel to review every document held by outside counsel regarding the harms caused by all technologies similar to Aereo's technology[1] would be immensely burdensome, as it would likely require review of substantial portions of the litigation files and internal law firm e-mails of numerous cases. Particularly in light of the strong likelihood that such documents are, in fact, subject to legitimate claims of privilege, requiring Plaintiffs to undertake such an endeavor without further limitations is unduly burdensome.

Thus, while the Court did not intend that its previous order be limited to outside counsel retained for purposes of the present litigation and does not so limit it now, the Court will require Aereo to further limit its request to mitigate the substantial and undue burden the request

---

[1] The Court has not been presented with a clear definition of what constitutes "similar technology" to Aereo's technology, but notes that Plaintiffs' submission suggests that the definition is broad, encompassing at least "TiVo, DVRs, and RS-DVRs, etc."

3

presently imposes. To facilitate cooperative resolution of this issue between the parties, the Court notes that they are presented with a number of options that—separately or in combination—could mitigate the burden of this request, including at least the following: (1) the submission of "categorical" privilege logs pursuant to Local Rule 26.2, *see, e.g.*, *GenOn Mid-Atlantic*, 2011 U.S. Dist. LEXIS 133724, at *33-35 (S.D.N.Y. Nov. 10, 2011), possibly to be followed by more particular itemization of documents in a subset of those categories; (2) exclusion from the privilege logs of documents created after the commencement of litigation relating to the technology at issue, *see, e.g.*, *United States v. Bouchard Transp.*, 2010 U.S. Dist. LEXIS 37438, at *4 (E.D.N.Y. Apr. 14, 2010); *Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, 2009 U.S. Dist. LEXIS 118337, at *9 (N.D. Cal. Dec. 18, 2009); (3) excluding from the privilege log purely internal communications among counsel and their agents; and (4) limiting the request to a subset of specific and identified technologies established through a meet-and-confer process. The parties are directed to meet-and-confer on this issue and attempt to reach a resolution no later than January 18, 2013. The Court firmly believes that, with the above guidance, the parties should be able to reach a reasonable resolution of this issue and parties are therefore <u>strongly encouraged</u> to attempt to find a suitable compromise on this point, but if no resolution has been reached by January 18, 2013, may write to the Court requesting further assistance in resolving this dispute.

    SO ORDERED:

Dated: January \_\_, 2013
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

4