January 16, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

**VIA EMAIL
(NathanNYSDChambers@nysd.uscourts.gov)**

The Honorable Alison J. Nathan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

    *Re:    WNET, et al., v. Aereo, Inc., No. 12-Civ.1540-AJN (S.D.N.Y.)* **(Consolidated)**

Dear Judge Nathan:

    The WNET Plaintiffs write to request an extension of the fact discovery cutoff from February 22, 2013 to May 15, 2013. This request is necessitated by Aereo's untimely production of documents which has made it impossible for the Plaintiffs to complete discovery by February 22 without jeopardizing Plaintiffs' ability to adequately prepare their case. Plaintiffs' counsel has discussed this extension with Aereo's counsel several times in recent weeks. As reflected in the attached email from Aereo's counsel, Aereo acknowledges that a continuance is warranted, but Aereo claims that it cannot determine the precise date to which the cutoff should be extended until Aereo has a better understanding of what documents Plaintiffs will be producing in an attempt to resolve pending disputes over Aereo's 92 document requests and when those documents will be produced. Plaintiffs believe the proposed May 15 date will enable both sides to complete discovery. Further, it is important to have an understanding now of what the new cutoff will be to facilitate scheduling depositions and other case management matters.

    It is already abundantly clear that fact discovery cannot be completed by February 22 despite Plaintiffs' diligent efforts to do so. Plaintiffs will be severely prejudiced if an extension is not granted while Aereo, which is not subject to an injunction and which has recently announced massive expansion plans and $38 million in new financing, cannot claim any prejudice from the brief extension requested.

    As detailed below, additional time is necessary because, among other things:

- Aereo's production of documents, which were due in October, remains incomplete even though there has never been any dispute as to Aereo's obligation to produce key categories of documents.
- Aereo's delays have prevented Plaintiffs from taking substantive depositions.
- The parties are in the midst of resolving disputes as to Aereo's 92 document requests to Plaintiffs which Aereo did not serve until approximately six weeks

after discovery was reopened. Resolution of these disputes will result in
Plaintiffs producing numerous additional documents to Aereo.
- There are other disputes regarding certain requests that Aereo has refused to
respond to even after extensive meet and confer efforts by Plaintiffs. Those
disputes will be presented to this Court in the near future, which will, in all
likelihood, necessitate further discovery.

The reason this request is being filed at this time is because until recently Plaintiffs, based upon Aereo's representations, believed that discovery could be completed by February 22. Specifically, following the Court's September 21 scheduling order, Plaintiffs promptly served their document requests on September 24. Aereo's responses were due October 29. Although Aereo did not produce a single responsive email until December 7, Aereo represented that its production would be substantially complete by December 21. As detailed below, that was not the case. However, because Aereo has been producing some documents on a periodic basis and making such representations, Plaintiffs have refrained from burdening the Court with a motion to compel. Whether deliberately or not, Aereo has staged its production of documents so that the bulk of its production – and some of the more crucial categories of documents – have been delayed until just recently, with some significant categories still outstanding. Specifically, on January 14, 2013, Aereo produced over 27,000 documents totaling over 250,000 pages. This single production almost doubled the number of non-source code documents Aereo has produced since discovery was re-opened. And, its production remains incomplete. Plaintiffs are devoting extensive attorney resources, but the review and analysis of the late-produced documents will require at least two or three more weeks. And, only then can substantive depositions be taken.

***Aereo's Delays In Responding To Undisputed Discovery.*** As noted above, Aereo's responses were due on October 29. Aereo did not produce documents on this date, but did agree to produce documents responsive to a number of Plaintiffs' discovery requests. After being confronted with Aereo's lack of production of any emails and non-source code documents, Aereo committed to Plaintiffs in early December that Aereo would complete its production of emails and attachments by December 21 and voluntarily offered to provide an index of Aereo's other electronic documents housed in Google Docs and Arena. But it was not until January 7, 2013, that Aereo even produced emails sent after August 6, 2012. Aereo's email production remains incomplete.

On January 4, Aereo announced it would not provide the promised index of electronic documents, only the electronic documents themselves. Aereo only commenced its production of those documents on January 14, and its production appears to be incomplete.

With respect to technical documents required for further testing of Aereo's antenna boards and subscriber data related to Plaintiffs' reproduction claims, Aereo initially produced only updated source code, some low level engineering documents, and data (in a non-native and difficult-to-use format). While such documents are important, Aereo resisted producing any meaningful higher level engineering documents, forcing Plaintiffs to conduct an ESI deposition of Aereo's head of technology just to confirm the existence and location of such higher level documents. Since the ESI deposition, Aereo has provided additional critical documentation. However, Aereo is only now completing the production of these documents.

Indeed, Aereo's January 14 production included portions of Aereo's wiki (a document repository used by Aereo's employees). Aereo has conceded that this wiki is a resource used by Aereo and contains critical information about Aereo's development, powering and operation of

the antennas. But, Aereo despite multiple promises regarding its production, did not produce any sections of the wiki until January 14, 2013.

