# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

One Marina Park Drive
Boston, Massachusetts
02210-1878

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

VIA E-MAIL

January 18, 2013

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 614
New York, New York 10007

Re: WNET, et al, v. Aereo, Inc., No. 12-Civ. 1540-AJN (S.D.N.Y.) (Consolidated)

Dear Judge Nathan:

This letter responds to ABC Plaintiffs' correspondence dated January 16, 2013, requesting a stay of discovery until May 15, 2013. ABC Plaintiffs' request should be recognized and rejected for the discovery game-playing it is.

This Court considered and rejected the possibility of a stay of discovery at the scheduling conference on September 21, 2012.[1] In the four months since then, Aereo has expended an enormous amount of time, effort, and financial and human resources complying with its discovery obligations and providing extensive and burdensome discovery productions to the Plaintiffs. As a result, Aereo has now nearly completed its document production, including the production of vast quantities of ESI. By contrast, Plaintiffs have refused to engage in any reasonable or good faith document production process, and the only documents produced by the ABC Plaintiffs since the Preliminary Injunction phase are copyright registrations. As a result, the burdens of discovery have fallen almost entirely on Aereo to date.

It not surprising, then, that ABC Plaintiffs would favor a three-month stay of discovery at this point. A stay would give Plaintiffs three months to review and analyze Aereo's extensive document and data production at their leisure, allowing them a full opportunity to plan out their deposition and trial strategy. And because they have refused to produce documents, ABC Plaintiffs could advance their case secure in the knowledge that Aereo would be deprived of the same opportunity. A stay at this point would thus serve no purpose but to reward Plaintiffs' failure to meet their discovery obligations, and give them a significant tactical litigation advantage.



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

---

[1] To be clear, Aereo believed a stay was appropriate in September, before the parties began further fact discovery. Once the Court denied the motion for a stay, Aereo fully complied with its discovery obligations in order to move this case forward expeditiously to resolution. Now, Aereo, unlike plaintiffs, has borne the very substantial expense and burden of nearly completing its document production.

FISH & RICHARDSON P.C.

Hon. Alison J. Nathan
January 18, 2013
Page 2

Moreover, there can be no question that, however the Second Circuit rules on this Court's preliminary injunction decision, this case will proceed. Plaintiffs moved only to enjoin transmissions of over-the-air broadcasts that are not "completely" time-shifted. Assuming the Second Circuit upholds this Court's denial of Plaintiffs' motion, Plaintiffs have already indicated that they will continue with their reproduction claims. If the panel were to inexplicably break from established Second Circuit precedent and overturn this Court's denial of Plaintiffs' preliminary injunction motion, the requested injunction would not impact consumers' ability to use Aereo to record programming and play it back to themselves at a later time. In either event, discovery will continue in this case.

Plaintiffs in these consolidated cases have treated discovery as a game. They have imposed upon Aereo unreasonable discovery demands—demands with which Aereo has substantially complied—while seeking to avoid any discovery on their part. Now that Aereo has nearly completed its productions, ABC Plaintiffs ask the Court to approve these tactics with a stay. Their request should be denied.

Very truly yours,

/s/ R. David Hosp

R. David Hosp
Principal

RDH/dzs

cc: All Counsel of Record

22969656.doc