# FISH & RICHARDSON P.C.

One Marina Park Drive
Boston, Massachusetts
02210-1878

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC

<u>VIA E-MAIL</u>

January 18, 2013

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 614
New York, New York 10007

Re:  WNET, et al, v. Aereo, Inc., No. 12-Civ. 1540-AJN (S.D.N. Y.) (Consolidated)

Dear Judge Nathan:

This letter conveys Aereo's proposal with respect to the production of privilege logs related to documents contained in the files of outside counsel retained by Plaintiffs for purposes other than representation in this litigation ("Non-Litigation Counsel").[1]

The parties have conferred and exchanged proposals both in writing and in discussion, but have been unable to come to a final agreement regarding the best way to implement some of the protective measures identified as potential alternatives by the Court.  As a result, Aereo offers herein what it believes is a reasonable solution that prevents undue burden on the parties, but allows the parties the necessary information to evaluate and test any claims of privilege made.  It incorporates most of the suggestions put forward by the Court in its January 11 Order.

As the Court considers this proposal, it should note that, to date, Plaintiffs have <u>not produced a single analysis</u> of any harm or diminution of value they have or may suffer as a result of the use of Aereo and/or any time or space shifting technology. Plaintiffs have previously suggested that to the extent that any such analyses exist, they would be in the possession of outside attorneys.  Plaintiffs have also failed to produce any documents related to core issues in the case like volition and consumer use of these technologies.  As a result, Aereo must be permitted to evaluate and challenge (as appropriate) any claims of privilege regarding documents on these topics that are being withheld.

---

[1]  The Court's original order dated December 20, 2012 ("December Order") required the parties "to produce complete privilege logs of documents created prior to the commencement of this litigation that have been withheld on privilege or work product grounds, including documents contained in the files of outside counsel."  December Order at 1.  Plaintiffs have not suggested that the December Order requires anything less than a complete log of privileged documents within the possession of litigation counsel in this case, or of Plaintiffs' in-house counsel.

In light of the foregoing, Aereo proposes the following:

(1)  With respect to any and all documents within the possession of Non-Litigation Counsel that were created prior to the filing of this litigation that specifically mention, concern or relate to Aereo—including documents related to Aereo's founder Chet Kanojia, Barry Diller's involvement with the company, or the potential of the filing of this lawsuit—those documents shall be logged individually, as they will be the most relevant to this dispute;

(2) Plaintiffs shall also produce a "categorical" log of documents in the possession of Non-Litigation Counsel that concern work performed within the past ten years with respect to but not limited to (a) legal challenges or potential legal challenges regarding, and/or (b) lobbying or government relations work performed regarding time-shifting technology, space-shifting technology, or antenna technology, including but not limited to TiVo, DVRs, RS-DVRs, Sling-Box, ivi, Aereo-Killer, and Dish Network's Hopper.  To prevent undue burden, these categorical logs shall include the following information:

   a.  The name of each law firm retained;
   b.  The approximate dates of each law firm's retention;
   c.  The approximate dates that such representation or matters concluded;
   d.  A general description of the subject matter of the representation, including but not limited to the technology underlying the representation;
   e.  The identity of any outside consultant retained by each law firm, or with whom each law firm worked; and
   f.  An estimation of the number of documents in each law firm's possession by subject matter.

(3) Aereo shall have the right to request additional detail following the production of the "categorical" log, and the parties shall meet and confer in good faith regarding any such request to limit the request by identified technologies.

Very truly yours,

/s/ R. David Hosp

R. David Hosp
Principal

RDH/dzs

cc:  All Counsel of Record

22969656.doc