JENNER&BLOCK

Jenner & Block LLP        Chicago
633 West 5th St.          Los Angeles
Suite 3600                New York
Los Angeles, CA 90071-2054  Washington, DC
Tel 231 239-5100
www.jenner.com

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

January 21, 2013

**VIA EMAIL**

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

      Re:    *WNET, et al., v. Aereo, Inc., No. 12-Civ.-1540-AJN (S.D.N.Y) (Consolidated)*

Dear Judge Nathan:

      The WNET Plaintiffs submit this letter in response to Aereo's proposal sent to this Court on January 18. The parties did meet and confer pursuant to the Court's January 11, 2013 Order (the "Order") instructing Aereo to narrow its request regarding the logging of documents contained in the files of outside counsel not retained in the Aereo litigation ("non-litigation outside counsel") which pertain to harm from Aereo and similar technologies. Plaintiffs made a proposal set forth below which adopted this Court's ruling that some outside counsel documents have to be logged and struck an appropriate balance between the recognized burden of reviewing and logging such documents and the limited objective to be served by the resulting log. Aereo, on the other hand, did not limit its logging demand to mitigate the substantial burden it imposes as this Court instructed but rather, as explained below, broadened its request with respect to time and scope. Aereo's July 18 proposal is different from (and more overbroad than) what Aereo discussed with Plaintiffs. Below, Plaintiffs explain why the Court should adopt their proposal.

      *Plaintiffs' Proposal:*
      (1) The parties will individually log the pre-litigation documents that refer to Aereo (including documents mentioning Chet Kanojoia, Barry Driller or the potential filing of any action) in files of non-litigation outside counsel, with the search limited to the custodians of the relevant outside firms most likely to have such documents.

      (2) The parties will exchange privilege logs reflecting documents contained in the files of non-litigation outside counsel limited to substantive analyses of the harm caused by technologies with the same characteristics as Aereo: unauthorized services that retransmit Plaintiffs' over-the-air broadcast television programs on the Internet, such as ivi, Filmon and Aereokiller -- a/k/a Barry Driller. Such logs will be "categorical," with each entry describing the total number of documents in each category, their subject matter, authors and recipients, and Plaintiffs' basis for withholding documents in that category. Such logs will exclude any documents created after the commencement of litigation with respect to each technology included in the log, as well as any pre-litigation communications purely among lawyers within an outside law firm or among those lawyers and their

consultants and agents. Finally, the search will be limited to the custodians of the relevant outside firms most likely to have such documents.

Plaintiffs believe that the proposed log will provide Aereo with a sufficient basis to understand Plaintiffs' claims of privilege with respect to documents reflecting the harm caused by Aereo and similar technologies as Aereo previously requested. *See* D. Hosp. 1/7/13 letter, p. 2 (representing to this Court that "to ease any burden on Plaintiffs," it would limit the non-Aereo documents to "harm or commercial impact to the Plaintiffs"); *see, also*, Order at 1 ("Aereo contends that Plaintiffs should log all documents held by any outside counsel that relate to the harm caused by Aereo and similar technologies.") But, Aereo rejected Plaintiffs' proposal.

### *Aereo's New Proposal Is More Unduly Burdensome Than Its January 7 Proposal*

Instead of taking steps to limit its January 7 proposal as instructed by this Court, Aereo expanded its request and compounded the burden by demanding that Plaintiffs respond first to the following broad, intrusive de facto interrogatory on an expedited basis: "disclose the identity of all outside counsel firms that have been retained to evaluate or investigate time-shifting or space-shifting technology and any potential claims or arguments regarding the legality of such technology (including any matters related to fair use), the dates of each retention, a general description of the nature of the representation, and the identity of any litigation that resulted from the representation." Aereo wants this information going back 10 years. Based on Aereo's counsel's definition of time-shifting and space-shifting technology, Aereo's request is so broad as to require the identification of all outside counsel who have ever analyzed any television-related technology for Plaintiffs other than a traditional television.[1] When Plaintiffs' counsel asked Aereo's counsel how a response from Plaintiffs would serve to limit the privilege log that Aereo is demanding, Aereo's counsel could not identify a single way in which it would be used to limit the logging required. Indeed, it became apparent that Aereo was seeking a response to this de facto interrogatory to <u>expand</u> the nature of the logging demanded by Aereo.

