# JENNER&BLOCK

Jenner & Block LLP
633 West 5th St.
Suite 3600
Los Angeles, CA 90071-2054
Tel 231 239-5100
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

January 29, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

**VIA EMAIL**
**(NathanNYSDChambers@nysd.uscourts.gov)**

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

*Re:  WNET, et al., v. Aereo, Inc., No. 12-Civ.-1540-AJN (S.D.N.Y)- Consolidated*

Dear Judge Nathan:

The WNET Plaintiffs respectfully request that this Court compel Aereo to respond to four of Plaintiffs' requests for admission ("RFAs"). Plaintiffs served RFAs to limit the disputed issues at trial relating to Plaintiffs' reproduction claim. Aereo's refusal to adequately respond to Plaintiffs' RFAs in violation of FRCP 36 will prevent the parties from narrowing these issues.

On November 2, 2012, Plaintiffs began the meet and confer process to resolve these issues without imposing upon the Court. On November 27, Plaintiffs requested that Aereo amend its responses to six RFAs. Aereo sent a response letter standing by four of its responses. On January 8, the parties conferred via telephone regarding Aereo's remaining four deficient RFA responses pursuant to this Court's Rules. Aereo, however, has still failed to adequately respond to four of Plaintiffs' RFAs:

**RFA No. 7:**
  Admit that the copies created by the "Watch Now" mode on the Streaming Server hard drive are not buffer copies.
**Response to RFA No. 7:**
  In addition to its General Objections, Aereo objects to Request Number 7 as vague and ambiguous, including without limitation as to the undefined term "buffer copies." Subject to and without waiving its general and specific objections, Aereo responds as follows: Aereo admits that when a member records programming using "Watch," the copy of that programming made by the member is recorded on a hard drive in the Aereo system. Other than as specifically admitted herein, Aereo denies this request.

Rather than unequivocally admitting or denying this RFA, Aereo claims that the term "buffer copies" is undefined. In its December 6 meet and confer letter, Aereo claimed that "[t]he term 'buffer copy' is an oxymoron under copyright law." *See* Letter from D. Hosp to J. Shepard, dated 12/6/2012 (Attachment A). Despite Aereo's claims that "buffer copies" is undefined and an "oxymoron," the term has been used throughout the proceedings:

- Aereo's expert testified as to an understanding of the term "buffer copies" and his testimony shows that it is an industry-accepted term: "Well, buffer, as understood, is a term of art that refers to a piece of memory, physical memory, usually semiconductor memory, that stores temporarily some section of data that's being transferred between two devices or two modules within the device in order to smooth the flow between the two. The buffer tends to be a fixed -- a fixed size." *See* Horowitz Testimony, Hr'g. Tr. at 309:16-310:7.

- In its preliminary injunction Order, the Court used the term buffer copies: "Even the copies created by the "Watch" mode are not "buffer" copies, as they are stored for the duration of the user's viewing experience, and are not purely fleeting repositories of data as it is immediately passed to the user." *See* PI Order at 30.

- Aereo's own appellate brief used the term "buffer copies"[1]: "Unlike buffer copies used for Internet streaming, which are temporary copies that "act purely to pass through data..." *See* Aereo Consolidated Appellate Br., fn 17.

In summary, the term "buffer copies" has been used by Aereo's expert, the Court and by Aereo during the proceedings. If Aereo is seriously going to maintain there is no such thing as a buffer copy then it should unequivocally admit this RFA.

**RFA No. 8:**
Admit that the copies stored on Aereo's hard disk in unique directories in the "Watch Now" mode are not buffer copies.
**Response to RFA No. 8:**
In addition to its General Objections, Aereo objects to Request Number 8 as vague and ambiguous, including without limitation as to the undefined terms "unique directory" and "buffer copies." Subject to and without waiving its general and specific objections, Aereo responds as follows: Aereo admits that when a member records programming using "Watch," the copies made by the member and exclusively associated with that member are recorded on a hard drive in the Aereo system. Other than as specifically admitted herein, Aereo denies this request.

As with RFA No. 7, Aereo again claims that "buffer copies" is undefined. In its December 6 meet and confer letter, Aereo again called the term "an oxymoron." Further, it was Aereo who designed a system with what it referred to as unique directories. For the reasons discussed above, Aereo's Response is improper and frankly, puzzling.

