# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

January 31, 2013

VIA EMAIL

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 615
New York, New York 10007

**American Broadcasting Companies, Inc. et al. v. Aereo, Inc.,
12 CV 1540 (S.D.N.Y.) (AJN)**

Dear Judge Nathan:

This responds to Aereo's January 28, 2013 letter ("1/28/13 Letter"), requesting that the Court set a briefing schedule on a proposed motion to compel.

The unreasonableness of Aereo's positions on discovery cannot be overstated. Aereo continues to demand overbroad discovery, unrelated to the Aereo service, and seeks to impose obligations on the ABC Plaintiffs that go far beyond those required by the Federal Rules or supported by the decision of any court. This letter identifies a few of the more extreme positions Aereo is taking and inaccuracies in the 1/28/13 Letter.

As an initial matter, since receipt of Aereo's document requests on November 6, 2012, the ABC Plaintiffs have been attempting to work with Aereo to narrow the scope of the requests. At the same time, the ABC Plaintiffs have been collecting and producing documents. These include additional retransmission consent agreements, online and mobile license agreements, Nielsen and comScore ratings data, and market research reports. The notion that the ABC Plaintiffs have failed to provide, or to agree to provide, substantial discovery is simply wrong. Aereo's assertions also ignore that the ABC Plaintiffs produced thousands of pages of documents during the expedited discovery phase.

Aereo also continues to exaggerate the relevance and significance of many of the documents it seeks. Last spring, Aereo compelled the production of Plaintiffs' retransmission agreements based on the argument that the details of those agreements were crucial to its defense. In fact, they were so unimportant to its case that Aereo did

not even attempt to admit a single one into evidence at the preliminary injunction hearing. Most of what Aereo now argues about is even more tangential and irrelevant than those agreements.

Three additional examples illustrate how Aereo's requests are so overbroad and burdensome that they border on the abusive.

*First*, as to document repositories, Aereo insists that the ABC Plaintiffs search all of their respective repositories in response to each of its broad requests. For those categories of documents for which the ABC Plaintiffs have agreed to produce documents, they agreed to employ the well-accepted method of conducting a targeted search of the files of a reasonable number of those custodians they believe are most likely to have relevant and responsive information. The ABC Plaintiffs each have tens of thousands of employees and multiple repositories of documents, including thousands of servers, individual desktop and laptop computers and hard copy files. Searching the files of data custodians can only be done on a custodian-by-custodian, not a company-wide, basis. Even were it possible to conduct the type of search Aereo is seeking, the amount of data collected could yield many terabytes (if not petabytes) of data for review. The amount of time required to do so would be measured in months. It is for these reasons that the ABC Plaintiffs proposed targeted searches of the most relevant custodians. There is absolutely nothing unusual or unreasonable about this approach; the ABC Plaintiffs are not aware of a single court ever having ordered them to conduct a company-wide search for certain terms – and they cannot recall any other litigant making such a demand.

*Second*, Aereo continues to demand production of all sorts of documents relating to what it labels "Similar Technologies," including "home antennas," "DVRs" and "media or place-shifting technologies." The Court already has recognized that such an overbroad concept is "immensely burdensome." Order at 3, *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 12 CV 1540 (AJN) (S.D.N.Y. Jan. 11, 2013), ECF No. 128. Aereo has not offered any coherent explanation as to how searches for such documents, in files located throughout each of the ABC Plaintiffs' businesses, will produce relevant information about the actual harm Aereo itself causes. To take but one example, Aereo insists that the ABC Plaintiffs produce documents relating to ad-skipping technologies. Ad-skipping is not even an issue in this case. The ABC Plaintiffs do not claim Aereo harms them because it allows its users to skip advertisements. Rather, as they have asserted, and the Court already has found, "Aereo will damage Plaintiffs' ability to negotiate with advertisers by siphoning viewers from traditional distribution channels, in which viewership is measured by Nielsen ratings, into Aereo's service which is not measured by Nielsen, artificially lowering these ratings." *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 874 F. Supp. 2d 373, 397-98 (S.D.N.Y. 2012).

*Third*, Aereo demands that the ABC Plaintiffs conduct a search for all non-privileged documents concerning the ABC Plaintiffs' beliefs about the *Cablevision* decision. What *Cablevision* might permit, in the context of this case, remains a matter for

the courts to decide. Moreover, the search of the files of each of the ABC Plaintiffs for references to Cablevision – a major cable operator and licensee of the ABC Plaintiffs whose name comes up in all sorts of contexts – is another example of a search guaranteed to produce an enormous number of wholly irrelevant documents. Aereo also seeks, without limitation, all documents concerning the ABC Plaintiffs' lobbying or other communications with the government relating to their broadcasts of copyrighted works, including their FCC licenses, compliance with must-carry provisions and other matters that have nothing to do with this case. It claims these documents are directly relevant to Aereo's potential liability and fair use defense. Nothing in law or logic supports that argument. Whatever might have been communicated to government officials by the ABC Plaintiffs cannot be probative of whether Aereo actually is or is not infringing. The task before the Court is to interpret and apply the law in effect today, not how it might be amended or applied by any other government entity.

There are many other examples of Aereo's counterproductive insistence on unreasonable discovery positions. They will be detailed for the Court under the process it now has established. Suffice it to say the above examples illustrate that Aereo's statements about the reasons an impasse exists on certain discovery categories are simply incorrect.

Due to the importance of the issues raised and the extraordinary burden and intrusiveness into irrelevant matters that could result, the ABC Plaintiffs have no objection to Aereo's request for fuller briefing, but if it ultimately is required, the ABC Plaintiffs object to Aereo's suggestion that the ABC Plaintiffs and WNET Plaintiffs be required to file a joint brief. The ABC Plaintiffs will work with the WNET Plaintiffs to eliminate any duplication, but the two sets of Plaintiffs have different discovery positions. They need to be addressed independently and a joint filing would prejudice the ability of the ABC Plaintiffs to address the open discovery issues from their perspective.

                                                       Respectfully submitted,

                                                       Bruce P. Keller

cc:     All Counsel of Record