JENNER&BLOCK

Jenner & Block LLP   Chicago
633 West 5th St.   Los Angeles
Suite 3600   New York
Los Angeles, CA 90071-2054   Washington, DC
Tel 231 239-5100
www.jenner.com

January 31, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

VIA EMAIL

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

    Re:    WNET, et al., v. Aereo, Inc., No. 12-Civ.-1540-AJN (S.D.N.Y) - Consolidated

Dear Judge Nathan:

    The WNET Plaintiffs respond to Aereo's letter to this Court dated January 28, 2013 requesting leave to file a 15-page brief and asking the Court to set a briefing schedule ("Briefing Request"). While in the abstract they do not object to Aereo's request to file a 15-page brief should it becomes necessary to brief the parties' disputes at all, the WNET Plaintiffs do object to Aereo's request for a briefing schedule because it is premature and based on numerous misstatements.

    Aereo's request is premature as the meet and confer process is ongoing. In fact, Aereo's Briefing Request was sent less than 15 minutes after Aereo sent a 17-page letter to the WNET Plaintiffs setting forth various counter-proposals to the WNET Plaintiffs' meet and confer letter of January 14. In the 14 days that passed between when the WNET Plaintiffs sent their January 14 letter and when Aereo served the WNET Plaintiffs with both its Briefing Request and counter-proposals, Aereo did not meet and confer at all regarding the disputed discovery. Instead, Aereo sent its counter-proposals to the Plaintiffs simultaneously with raising the parties' disputes with this Court. That is improper.

    Aereo's rush to brief this matter is driven by the fact that Aereo delayed six weeks in serving its discovery requests and, thus, Aereo is a month and a half behind the WNET Plaintiffs in the discovery process both in terms of receiving documents and resolving disputes.[1] That delay rests with Aereo, not the WNET Plaintiffs. And, Aereo's delay does not justify prematurely raising discovery disputes with this Court.

    Aereo's companion purpose appears to be to poison the Court with inflammatory, inaccurate

---

[1] The WNET Plaintiffs served discovery promptly. Approximately six weeks ago, they were in the midst of discovery disputes with Aereo over Aereo's production as Aereo had not produced a single email. But, instead of running into court seeking a briefing schedule, the WNET Plaintiffs worked through the custodian and production issues resulting in Aereo producing the bulk of its emails and documents this month.

2172900.2

statements about the WNET Plaintiffs' conduct in discovery. The WNET Plaintiffs will not address each misstatement by Aereo. But, by way of example, Aereo claims that the Plaintiffs are trying to "conceal any deficiencies in their search methods" and have not "even specified where they have searched for responsive documents." This is not true. The WNET Plaintiffs' searches are not deficient and, far from concealing anything, they have disclosed to Aereo the custodians whose files were searched and each custodian's repositories that were searched for responsive documents. *See* Interrogatory Responses by the WNET Plaintiffs dated January 7, 2013. They have also identified relevant company repositories (e.g., repository for copyright registrations and agreements). Further, the WNET Plaintiffs offered to supplement, and will be supplementing, their interrogatory responses disclosing custodians and repositories searched for each custodian in connection with their agreement to supplement their production. *See* J. Shepard 1/14/13 letter to D. Hosp, p. 2.

In a further attempt to taint the record, Aereo claims that the WNET Plaintiffs are refusing to produce relevant documents that discuss Aereo, Bamboom and Aereo's CEO. Not so. The WNET Plaintiffs have identified the custodians that they reasonably believe may possess responsive documents, told Aereo who those people are, searched their files, and are producing the responsive, non-privileged documents from those files. That is all that is required.[2] Tellingly, Aereo itself performed such a custodian-based search for responsive documents, not searches across all Aereo employees' repositories.[3] Aereo cannot in good faith now claim that a custodian-based search (as opposed to an across-all-repositories search) is improper.

But, that is exactly what Aereo is doing. In its January 28 letter, Aereo *for the first time* demanded that the WNET Plaintiffs search across *all* repositories in their companies for any mention of Aereo, Bamboom or its CEO. *See* M. Elkins 12/18/12 initial meet and confer letter (no request for a search using these terms against all Plaintiffs' repositories). Aereo is now telling this Court that Plaintiffs have refused to agree to a demand that Aereo just made for the first time. Such tactics waste everyone's time.

