UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

AMERICAN BROADCASTING COMPANIES,
INC., et al.

                Plaintiffs,

  -against-                    12 Civ. 1540 (AJN)(HBP)

AEREO INC.,                    ORDER

                Defendant.

---------------------------------X

WNET, et al.

                Plaintiffs,

  -against-                    12 Civ. 1543 (AJN)(HBP)

AEREO INC.,                    ORDER

                Defendant.

---------------------------------X

        PITMAN, United States Magistrate Judge:

        A conference having been held on March 21, 2013, during which various discovery disputes were discussed, for the reasons stated on the record in open court, it is hereby ORDERED that:

        1.  To the extent not previously produced, plaintiffs are to produce all documents concerning the renegotiations of retransmission licenses that occurred after May 2011.

2. Defendant's application to compel the production of documents concerning plaintiffs' total revenue, sources of revenue, expenses and profit and loss on a program-by-program basis is denied.

3. Defendant's application to compel the production of documents concerning (a) damages caused by and the commercial impact of Aereo's technology in comparison to similar or related technologies, (b) technology similar to Aereo including place-shifting and media-shifting devices and (c) consumer and other research on alternative platforms is denied in part and granted in part. The application to compel is granted to the extent that the requests seek documents regarding damages caused by or consumer research on (a) in-home DVRs, (b) unlicensed remote DVRs, and (c) unlicensed technologies that provide for the transmission of plaintiffs' copyrighted works over the Internet from January 2010 to present.

4. Defendant's application to compel further production of documents related to plaintiffs' aggregate revenue and financial data is denied.

5. Defendant's application to compel further production of documents concerning plaintiffs' advertising revenue is denied without prejudice.

6. Defendant's application to compel the production of documents regarding ad-skipping is granted in part and denied in part. To the extent not previously produced, plaintiffs are directed to produce documents related to the analysis of ad-skipping or fast-forwarding by in-home DVRs from January 2010 to present.

7. Defendant's application to compel the production of documents concerning consumer use of antennas is denied.

8. With respect to the application of non-parties Netflix, Inc., Hulu, LLC and Amazon Inc. (collectively, the "Non-Parties") to prohibit the production of certain licensing agreements between the Non-Parties and certain of plaintiffs (the "Agreements"), the following procedures shall apply:

> a. No later than April 3, 2013, the Non-Parties shall identify by Bates number the specific pages of the Agreements that they believe

are so sensitive that even outside counsel should be denied access (the "Highly Sensitive Pages").

   b.  No later than April 10, 2013, defendant shall return the Highly Sensitive Pages and all copies thereof to counsel for the Non-Parties, Bobbie Wilson, Esq. of Perkins Coie LLP.

   c.  No later than April 19, 2013, the Non-Parties shall provide the parties with redacted versions of the Highly Sensitive Pages accompanied with a log sufficient to identify the nature and subject-matter of the redacted material.

   d.  To the extent that the parties object to the redactions, counsel for the parties and the Non-Parties are directed to meet and confer to reach a reasonable compromise.  In the event that the parties and the Non-Parties cannot reach an

agreement, they may write to the Court to seek resolution.

Dated: New York, New York
March 29, 2013

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

5