UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
        :

AMERICAN BROADCASTING COMPANIES,
INC., DISNEY ENTERPRISES, INC., CBS
BROADCASTING INC., CBS STUDIOS INC.,    :
NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS,
LLC, UNIVERSAL NETWORK TELEVISION, LLC,   :
TELEMUNDO NETWORK GROUP LLC, and
WNJU-TV BROADCASTING LLC,               Civil Action No. 12-CV-1540 (AJN)

        :

       Plaintiffs/Counterclaim Defendants,

        :

v.

        :

AEREO, INC.

        :

       Defendant/Counterclaim Plaintiff.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
        :

WNET, THIRTEEN, FOX TELEVISION
STATIONS, INC., TWENTIETH CENTURY
FOX FILM CORPORATION, WPIX, INC.,    :
UNIVISION TELEVISION GROUP, INC., THE    :   Civil Action No. 12-CV-1543 (AJN)
UNIVISION NETWORK LIMITED
PARTNERSHIP, and PUBLIC BROADCASTING    :
SERVICE,

        :

       Plaintiffs/Counterclaim Defendants,

        :

v.

        :

AEREO, INC.

        :

       Defendant/Counterclaim Plaintiff.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AEREO'S MEMORANDUM OF LAW IN OPPOSITION TO ABC PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................................1

Background ...............................................................................................................................2

Argument ..................................................................................................................................5

      I.      Leave to Amend Should be Denied Because an Amendment Only Weeks Before the Close of Discovery Would Cause Prejudice to Aereo ...................................... 5

      II.     Leave to Amend Should Be Denied Because Amendment Would Be Futile......... 7

Conclusion ................................................................................................................................8

Defendant Aereo, Inc. ("Aereo") submits the following memorandum of law opposing the Motion to Amend the Complaint, dated April 30, 2013, of American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting, Inc., CBS Studios, Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC and WNJU-TV Broadcasting, LLC (collectively the "ABC Plaintiffs") (the "Motion").

## PRELIMINARY STATEMENT

ABC Plaintiffs took the position, in March 2012, that "no indirect infringement claim has been asserted in 12 Civ. 1540."[1] Now, fourteen months later, and after repeated references by Aereo[2] consistent with ABC Plaintiffs' prior representations that there is no such claim in the ABC Plaintiffs' Complaint, ABC Plaintiffs seek to add this new claim right before the close of discovery. Such late amendment would prejudice Aereo because Aereo has not had the opportunity to assess the impact of this claim in this suit to the same extent as those actually plead, and Aereo's strategy, its evaluation of risks and focus on discovery, have been impacted as a result.

ABC Plaintiffs assert that they are looking to "avoid unnecessary distraction and remove any doubt that they are asserting secondary liability claims" by amending a Complaint that they now say already alleges secondary copyright liability. Motion at 2, 3. ABC Plaintiffs are attempting to, again, manipulate the system to accord themselves maximum flexibility to Aereo's

---

[1] Letter from Bruce P. Keller to John C. Englander, dated March 23, 2012, attached as Exhibit A to the May 17, 2013 Declaration of Michael S. Elkin ("Elkin Decl.").

[2] Since September 2012 when the ABC Plaintiffs began asserting to Aereo that the claim was plead (after confirming it was not), Aereo has repeatedly stated in pleadings and otherwise, including in proceedings before Magistrate Pitman, that no such claim is in the case. Yet, ABC Plaintiffs waited until now, almost a year later, to move to amend. Such delay is inexcusable.

disadvantage.[3]  While Rule 15 embodies a liberal standard, amendments should be permitted only when "justice so requires." Fed. R. Civ. P. 15(a)(2).  ABC Plaintiffs' Motion does not explain, nor could it, why "justice" requires the proposed amendment little more than a month before the close of discovery.

Instead, the proposed amendments would be prejudicial to Aereo and are futile, as they will/would not survive a dispositive motion.[4]  As explained in Aereo's Memorandum of Law in Support of its Motion for Summary Judgment (DE # 196), secondary copyright liability is predicated on the existence of a direct infringer, namely Aereo customers.  ABC Plaintiffs' proposed secondary liability claim is foreclosed by controlling Second Circuit and Supreme Court precedents (*Cablevision* and *Sony*, respectively) that make clear that Aereo's customers do not directly infringe when they record and play back their own unique copies of ABC Plaintiffs' over-the-air broadcast programming.  As such, Aereo cannot be secondarily liable, and ABC Plaintiffs' proposed amendment would be futile.

