UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE,<br>    Plaintiffs,<br><br>  v.<br><br>AEREO, INC. f/k/a BAMBOOM LABS, INC.,<br>    Defendant. | Case No. 12-Civ-1540 (AJN)<br>(Consolidated) |

**PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF AEREO'S MOTION FOR SUMMARY JUDGMENT**

Steven B. Fabrizio (SF-8639)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone (202) 639-6040
Facsimile (202) 661-4823

Richard L. Stone (*pro hac vice*)
Kenneth D. Klein (*pro hac vice*)
Julie A. Shepard (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054
Telephone (213) 239-5100
Facsimile (213) 239-5199

*Attorneys for Plaintiffs*

2203228.2

Plaintiffs submit the following objections to certain evidence submitted by Aereo in support of its Motion for Summary Judgment. For the reasons stated below, several of the exhibits Aereo submitted do not satisfy the requirements of the Federal Rules of Evidence and therefore should not be considered by the Court in deciding the Aereo's motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4) (declarations in support of summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); S.D.N.Y. L.R. 56.1(d) (each statement of material fact submitted in support of a motion for summary judgment "must be followed by citation to evidence which would be admissible").

| **Inadmissible Evidence** | **Objection** |
|---|---|
| Ex. 1.[1] | <u>Preliminary Injunction Decisions Are Not Evidence For Summary Judgment Purposes.</u> It is hornbook law that "the Court's findings of fact and conclusions of law made on a motion for preliminary injunction are not binding on the Court when deciding a motion for summary judgment," because "the parties are held to different standards of proof in preliminary injunction hearings than in motions for summary judgment and because findings of fact at the preliminary injunction stage are not as fully fleshed out as at the summary judgment stage." *E.g.*, *Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368, 382 (S.D.N.Y. 2008); *see also id.* at 382 n.101 (writing that the movant's inclusion of the court's preliminary injunction findings of fact "in its Local Rule 56.1 statement was a waste of time, paper, and this |

---

[1] All citations to "Ex. __" refer to the Exhibits to the Declaration of David Hosp filed in support of Aereo's Motion for Summary Judgment.

| | |
|---|---|
| | Court's limited resources"). Therefore, "the Court must still conduct an independent inquiry based on the record, as it currently stands, to determine whether judgment can be granted as a matter of law." *Id.* at 382 (internal quotation marks omitted). |
| Ex. 2 | <u>Preliminary Injunction Decisions Are Not Evidence For Summary Judgment Purposes.</u>  It is hornbook law that "the Court's findings of fact and conclusions of law made on a motion for preliminary injunction are not binding on the Court when deciding a motion for summary judgment," because "the parties are held to different standards of proof in preliminary injunction hearings than in motions for summary judgment and because findings of fact at the preliminary injunction stage are not as fully fleshed out as at the summary judgment stage." *E.g.*, *Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368, 382 (S.D.N.Y. 2008); *see also id.* at 382 n.101 (writing that the movant's inclusion of the court's preliminary injunction findings of fact "in its Local Rule 56.1 statement was a waste of time, paper, and this Court's limited resources"). Therefore, "the Court must still conduct an independent inquiry based on the record, as it currently stands, to determine whether judgment can be granted as a matter of law." *Id.* at 382 (internal quotation marks omitted). |
| Ex. 6 at 306:13-308:25. | <u>Relevance.</u>  Aereo relies on this portion of the transcript of the hearing on the Plaintiffs' motion for a preliminary injunction for the proposition that a consumer has the ability to capture over-the-air broadcast television via an antenna, copy of that programming on a computer, VCR, or DVR, and view the recorded content over the Internet on an Internet-connected device.  What a consumer is able to do in his or her own home using various standalone devices they purchased is irrelevant to the question of whether or not Aereo's service violates the Plaintiffs' copyrights. *See, e.g.*, *Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104, 112 (2d Cir. 1998) (en banc) ("[C]ourts have rejected attempts by for-profit users to stand in the |

| | |
|---|---|
| | shoes of their customers."). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. |
| Ex. 7. | <u>Hearsay.</u> Fed. R. Evid. 801, 802. |
| Ex. 8, ¶ 76. | <u>Relevance.</u> Aereo relies on this portion of Professor Horowitz's report for the proposition that a consumer has the ability to capture over-the-air broadcast television via a dongle antenna in connection with a computer and uploading the recorded program to the Internet for later retrieval. What a consumer is able to do in his or her own home using various standalone devices they purchased is irrelevant to the question of whether or not Aereo's service violates the Plaintiffs' copyrights. *See, e.g.*, *Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104, 112 (2d Cir. 1998) (en banc) ("[C]ourts have rejected attempts by for-profit users to stand in the shoes of their customers."). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. |
| Ex. 12. | <u>Hearsay.</u> Fed. R. Evid. 801, 802.<br><br><u>Relevance.</u> Aereo relies on this presentation for the functioning of television receptors generally. The functioning of television receptors is not material to this case. Fed. R. Evid. 402.<br><br><u>Authentication.</u> Aereo has provided no indication whatsoever that the information contained in Exhibit 12 is accurate. Fed. R. Evid. 901. |
| Ex. 16. | <u>Hearsay.</u> Fed. R. Evid. 801, 802. |

2203228.2

Dated: June 7, 2013 Respectfully Submitted,

By: /s/ Richard L. Stone
Richard L. Stone (*pro hac vice*)
Kenneth D. Klein (*pro hac vice*)
Julie A. Shepard (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054
Telephone (213) 239-5100
Facsimile (213) 239-5199

Steven B. Fabrizio (SF-8639)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone (202) 639-6040
Facsimile (202) 661-4823

*Attorneys for Plaintiffs*