USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 24 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMERICAN BROADCASTING COMPANIES, INC. ET AL,

                Plaintiffs,

      -v-

AEREO, INC.,

                Defendant,
------------------------------------------------------------X

WNET ET AL,

                Plaintiffs,

      -v-

AEREO, INC.,

                Defendant,
------------------------------------------------------------X

12 Civ. 1540 (AJN)

ORDER

12 Civ. 1543

ALISON J. NATHAN, District Judge:

      The parties in the above-captioned case have submitted a number of filings and redaction requests relative to (1) objections to a variety of Magistrate Judge Pitman's discovery orders, (2) Defendant Aereo's recently filed motion for partial summary judgment, and (3) Plaintiff Fox's cross-motion for partial summary judgment. By and large, these submissions are non-compliant with Rule 4A of this Court's Individual Practices in Civil Cases, which provides detailed instructions on the proper manner by which a "party seeking to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof," may make such a request. Specifically, Rule 4A provides that parties are to submit the following items when requesting redactions:

      1. A "letter explaining the reasons for seeking to file th[e] submission under seal and

>   addressing the request in light of the Second Circuit's opinion in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006);"
>
> 2. "One full set of the relevant document(s) in highlighted form (i.e., with the words, phrases, or paragraphs to be redacted highlighted);" and
>
> 3. "[O]ne partial, loose leaf set of solely those pages on which the party seeks to redact material."

In addition, the Rule provides that, if a party's request for redacted filing "is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request for redactions." While not specifically referenced with Rule 4A, if a party is unable to timely comply with the terms of the Rule, it may request an extension of time or other relief, pursuant to Rules 1A and 1E of this Court's Individual Practices.

Here, the parties have submitted the following documents pertaining to the following objections and motions: (1) Aereo's Objections to Magistrate Judge Pitman's Rulings on Discovery Disputes; (2) Aereo's Motion for Summary Judgment; (3) the ABC Plaintiffs' Objections to Judge Pitman's Order Requiring Production of Retransmission Documents; (4) Aereo's Objections to Magistrate Judge Pitman's Denial of their Motion to Compel the Deposition of Leslie Moonves; and (5) the Fox Plaintiffs' Cross-Motion for Summary Judgment. As noted above, the numerous filings currently before the Court generally fail to comply with the terms of Rule 4A. The Court will discuss each submission, by motion or objection, below, but notes the following general problems: (1) certain parties mistakenly believe that the obligation to "confer and jointly submit the request for redactions" is to take place after the initial non-public filing of the submission; (2) certain parties fail to address *Lugosch*, 435 F.2d 110, or to provide a justification for their redaction requests; and (3) certain parties improperly request

over-broad redactions based solely upon their or another party having designated a filing as "Highly Confidential" pursuant to the parties' amended stipulated protective order, (Dkt. No. 35).

In *Lugosch*, the Second Circuit held that "a qualified First Amendment right of access extends" to "written documents submitted in connection with judicial proceedings" and that "'[a]ccess to written documents filed in connection with pretrial motions is particularly important in the situation . . . where no hearing is held and the court's ruling is based solely on the motion papers." *Lugosch*, 435 F.3d at 124 (quoting *Matter of New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1984)). As such, the Circuit Court concluded that "the presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* at 127. To the extent, then, that the parties' submissions fail to address *Lugosch* or to otherwise provide the Court with specific arguments for why "higher values necessitate a narrowly tailored sealing," *id.*, the redaction requests cannot be supported. Nor can the parties rely on their protective order as providing a justification for their requests for documents to be filed under seal. *Id.* at 126 ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable." (citing *SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001))). With these principles in mind, the Court turns to the parties' submissions.

I. **The Pending Motions and Objections**

Having reviewed the parties' submissions in light of their requirements under Rule 4A and pursuant to both their, and the Court's, obligations under *Lugosch*, the Court makes the following determinations.

   a. Aereo's Initial Objections to Magistrate Judge Pitman's Rulings on Discovery

Disputes

The Court is in receipt of two submissions relative to Aereo's Objection to Magistrate Judge Pitman's March 29, 2013 Order, (Dkt. No. 171): a full, unredacted version of Aereo's objection and associated papers; and (2) a redacted version of the WNET Plaintiffs' reply to Aereo's objection. In its submission, Aereo requested that the objection and associated materials be filed under seal, but never provided a redaction request or otherwise complied with Rule 4A. Since submitting these documents, however, Aereo has ECF filed what appears to be a complete, unredacted copy of their objection. (Dkt. Nos. 179, 180) As there no longer appears to be any redaction issue relative to this filing, the Court will consider Aereo's objection as though it had been properly filed and will not file the documents, or any part thereof, under seal.