Aereo's failure to complete its production of documents in a timely manner – documents that even Aereo conceded were relevant and responsive – has prevented Plaintiffs from taking depositions and has substantially delayed Plaintiffs' ability to complete fact discovery prior to the February 22 deadline. For example, Plaintiffs had to cancel the deposition of Joseph Lipowski noticed for mid-December because Aereo failed to produce a single responsive email until December 7. And, as Aereo's production has remained largely incomplete as demonstrated by its production of over 27,000 documents on January 14, Plaintiffs have been reluctant to schedule further depositions until Aereo represents that its production is substantially complete.

***Discovery Disputed By Aereo.*** After Plaintiffs' extensive meet and confer efforts to narrow the issues in dispute regarding seven document requests that Aereo either refused to respond to entirely or tried to sidestep with inappropriate limitations, the parties whittled those issues down to four categories. Those issues will shortly be presented to the Court and, in view of the fact that they could lead to additional discovery, are yet another impediment to the parties' ability to complete fact discovery by February 22.[1]

***Plaintiffs' Discovery Responses to Aereo Are Subject to Ongoing Meet and Confer Efforts And Will Result In Additional Documents Being Produced.*** In contrast to the 24 focused document requests served by Plaintiffs in September, Aereo served 92 broad document requests in November. The parties are in the midst of resolving disputes as to Aereo's 92 overbroad document requests to Plaintiffs which will result in Plaintiffs producing some additional documents to Aereo and then Aereo, presumably, will need additional time to review those documents and then take depositions relating to them. Inexplicably, as discussed above, Aereo is using the existence of this dispute as a justification for its refusal to mutually agree upon an extension of the fact discovery cutoff.

For all of these reasons, the February 22, 2013 fact discovery cutoff is no longer feasible. Accordingly, Plaintiffs respectfully request that the Court extend the fact discovery cutoff to May 15, 2013.

Respectfully submitted,

Julie A. Shepard
Partner

cc: All Counsel of Record

Attachment

---

[1] Plaintiffs have also served several third party subpoenas that are in dispute. The subpoenaed documents largely relate to Plaintiffs' reproduction claims and market harm. Plaintiffs would be materially disadvantaged by conducting key depositions of Aereo without these documents.

# Shepard, Julie A.

| | |
|---|---|
| **From:** | David Hosp [Hosp@fr.com] |
| **Sent:** | Tuesday, January 15, 2013 2:28 PM |
| **To:** | Shepard, Julie A.; Spitzer, Seth E.; 'bpkeller@debevoise.com'; 'mpotenza@debevoise.com'; 'jinsleypruitt@debevoise.com'; 'mbharris@debevoise.com'; Klein, Kenneth D.; Fabrizio, Steven B; Stone, Richard L.; Wilkens, Scott B; Friedman, Joshua N.; Glickstein, Ethan A. |
| **Cc:** | Elkin, Michael S.; Golinveaux, Jennifer A.; Lane, Thomas Patrick; Mark Puzella; Salazar Garcia, Jessica C.; Chan, Yvonne W; Michael, Erin M |
| **Subject:** | RE: ABC et al. v. Aereo, Inc., 12-cv-1540-AJN; WNET et al. v. Aereo, Inc., 12-cv-1543-AJN |

Ken:

This email responds to your phone call regarding an extension of the discovery schedule. We agree that an adjustment to the schedule may be appropriate, but, as I have indicated previously, we do not have the ability to determine the appropriate timing until we find out what Plaintiffs will produce in discovery and when. As you are aware, Plaintiffs initially responded to Aereo's discovery requests with numerous blanket objections and refusals to produce documents, and to date have produced virtually nothing of use. As a result, Aereo has already had to put off numerous noticed depositions. Late last night, WNET Plaintiffs backed off several of their unsustainable blanket objections, and agreed to provide additional documents (though there are still broad categories of documents that WNET Plaintiffs are refusing to produce without justification). You have given us no idea when even these limited additional documents will actually be produced. WABC Plaintiffs have not notified us that they will alter their stance from their initial blanket refusals, and we must assume they stand by their original positions.

As we have repeatedly indicated, we need to get the issues regarding the scope of the Plaintiffs' productions before the judge. In the interests of avoiding unnecessary motion practice and attempting to reach a resolution to these matters without Court intervention, we have (at your express demand) delayed bringing the issues to the Court for nearly a month. Your demand for an extension and threat to file a request with the Court in the absence of a near-immediate agreement, notwithstanding a complete lack of understanding on the scope of Plaintiffs' production, seems unnecessary and contrived. We hope that you will reconsider and allow the parties to come to reasonable understanding of an appropriate schedule based on complete information regarding core discovery matters. If not, please include this email along with your submission, and we will respond as appropriate.

Best,

Dave Hosp

********************************************************************************************
***********************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.(FR08-i203d)
********************************************************************************************
***********************