Aereo's expansion of its logging demand and related burden appears on the face of its July 18 proposal. Aereo broadened the subject matters to be logged from the market harm analyses Aereo originally requested on January 7 to seeking a log of <u>all actual and potential legal challenges</u> to <u>every</u> television-related device other than a traditional television. Aereo's proposal also injected for the first time a requirement that documents related to Plaintiffs' lobbying and government relations efforts concerning essentially all television-related technology be logged. And, Aereo still requires a response to its de facto interrogatory. *See* Aereo Proposal, 2(a)-(f). Aereo also demands that the logs cover a 10-year period while Aereo's document requests themselves, to which the log is supposed to pertain to (*see* Local Rule 26.2), only requests documents from April 2006 forward.

### *Plaintiffs' Proposal Is Reasonable And Should Be Adopted*

In contrast to Plaintiffs' proposal, the undue burden created by Aereo's expanded proposal greatly overshadows any legitimate purpose it could serve. *First,* logging documents concerning

---

[1] Aereo's counsel gave this definition: "By time-shifting technologies, we refer to technologies that allow consumers to view broadcast programming at a time other than that originally broadcast (for example, TiVo, DVRs, RS-DVRs, etc.). By space-shifting technologies, we refer to technologies that allow consumers to view broadcast programming on media or platforms other than on a traditional television platform (e.g. slingbox, mobile apps, etc.)."

virtually every television-related technology in non-litigation outside counsel's files as Aereo demands serves no purpose. "The purpose of a privilege log is to provide a description of the allegedly privileged materials sufficient to enable the demanding party to challenge the claim of privilege." *E.E.O.C. v. Rekrem, Inc.*, No. 00 CIV. 7239, 2002 WL 27776, at *1 (S.D.N.Y. Jan. 10, 2002); *see also Davis v. City of New York*, No. 10 Civ. 0699, 2011 WL 1742748, at *4 (S.D.N.Y. May 5, 2011) ("the purpose of a privilege log is to enable the opposing party and the Court to test the asserted privilege"). But here, <u>by definition</u>, the type and location of the documents Aereo wants logged (legal analysis of claims in law firm's files) shows that they will be attorney-client privileged communications and/or work produce documents and never have to be produced. *See* Order at 3 (acknowledging the strong likelihood that the documents to be logged will be subject to legitimate claims of privilege).

*Second*, the information reflected on the log itself will provide little, if any, information relevant to this case. Plaintiffs' knowledge about these other technologies or dates of legal analysis of claims about <u>other</u> technologies besides Aereo's reflected on the logs are not at issue. Certainly, they cannot be used to support Aereo's laches, waiver or acquiescence defense. Such defenses are specific to the defendant, *i.e.* Aereo, and consider only the Plaintiffs' reactions as they relate to <u>Aereo's</u> unlawful infringement. Potential infringement by others is not relevant.[2]

*Third*, Aereo cannot use the logs themselves as evidence at trial. Privilege logs are merely "lists of items that have been withheld on the basis of a privilege" and, as such, "[t]hey are not evidence of anything at all." *Calabrese v. CSC Holdings, Inc.*, No. 02–CV–5171, 2009 WL 425879, at *17 (E.D.N.Y. Feb. 19, 2009). Here, the plaintiff sought to introduce its own privilege log in support of its motion for class certification as evidence of the numerous individuals who had allegedly contacted plaintiff's counsel seeking to become parties to the action. *Id.* The court rejected plaintiff's attempt to use the privilege log as substantive evidence, denying plaintiff's motion for class certification based on its failure to show numerosity. *Id.*[3]