**RFA No. 15:**
Admit that Fox Broadcast programs could be retransmitted by Aereo over the Internet directly through a RAM memory buffer without intermediate copies being made.
**Response to RFA No. 15:**
In addition to its General Objections, Aereo objects to Request Number 15 as vague and ambiguous, including without limitation as to the undefined term "Fox Broadcast programs." Aereo further objects that this request seeks information that is not relevant to the claims

---

[1] Aereo now claims that that the term was used "inadvertently." *See* 12/6/12 Letter (Attachment A).

defenses of any party to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Aereo responds as follows: Aereo denies that members can transmit Fox Broadcast programs over the Internet to themselves using the Aereo system without making fixed copies of those programs. Except as specifically admitted herein, Aereo denies this request.

Aereo's Response to RFA No. 15 also fails to meet FRCP 36's standard. Plaintiffs' RFA uses the word "could" deliberately. In its Response, Aereo changes the wording and uses "can" rather than "could." This distinction is material, and Aereo's changing of Plaintiffs' wording is an attempt to avoid responding to the very issue this RFA goes to: whether Aereo needs to make a copy of Plaintiffs' programming to transmit it over the internet and whether it consciously chooses to make such copies.

**RFA No. 20:**
Admit that Aereo has no express authorization from Fox to make any copies of its broadcast programs.

**Response to RFA No. 20:**
In addition to its General Objections, Aereo objects to the phrase "express authorization" and term "Fox" as vague and ambiguous. Aereo further objects that Request Number 20 calls for a legal conclusion. Subject to and without waiving its general and specific objections, Aereo responds as follows: Aereo does not make any copies of Fox's broadcast programs; Aereo's members make copies of programming broadcast by Fox. Aereo further states that by broadcasting its programming over the public airwaves pursuant to a license from the FCC, Fox expressly authorizes the public, including Aereo members, to access those over-the-air broadcasts and make copies for their individual use. As such, Aereo denies Request Number 20.

Aereo's Response to RFA No. 20 is deficient. The RFA plainly asks whether Aereo has "express authorization from Fox to make any copies." Aereo instead evades the topic and argues that it does not need express authorization from Fox to make copies. A direct response that Aereo does not have express authorization from Fox to make copies would narrow the issues in dispute because the parties could then debate whether express authorization is required. But by refusing to directly respond to this RFA, Aereo refuses to limit the reproduction claim issues before the Court.

In sum, Plaintiffs have attempted in good faith to work with Aereo to obtain sufficient responses to Plaintiffs' RFAs pursuant to Aereo's responsibilities under FRCP 36. Yet, Aereo continues to refuse to respond directly to RFAs 7, 8, 15, and 20 and, in doing so, prevents the parties from limiting the reproduction claim issues before the Court. Plaintiffs respectfully request that this Court issue an order compelling Aereo to respond unconditionally to RFAs 7, 8, 15, and 20.

Respectfully submitted,

Julie A. Shepard

cc: All Counsel of Record

**Exhibit A**

GOODWIN | PROCTER

R. David Hosp
617.570.1089
dhosp@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 6, 2012

**VIA E-MAIL**

Julie A. Shepard
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054

Re:   **Aereo's RFA Responses**

Dear Julie:

I am responding to your November 27, 2012 letter regarding Aereo's Request for Admission ("RFA") responses. I will address each RFA you list below.

>   **RFA No. 3**: Aereo stands by its response to RFA No. 3.
>
>   **RFA No. 7**: The term "buffer copy" is an oxymoron under copyright law. Under the Second Circuit's decision in *Cablevision*, a buffer is not a copy since it is not fixed for a period of more than transitory duration.[1] *See Cartoon Network LP v. CSC Holdings, Inc.* 536 F.3d 121, 130 (2d Cir. 2008). Despite this undefined term, Aereo has fully answered this RFA.
>
>   **RFA No. 8**: Again, "buffer copy" is an oxymoron. Judge Nathan uses the term "unique directory" but does not define it in her opinion. Despite this undefined term, Aereo has fully answered this RFA.
>
>   **RFA No. 15**: Aereo stands by its response to RFA No. 15.
>
>   **RFA No. 17**: Aereo has already done precisely what you request—it cannot admit the request as written so it has provided which parts it admits and denies anything not expressly admitted.

---

[1] The term "buffer copy" in footnote 17 of Aereo's Consolidated Brief was used inadvertently.

**RFA No. 20**: Aereo stands by its denial of RFA No. 20. To the extent consistent with the Supreme Court's decision in *Sony*, and under other principles of fair use, Aereo has the right to make copies of broadcasting that Fox makes available for free over the public airwaves pursuant to a license from the FCC.

Very truly yours,

R. David Hosp

RDH

cc by email:  John C. Englander
Mark S. Puzella
Yvonne W. Chan
Erin M. Michael
Michael S. Elkin
Steven B. Fabrizio
Bruce P. Keller