Moreover, if Aereo had raised this demand to the WNET Plaintiffs before taking it to this Court, then counsel for the WNET Plaintiffs could have pointed out that an "all repository search" as Aereo now demands is not reasonable or required. Specifically, they would have explained that they do not have the ability to run a search against all repositories.[4] In any event, Aereo, if it acted

---

[2] A party need not "examine every scrap of paper . . . in order to comply with its discovery obligations." *See, e.g., Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006). "Rather, it must conduct a diligent search, which involves developing a reasonably comprehensive search strategy. Such a strategy might, for example, include identifying key employees and reviewing any of their files that are likely to be relevant to the claims in the litigation." *Id.*

[3] *See* D. Hosp 11/29/12 letter (noting Aereo would review emails only from 13 employees.) Eventually, Aereo agreed to add one additional custodian and to search specific files of one other custodian, all along maintaining the propriety of Aereo's custodian-based search. *See* D. Hosp 12/14/12 letter; M. Puzella 1/4/13 letter (referring to Aereo's custodian-based search).

[4] For example, Fox (not including the local stations) hosts at least 19,000 separate email accounts (over 9.2 terabytes), over 2,000 Sharepoint sites (over 5.2 petabytes), and over 16,000 desktops/laptops. There is no existing system in place to conduct a centralized search of all of these repositories. Thus, the ESI is inaccessible. *See Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51, 53-54 (S.D.N.Y. 2009) (finding ESI inaccessible and ordering a custodian-based search; "the EMI Labels, which employ

responsibly, would not have wasted this Court's time with this issue as it is clear the WNET Plaintiffs' custodian-based searches are proper.

Aereo also claims the WNET Plaintiffs are not producing documents regarding relevant technologies besides Aereo's. Not so. The WNET Plaintiffs have agreed to produce any negotiation documents for retransmission agreements and online mobile agreements that mention Aereo, FilmOn, ivi and Aereokiller. Given that the cornerstone of Aereo's service is delivery of live broadcast television over the Internet, these services, which offered the same broadcast programming over the Internet are the relevant "similar" technologies.

In response, Aereo first tried to claim antenna and DVR documents were relevant to their acquiescence, waiver and laches defenses. But, case law does not support Aereo as the WNET Plaintiffs have already pointed out to Aereo and the Court. The Plaintiffs' action (or inaction) with respect to other technologies is irrelevant; only Plaintiffs' conduct with respect to Aereo matters. *See* J. Shepard 1/21/13 letter to Judge Nathan, p. 3.

Now, as a fall back, Aereo asserts that antenna and DVR documents are relevant to consumer volition. But again, Aereo is incorrect. To the extent volition is relevant, the question of volition focuses on the technology at issue (i.e., Aereo's system), not any other technology: "*Netcom* and its progeny direct our attention to the volitional conduct that causes the copy to be made. There are only two instances of volitional conduct in this case: Cablevision's conduct in designing, housing, and maintaining a system that exists only to produce a copy, and a consumer's conduct in ordering that system to produce a copy of a specific program." *Cartoon Network, LP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) (emphasis added). Hence, volition does not serve as a basis for Aereo to obtain six year's worth of documents mentioning antennas or DVRs.[5]

In sum, Aereo's request for a briefing schedule is premature and should be denied. To the extent it ever becomes necessary to brief the parties' disputes, the WNET Plaintiffs do not oppose Aereo's request to file a brief of 15 pages provided that the WNET Plaintiffs are afforded a brief of equal length that is separate from the ABC Plaintiffs' whose positions have differed from those of the WNET Plaintiffs in some instances.

Respectfully submitted,

Julie A. Shepard

cc: All Counsel of Record

---

approximately 120 people in the global infrastructure services field and 'probably have two terabytes' of data on their servers, host no ediscovery software on their servers and apparently are unable to conduct centralized email searches of groups of users without downloading them to a separate file and relying on the services of an outside vendor"); *W.E. Aubuchon Co., Inc. v. BeneFirst, LLC*, 245 F.R.D. 38, 43 (D. Mass. 2007) (holding that records stored on the defendant's server were inaccessible because the "method of storage and lack of an indexing system" would make searching the records "extremely costly"); *see also*, Fed. R. Civ. Proc. 26(b)(2)(B).

[5] If Aereo wants to analogize its technology to another technology like a DVR as the defendant did in *Cablevision*, Aereo is free to do so. With easy access to DVRs, Aereo can readily ascertain how a consumer orders a DVR to produce a copy. Plaintiffs' documents are not necessary or relevant for that exercise.

2172900.2