## BACKGROUND

Over the course of this litigation, ABC Plaintiffs have offered completely contradictory statements about whether they are or are not suing Aereo on a theory of secondary liability.  This strategy has been consistent with Plaintiffs' overall approach to this litigation.  Indeed, even the Court has commented that ABC Plaintiffs' conduct has resulted in "moving target[s]" and

---

[3] This tactic was plainly demonstrated in connection with the motion for a preliminary injunction where Plaintiffs filed no motion and did not identify their requested relief to the Court or parties until the hearing was nearly closed. This is in addition to ABC Plaintiffs' continuous refusal to comply with the rules of discovery, including by not producing documents for months, refusing to produce discovery even regarding their own claims of harm, refusing to cooperate in the scheduling of witnesses, and even refusing outright to designate and produce witnesses for deposition in response to Rule 30(b)(6) notices of deposition. Indeed, ABC Plaintiffs have now determined, without any basis, that discovery against them is subject to some sort of automatic stay in view of Aereo's motion for summary judgment.

[4] Because of the uncertainty regarding the ABC Plaintiffs' indirect infringement claims, Aereo directed its summary judgment motion on the indirect infringement claims against all Plaintiffs while noting that this issue remains unresolved.

"slipperiness."  May 31, 2012, Prel. Inj. Hr'g Tr. at 390-391.  When ABC Plaintiffs filed their Complaint on March 1, 2012, they alleged a single count entitled "Copyright Infringement." (DE #1, Compl. at 10), while the WNET Plaintiffs expressly plead a claim for indirect infringement.

The form of ABC Plaintiffs' pleading raised a question as to whether they intended to pursue a theory of secondary copyright liability against Aereo.  This question was discussed in telephone conferences and correspondence between the parties.  As a result of those early discussions, Aereo, before the preliminary injunction hearing, asked for confirmation in writing that "ABC Plaintiffs do not assert any [secondary liability] claims."[5]  In response, ABC Plaintiffs' counsel issued the following written confirmation:

> [W]e have no problem confirming that, subject to further information learned during discovery or otherwise, **no indirect infringement claim has been asserted in 12 Civ. 1540.**[6]

(emphasis added).

Counsel's statement unequivocally confirmed that ABC Plaintiffs did not plead, and elected not to pursue, a theory of secondary liability against Aereo.  Aereo relied on that statement in preparing its defense of this case.  Yet, in September 2012, Mr. Keller later stated that he was "surprised to learn" "that Aereo apparently believes that the Complaint filed [in 12 Civ. 1540] does not allege Aereo is liable for both directly and indirectly violating Plaintiffs' reproduction rights under 17 U.S.C. § 106(1)."[7]  That letter marked the beginning of ABC Plaintiffs' about-face in which they contradicted their prior representations and attempted to

---

[5] Letter from John C. Englander to Bruce P. Keller and Steven B. Fabrizio, dated March 21, 2012 (confirming all parties' understanding that ABC Plaintiffs "do not assert" an indirect infringement claim) (Elkin Decl., Exhibit B).

[6] Letter from Bruce P. Keller to John C. Englander, dated March 23, 2012 (Elkin Decl., Exhibit A); *see also* March 13, 2012, Hr'g Tr. at 7:23-8:5.

[7] Letter from Bruce P. Keller to R. David Hosp, dated September 28, 2012 (Elkin Decl., Exhibit C).

assert that the Complaint purportedly "addresses Aereo's direct and indirect acts."

Shortly thereafter, on September 28, 2012, Aereo confirmed its position – that the Complaint does not assert an indirect infringement claim – irrespective of ABC Plaintiffs' newfound position that "it does."[8]   This strange issue has been repeatedly noted by Aereo in multiple Court filings, since it has created an unfair ambiguity as to which claims were actually in this case.[9]

From September 2012 until the date that this motion was filed, ABC Plaintiffs, despite the overt dispute, failed to file a motion to amend.  They asserted that it would be "unnecessary motion practice" to do so.[10]   Rather than move to amend, ABC Plaintiffs sought to foist the responsibility of determining the claims in the case and clearing up their contrary positions on Aereo by claiming Aereo must remedy the deficiencies in ABC Plaintiffs' Complaint by moving against it.[11]   That course of action would defy logic – it is not Aereo's obligation to move against a cause of action that is neither plead nor asserted in a Complaint[12], and which ABC Plaintiffs' counsel denied actually existed.