Also without making a redaction request, the ABC Plaintiffs' reply to Aereo's objection was ECF filed in redacted form and an un-tabbed, redacted print out of these documents was sent to the Court as a "courtesy copy." This submission is fully non-compliant with Rule 4A. In and, light of this noncompliance and the discussion above, the Court will strike these documents as improperly filed. Accordingly, the Court ORDERS that the ABC Plaintiffs may, within one week of the filing of this order, resubmit these documents pursuant to Rule 4A or file a complete, unredacted version on ECF. If the Court receives their submission by that date, the Court will consider it timely filed. The Clerk of the Court is directed to strike Docket Numbers 181 and 183.

b. <u>Aereo's Motion for Partial Summary Judgment and Plaintiffs' Oppositions</u>

The Court is in receipt of three submissions with regard to Aereo's Motion for Summary Judgment: (1) Aereo's request that certain portions of its motion for partial summary judgment be filed under seal, received May 22, 2013; (2) a request from the ABC Plaintiffs to file under

4

seal their opposition to Aereo's motion pending their submission of redacted versions, received June 7, 2013; and (3) a request from the Fox Plaintiffs that certain portions of their opposition to Aereo's motion for summary judgment be filed under seal and a courtesy copy of the same, also received June 7, 2013.

### i. Aereo's Motion for Partial Summary Judgment

On May 14, 2013, Aereo filed, under seal, its Rule 56.1 Statement and supporting Exhibits associated with its motion for partial summary judgment. On May 17, 2013, the Court issued an order directing Aereo to resubmit these documents in accordance with Rule 4A. Pursuant to that Order, on May 22, 2013, Aereo submitted its redaction request and ECF filed all associated documents not containing information that Aereo seeks to have filed in redacted form. Although Aereo's letter in support of its redaction request does not directly address *Lugosch*, 435 F.3d 110, it does provide a number of basis for the request. Specifically, it notes that the information relates to "Highly Confidential methods by which the Aereo technology limits the playback of over-the-air broadcasts to members within the geographic area served by those over-the-air signals" and that a number of the exhibits have previously been filed in redacted form.

In light of these representations, the Court has reviewed the proposed redactions and finds that they are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and proprietary business information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)); *see also Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007) (allowing documents consisting of trade secrets and confidential information to be filed under seal). The Court will file the loose-leaf, unredacted copies of these papers under seal; Aereo shall promptly file the redacted versions on ECF.

### ii. The Plaintiffs' Oppositions to Aereo's Motion for Partial Summary

*Judgment*

As noted above, the Court is in receipt of submissions from both the ABC Plaintiffs and the Fox Plaintiffs with regard to their filings in opposition to Aereo's motion for partial summary judgment. The ABC Plaintiffs' submission -- as with all of the submissions from Debevoise & Plimpton LLP -- misconstrues the timing and process for filing requests for redactions. Specifically, the cover letter to their submission requests that the materials "not be filed publicly, as they contain materials designated by Aereo as Highly Confidential under the April 19, 2012 Protective Order," and states that "pursuant to Rule 4(A), [the parties] are arranging to meet and confer . . . to produce a redacted version of these papers that will be filed via ECF." As noted above, this approach is non-compliant with Rule 4A. Accordingly, the Court strikes this submission and ORDERS that the ABC Plaintiffs may, within one week of the filing of this order, resubmit these documents pursuant to Rule 4A or file a complete, unredacted version on ECF. If the Court receives their submissions by that date, the Court will consider them timely filed.

The Court is also in receipt of the Fox Plaintiffs' request that certain portions of their opposition to Aereo's motion for summary judgment be filed under seal as well as a courtesy copy of the same. In their request, the Fox Plaintiffs purport to address *Lugosch*, 435 F.3d 110, and provide that there are three categories of documents that they believe should be filed under seal: (1) portions of documents that "comprise information that Aereo or Fox has designated Highly Confidential pursuant to the Protective Order;" (2) portions of documents that "comprise information already filed under seal by this Court;" and (3) portions of documents that "(a) comprise any parties' future business plans or confidential licensing terms, or (b) contain data that is available only to individuals with a subscription to the information source . . . ."

The Court is not persuaded by the Fox Plaintiffs' arguments with regard to at least the first category of documents and reiterates that redaction requests based on the existence of a confidentiality order or on a party's conclusion that something falls within the purview of a confidentiality order are insufficient under the Second Circuit's holding in *Lugosch. Id.* ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable." (citing *SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001))). Accordingly, the Court concludes that it cannot, based on what it has been provided, make the required "on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 127. This problem is compounded by the fact that many of the Fox Plaintiffs' current redaction requests appear to be grossly overbroad. Indeed, the Fox Plaintiffs have requested that that the large majority of their opposition to Aereo's motion be filed under seal. As a result of the over-breadth of the requests, as well as the fact that the Fox Plaintiffs have not provided the Court with sufficient information from which it could determine the rationale for any specific request, the Court cannot approve any portion of the current request. Accordingly, the Court strikes this submission, in its entirety, and ORDERS that the Fox Plaintiffs may, within one week of the filing of this order, resubmit these documents pursuant to Rule 4A or file a complete, unredacted version on ECF. If the Court receives their submission by that date, the Court will consider it timely filed.