---

[2] *See, e.g., Tolliver v. McCants*, 684 F. Supp. 2d 343, 347 (S.D.N.Y. 2010), *aff'd*, 11-2697-CV, 2012 WL 2435575 (2d Cir. June 28, 2012) (an acquiescence defense requires both that "the [plaintiff] had knowledge of defendant's infringing conduct," and that the plaintiff "either intended that his own conduct be relied upon or acted so that the party asserting the estoppel has a right to believe it was so intended"); *Paramount Pictures Corp. v. Carol Publ'g Grp.*, 11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998), *aff'd*, 181 F.3d 83 (2d Cir. 1999) (rejecting estoppel defense based on copyright holder's failure to enforce its rights against other infringers; "extending the doctrine of estoppel so that a defendant may rely on a plaintiff's conduct toward another party is both unsupported by law and pernicious as a matter of policy"); *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1046 (4th Cir.1984) ("[T]hat Sweetheart may have delayed in enjoining other manufacturers from using the dish designs would not amount to an assurance to Detroit that Sweetheart would not assert its trademark rights against Detroit."); 2 Patry on Copyright § 5:155 ("Waiver refers to the copyright owner's decision not to enforce its rights against one party while still maintaining them for possible enforcement against others."), § 5:157 ("Waiver, properly construed, refers only to a decision not to enforce rights against a particular party[.]").

[3] Other courts are in accord. For example, in *Siemens v. Seagate Technology*, No. SACV 06-788-JVS (ANx), ECF No. 349 (slip op.) at 12-13 (C.D. Cal. Sept. 23, 2008), the defendant tried to introduce privilege logs as evidence that IBM was "working toward filing its patent application." The court rejected this attempt, stating: "The Court agrees that the logs themselves are not

*Fourth*, Aereo is wrong as both a legal and factual matter when it suggests that the Court should adopt Aereo's overbroad and ever expanding logging proposal due to alleged deficiencies with Plaintiffs' production. Plaintiffs have produced documents reflecting Aereo's adverse impact on Dyle (a mobile system for delivery of live content by some of the Plaintiffs), and Plaintiffs have recently agreed to produce numerous additional documents, including certain market research reports, ratings documents, and any evidence of damages suffered as a result of Aereo even though Plaintiffs have unequivocally stated that they are not seeking actual damages; Plaintiffs are only seeking statutory damages. *See* J. Shepard 1/18/13 letter. Aereo also ignores that Plaintiffs objected to many of Aereo's 92 overbroad document requests, and Plaintiffs are not required to log on a privilege log (or produce) documents subject to pending objections.[4]

In conclusion, Plaintiffs respectfully request that the Court adopt their proposal. However, if the Court is inclined to grant anything more than what is set forth in Plaintiffs' proposal above, Plaintiffs respectfully request a telephonic conference as these matter raise significant issues of invasion into the attorney-client relationship, relevance and burden. Plaintiffs further request that any order make clear that Aereo is bound by the same logging obligations as Plaintiffs.

Respectfully submitted,

Julie A. Shepard

cc. All Counsel of Record

---

admissible evidence." *Id.* citing *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03 C 5238, 2006 WL 3782994, *12-13. (N.D. Ill. Dec. 21, 2006) (excluding a privilege log as evidence; holding that "the privilege log itself is not evidence; rather, the document named in the privilege log is the evidence").

[4] *See, e.g., United States v. Phillip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2004) ("if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections" (quotation marks omitted)); *Grand River Enters. Six Nations LTD. v. King*, 2009 WL 63461 (S.D.N.Y. Jan. 12 2009) (quoting same); 1993 Amendments to the Fed. R. of Civ. P. 26 Advisory Committee Notes, reprinted in 146 F.R.D. 401, 639-40 (1993) ("The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.' If a broad discovery request is made—for example, for all documents of a particular type during a twenty year period—and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).").