---

[8] *See* E-mail from Bruce P. Keller to R. David Hosp, dated September 28, 2012, RE: WNET v. Aereo – Discovery (Elkin Decl., Exhibit D); *see also* Letter from R. David Hosp to Bruce P. Keller, dated November 6, 2012 (citing *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 CIV 1164, 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003) (stating that elements of an indirect infringement claims must be plead specifically)) (Elkin Decl., Exhibit E).

[9] For example, it was brought to this Court's attention in several letters exchanged in connection with the discovery disputes heard in March 2013.  *See* Letter from Bruce P. Keller to Hon. Henry Pitman, dated March 12, 2013 (Elkin Decl., Exhibit F); Letter from R. David Hosp to Hon. Henry Pitman, dated March 13, 2013 (Elkin Decl., Exhibit G); Letter from Bruce P. Keller to Hon. Henry Pitman, dated March 13, 2013 (Elkin Decl., Exhibit H).

[10] ABC Plaintiffs' position was restated again in various letters between the parties and the Court.  *See* Letter from Bruce P. Keller to R. David Hosp, dated November 12, 2012 (Elkin Decl., Exhibit I); *see also* Letter from Bruce P. Keller to Hon. Henry Pitman, dated March 12, 2013 (Elkin Decl., Exhibits F).

[11] Letter from Bruce P. Keller to Hon. Henry Pitman, dated March 13, 2013 (Elkin Decl., Exhibit H).

[12] This was directly acknowledged by Magistrate Pitman: "if [Aereo] think[s] it's not stated in the complaint, I'm not sure what they'd be moving against." March 21, 2013 Hr'g Tr. at p. 180.

4

## ARGUMENT

Having waited this long without reason or excuse, ABC Plaintiffs should not be allowed to add this claim at the eleventh hour. The uncertainty about this claim has caused prejudice to Aereo as it has affected its framing its strategy, discovery and defenses, and this late amendment would serve to cement that prejudice. Moreover, such an amendment would be futile for the reasons stated in Aereo's pending summary judgment motion.

**I.**     **Leave to Amend Should be Denied Because an Amendment Only Weeks Before the Close of Discovery Would Cause Prejudice to Aereo**

Federal Rule of Civil Procedure 15 provides that a party must seek the Court's leave to amend, and that the Court "should freely give leave when justice so requires." In this case, justice dictates that the proposed amendment be denied.

ABC Plaintiffs have continuously litigated this case as a "moving target," injecting "slipperiness" wherever they can. The indirect infringement claim is another example. They filed a Complaint without such a claim. They then confirmed in writing, after Aereo's inquiry, that **"no indirect infringement claim has been asserted in 12 Civ. 1540."** Elkin Decl., Exhibit. A. Then they apparently reversed that position but refused to commit to it (or inform the Court of it) by amending their pleadings. After fourteen months of back and forth, with only four weeks left in discovery, ABC Plaintiffs now decide to try to inject this claim into the action. This is nothing but gamesmanship and an attempt to hamper Aereo's ability to defend this case. Both the parties and the Court are entitled to know which claims are in this case and which are not.

Leave to amend should be denied when the nonmoving party demonstrates prejudice. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Importantly, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a

showing of prejudice." *Id.* (citation omitted); *see also Amaker v. Haponik*, 198 F.R.D. 386, 389-90 (S.D.N.Y. 2000) (denying leave to amend complaint where plaintiff sought to add new claims "shortly before the deadlines for completing discovery and submitting pretrial motions were set to expire"); *N.V. Organon v. Elan Pharm., Inc.*, No. 99 Civ 11674, 2000 WL 685849, at *1 (S.D.N.Y. May 25, 2000) (denying leave to amend complaint "[g]iven the futility of [Plaintiff's] proposed amendment, and the indication that [Defendant] would be prejudiced as the case draws near the close of discovery").

If ABC Plaintiffs are allowed to amend their Complaint, Aereo will suffer prejudice. Fact discovery is now less than a month out and Aereo has invested significant time and resources in the discovery process. In that pursuit, Aereo has evaluated this case, formulated its strategy, and concentrated its discovery efforts on the specific claims that ABC Plaintiffs asserted when they commenced this action more than a year ago. If this amendment is allowed Aereo will have to spend additional resources to reevaluate and adjust its strategy in view of the newly asserted claim. To the extent that recalibration involves discovery matters, Aereo has almost no time to formulate and take necessary discovery.