    c. <u>The ABC Plaintiffs' Objections to Judge Pitman's Order Requiring Production of Retransmission Documents</u>

The Court has received three submissions with regard to the ABC Plaintiffs' Objections to Magistrate Judge Pitman's Ruling on Discovery Disputes and the accompanying declaration of Michael R. Potenza: (1) the ABC Plaintiffs' objection, received June 6, 2013; (2) Aereo's

7

response to the objections, received June 14, 2013; and (3) the ABC Plaintiffs' proposed redactions to their objection, received June 21, 2013.

Neither the ABC Plaintiffs' objection nor Aereo's response was filed in accordance with Rule 4A, as each improperly requests that the full submissions be filed under seal, pending the parties later seeking specific redactions. Although the ABC Plaintiffs' eventual redaction request is largely compliant with Rule 4A, it still does not adequately address *Lugosch* and operates under the mistaken belief that Aereo's designation of this material as Highly Confidential is sufficient grounds to allow for a redacted filing.

In light of this, and the discussion above, the Court strikes all of the submissions relative to the ABC Plaintiffs' Objections to Judge Pitman's Order Requiring Production of Retransmission Documents, and ORDERS that the parties may, within one week of the filing of this order, resubmit these documents pursuant to Rule 4A or file a complete, unredacted version on ECF. If the Court receives their submission by that date, the Court will consider it timely filed.

    d. <u>Aereo's Objections to Magistrate Judge Pitman's Denial of their Motion to Compel the Deposition of Leslie Moonves</u>

The Court has received three submissions with regard to Aereo's Request to file under seal and redact certain portions of its Objections to Magistrate Judge Pitman's June 4, 2013 Denial of Aereo's Motion to Compel the Deposition of Leslie Moonves: (1) Aereo's objection; (2) CBS Broadcasting's response to the objections; and (3) Aereo's reply in further support, as well as a courtesy copy of all papers associated with their objection.

Both of Aereo's submissions suffer from the same deficiencies: (1) they do not address *Lugosch* and (2) they do not contain one full highlighted copy and one non-highlighted, partial,

8

loose-leaf copy of pages on which redactions are requested. The CBS Plaintiffs' submission is also non-compliant, as it improperly requests that the full submission be filed under seal pending the parties providing redaction requests in the future.

Accordingly, in light of this and the discussion above, the Court strikes all of the submissions relative to Aereo's objection, and ORDERS that the parties may, within one week of the filing of this order, resubmit these documents pursuant to Rule 4A or file a complete, unredacted version on ECF.

### e. The Fox Plaintiffs' Cross-Motion for Summary Judgment

The Court has a single submission with regard to the Fox Plaintiffs' Cross-Motion for Summary Judgment Re Direct Liability for Watch Now Copies, which the Court received on June 6, 2013. This request, filed by Jenner & Block, is fully compliant with Rule 4A. Moreover, the Court has reviewed the proposed redactions and finds that they are narrowly tailored, limited in scope, and justified in order to protect the parties' confidential and proprietary information -- and in particular that of Defendant Aereo -- as well as for the reasons stated in their letter. (Dkt. No. __ (citing *Lugosch*, 435 F.3d at 120); *see also Zyprexa Litig.*, 474 F. Supp. 2d at 421 (allowing documents consisting of trade secrets and confidential information to be filed under seal). The Court will file the loose-leaf, unredacted copies of these papers under seal; the Fox Plaintiffs shall promptly file the redacted versions.

## II. Conclusion

In drafting their new redaction requests, as required under the terms of this Order, as well as when drafting all future redaction requests, the Parties are reminded that: (1) a party's labeling of a document as confidential is insufficient, in itself, to justify a redaction request; and (2) redaction requests must address *Lugosch*, such that the Court can make a specific finding that

"higher values necessitate a narrowly tailored sealing." 435 F.3d at 127. Additionally, the Court admonishes the parties that continued failure to comply with Rule 4A, or any other Rule, may result in a party being sanctioned or being found in violation of the parties' protective order. With that said, the Court recognizes that, when faced with tight filling deadlines, a party seeking redactions based on another party's designation of certain material as confidential may require additional time in order to meet its obligations under Rule 4A. In those circumstances, as noted above, the parties may seek leave of the Court for an extension or other appropriate relief, pursuant to Rules 1A and 1E, but they may not, as here, simply ignore the Court's Rule and disregard Second Circuit precedent.

    SO ORDERED.

Dated: June____, 2013  
       New York, New York

_____  
ALISON J. NATHAN  
United States District Judge