ABC Plaintiffs contend that Aereo will suffer no prejudice because the amendment would not cause additional discovery burden, but that is untrue. Aereo did serve discovery requests related to these issues to protect itself in view of the ABC Plaintiffs' intentional vacillation:

> As we have noted previously, your complaint as drafted does not state claims for indirect infringement and we believe that unless a motion to amend is filed and granted in the immediate term, the ABC Plaintiffs should be barred from asserting any such claims. ... Because you have taken what we view to be the unsupportable position that the ABC Plaintiffs are currently pursuing indirect infringement claims, Interrogatories Nos. 3, 5, 6, 17, and 18 and Request for Production Nos. 23, 24, 25 and 77 include elements

> addressed to such claims in the anticipation that you intend to file an appropriate motion.

Elkin Decl., Exh. E.  Even that prophylactic measure, however, has been thwarted by ABC Plaintiffs as they continue to refuse to respond to discovery, first by transparent efforts to delay and prevent discovery, and now, this week, by an outright refusal to participate in discovery.

The ABC Plaintiffs could have easily resolved this issue – an issue they created – nearly a year ago by filing a motion to amend the Complaint.  Instead, they waited until just before the close of discovery to try to gain some perceived advantage and to impose uncertainty and burden on Aereo.  For this reason, justice requires that the Motion be denied.

## II.      Leave to Amend Should Be Denied Because Amendment Would Be Futile

In a situation like this one, where a proposed claim would be "plainly defective" or "frivolous," leave to amend should be denied for its futility.  *Newark Ins. Co. v. Blair*, No. 92 Civ. 1648 (RPP), 1994 WL 4410, at *5 (S.D.N.Y. Jan. 3, 1994) (denying leave to amend).  *See Health-Chem. Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) (affirming district court's denial of leave to amend because the claims could not survive, even if they were plead).  Even apart from the unreasonable delay and prejudice, this Court should deny leave to amend the Complaint because the proposed amendments would prove futile.

Aereo's Motion for Summary Judgment demonstrates that Plaintiffs' indirect infringement claims fail because it is well settled that consumers are entitled to access ABC Plaintiffs' over-the-air broadcasts by using an antenna.  The Supreme Court, in *Sony Corp. of America v. Universal Studios Inc.*, 464 U.S. 417 (1984), held that consumers can access over-the-air broadcasts via an antenna and record those broadcasts for their own personal use and consumption.  Such a personal use is a fair use, and therefore, does not infringe the networks' reproduction right under the copyright act.  *Id.* at 417.

For the reasons set forth in Aereo's Memorandum of Law in Support of its Motion for Summary Judgment, which is incorporated by reference herein, ABC Plaintiffs cannot plead an indirect infringement claim that would survive summary judgment.[13]  Because an amendment at this late date will be prejudicial, futile and would be unjust, the Motion should be denied.

## CONCLUSION

For the reasons herein, ABC Plaintiffs' Motion should be denied, and the Court should grant any other relief it deems just and proper.

Dated: May 17, 2013                    Respectfully submitted,

                                        /s/ Michael S. Elkin
                                       Michael S. Elkin
                                       Thomas Patrick Lane
                                       Seth E. Spitzer
                                       WINSTON & STRAWN LLP
                                       200 Park Avenue
                                       New York, New York 10166
                                       Tel: (212) 294-6700
                                       Fax: (212) 294-4700
                                       melkin@winston.com
                                       tlane@winston.com
                                       sspitzer@winston.com

                                       Jennifer A. Golinveaux (admitted *pro hac vice*)
                                       WINSTON & STRAWN LLP
                                       101 California Street
                                       San Francisco, California 94111
                                       Tel: (415) 591-1000
                                       Fax: (415) 591-1400
                                       jgolinveaux@winston.com

                                       R. David Hosp
                                       Mark S. Puzella (Admitted *pro hac vice*)
                                       FISH & RICHARDSON P.C.
                                       One Marina Park Drive
                                       Boston, Massachusetts 02210

---

[13] To the extent such claims are deemed to be in this case or added to it, they should be made subject to the pending motion for summary judgment.

8

Tel.: (617) 368-2125
Fax: (617) 542-8906
hosp@fr.com
puzella@fr.com

*Attorneys for Defendant Aereo, Inc.*