UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                         :
AMERICAN BROADCASTING COMPANIES, INC.,                                   :
DISNEY ENTERPRISES, INC., CBS BROADCASTING                               :
INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA,                              :
LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK                                 :
TELEVISION, LLC, TELEMUNDO NETWORK GROUP                                 :
LLC, WNJU-TV BROADCASTING LLC,                                           :
                                                                         :
    Plaintiffs,                                                         :
                                                                         :
       v.                                                              :   12 Civ. 1540 (AJN)
                                                                         :   **[consolidated]**
AEREO, INC.,                                                             :
                                                                         :
    Defendant.                                                           :
                                                                         :
-------------------------------------------------------------------------X

**RESPONSE TO OBJECTIONS TO DENIAL OF MOTION TO COMPEL THE
DEPOSITION OF LESLIE MOONVES**

Bruce P. Keller
Matthew E. Fishbein
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.:    (212) 909-6000
Fax:    (212) 909-6836

*Counsel for CBS Broadcasting Inc. and
CBS Studios Inc.*

Dated:  June 14, 2013

CBS Broadcasting Inc. and CBS Studios Inc. ("CBS") submit this memorandum in response to the objections filed by Aereo, Inc. ("Aereo") to Paragraph 4 of the Order issued by U.S. Magistrate Judge Henry B. Pitman on June 12, 2013 ("Order"), which denied Aereo's application to compel the deposition of Leslie Moonves, the President and Chief Executive Officer of CBS Corporation. *See* Declaration of Michael R. Potenza ("Potenza Decl.") Ex. 1, Paragraph 4 of Magistrate Judge Pitman's Order was neither clearly erroneous nor contrary to law and should be sustained.

## BACKGROUND

Aereo seeks to depose Mr. Moonves on what it characterized, before Judge Pitman, as three topics:

- The impact of Aereo "on CBS's retransmission agreement negotiations," Potenza Decl. Ex. 2 (5/10/13 Ltr. from Elkin to Hon. Henry B. Pitman at 1, 5);

- The impact of Aereo on CBS's Nielsen ratings, *id.* at 5;

- The impact of licensed Internet transmissions of CBS's programming on CBS's business, *id.* at 5.

CBS demonstrated to Judge Pitman that Martin Franks, CBS's Executive Vice President, Planning, Policy and Government Relations, had knowledge of the same facts that formed the basis for Mr. Moonves' statements.[1] Accordingly, on June 4, 2013, Judge Pitman ruled that "senior executives at corporations are entitled to certain

---

[1] That remains the case even though Aereo now characterizes the topics more generally as the "irreparable harm and commercial impact" created by Aereo. *See* Aereo's Objections to Magistrate Judge Pitman's June 4, 2013 Denial of Aereo's Motion to Compel the Deposition of Leslie Moonves at 5 ("Aereo Obj.").

deference before they're deposed" and that Aereo had to, but could not, "show that the witness has some unique knowledge" before the deposition could be compelled on Aereo's motion.  *See* Potenza Decl. Ex. 3 (6/4/13 Hearing Tr. at 91:12-19).  He denied the motion to compel, without prejudice to Aereo seeking to depose Mr. Moonves should Aereo subsequently demonstrate a reason for doing so.  *Id*. at 91:20-92:14.

## ARGUMENT

**Aereo Did Not Show Mr. Moonves Has Unique Knowledge Of Relevant Facts And Has Not Met The Standard For Overturning The Order.**

Judge Pitman correctly ruled that CBS need not produce Mr. Moonves for deposition because Aereo had not shown he possessed "unique knowledge" of facts relevant to this case.  *See* Potenza Decl. Ex. 4 (CBS's Memorandum Of Law In Opposition To Aereo's Motion To Compel The Deposition Of Leslie Moonves ("CBS Mem.") at 3 (citing cases)); *see also* Potenza Decl. Exs. 5 & 6 (declaration and open court testimony of Martin Franks on the same topics Aereo seeks to cover with Mr. Moonves); *see generally* Potenza Decl. Ex. 4 (CBS Mem. at 4-5).  A magistrate judge's rulings on non-dispositive discovery matters may be set aside or modified only if clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  The burden on the "party seeking to modify or set aside an order of a magistrate judge" is "heavy."  *See Pkfinans Int'l Corp v. IBJ Schrader Leasing Corp.*, Nos. 93 Civ. 5375 (SAS), 96 Civ. 1816 (SAS), 1996 WL 675772, at *1 (S.D.N.Y. Nov. 21, 1996).  Aereo has not met it.

The evidentiary record in this case already shows that the topics about which Aereo claims it wants to depose Mr. Moonves are within the personal knowledge and job

2

responsibility of Mr. Franks, who reports to Mr. Moonves.  Potenza Decl. Ex. 6 (5/30/12 Hearing Tr. at 32:12-17).  Magistrate Judge Pitman correctly concluded, therefore, that Mr. Moonves' knowledge was not unique.[2]

Aereo's objections to the Order are based on two arguments.  *First*, it contends CBS was required to demonstrate that Mr. Moonves need not be deposed and failed to meet that burden.  That is incorrect.  The cases Aereo cites are those where the movant affirmatively seeks a protective order or to vacate a deposition notice.  *See* Aereo Obj. at 8-10.  Aereo, however, moved to compel Mr. Moonves' deposition.  Potenza Decl. Ex. 3 at 91:12 ("It is really AEREO's [motion] to compel.").  By doing so, it assumed the burden of demonstrating that Mr. Moonves' knowledge is "unique" in the sense that it is not "duplicative" of others in the company.  Judge Pitman properly noted the burden was on Aereo to show unique knowledge and that it did not do so.  *Id.* 91:20-24 ("I don't think [Aereo has] shown that Mr. Munvez [sic] has unique knowledge.").  Moreover, with specific citations to the record, CBS more than adequately demonstrated that Mr. Moonves' knowledge is not unique.  *See* Potenza Decl. Ex. 4 (CBS Mem. at 4-5).

---

[2]   "Unique knowledge" cannot consist of knowledge gained as a result of information provided by others in the company to its senior executives.  *See Guzman v. News Corp.*, No. 09 Civ. 9323 (BSJ)(RLE), 2012 WL 2511436, at *2 (S.D.N.Y. June 29, 2012) (plaintiffs failed to present evidence that executive had "any special or unique knowledge that could not be obtained elsewhere").  Given this definition, it is important to note CBS never has taken the position Mr. Moonves would not be made available for a deposition.  It simply has said that Aereo must satisfy the standard for deposing senior executives and one obvious way to do so would be to start by deposing Mr. Franks, who was offered as available for a deposition over six weeks ago.  Potenza Decl. Ex. 7 (4/30/13 Ltr. Keller to Elkin).

*Second*, Aereo now recasts its argument below, asserting that it wants to depose Mr. Moonves on the thoughts he had that led him to make certain statements. Under this theory, Mr. Moonves' knowledge is personal and therefore non-duplicative of anyone else's. *See* Aereo Obj. at 6-9. According to Aereo, only Mr. Moonves can answer questions about his "mindset." Aereo Obj. at n.3.

There are two responses to this. *First*, any individual, including a corporate executive, always is, by definition, the only person with "personal knowledge of his own statements, thoughts and understandings." *See* Aereo Obj. at 8. That logic, however, taken to its extreme, would eviscerate the proper standard to be applied, which is unique knowledge of facts, not an individual's "mindset" about those facts. *See* Aereo Obj. at n.3. That is one of the reasons Judge Pitman rejected Aereo's argument below. *See* Potenza Decl. Ex. 3 at 93:16-20 (adopting Aereo's argument would mean "that whenever a chief executive of a corporation makes a statement regarding something related to the subject matter of a litigation, ipso facto he or she is fair game for litigation, for a deposition, and that's not the law").

In this copyright infringement dispute, central legal issues include irreparable harm and market harm for purposes of the fourth fair use factor. Such harm is objectively proven by facts: Mr. Moonves' state of mind is neither the issue nor relevant evidence. *See id.* 92:6-10 (emphasizing that proper inquiry is to determine who has knowledge as to "the facts" underlying the statements made by Mr. Moonves). Those facts relate to matters of CBS's corporate business and strategy, including the potential that Aereo and similar services could have to harm CBS's renegotiation of its

4

retransmission agreements, as well as cause other types of harm. These concern business matters within the direct responsibility of Mr. Franks. The situation here, therefore, is unlike cases where an executive might have personal knowledge of facts because only he or she participated in critical meetings relevant to the outcome of a case, *cf. Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102-106 (S.D.N.Y. 2001) (CEO actively involved in meetings where relevant pricing decisions and merger plans discussed), or cases where state of mind is relevant under the substantive law.

*Second*, a plain side-by-side reading of the Moonves/Franks statements and testimony demonstrates Aereo's central thesis – that a contradiction exists – is incorrect. *See* Potenza Decl. Ex. 4 (CBS Mem. at 8-11). Mr. Moonves' August 2012 statement to investors during an earnings call that Aereo "does not affect any negotiations we have," and public reports of statements from Mr. Moonves that Aereo is an "insignificant player" and "not a major concern for us," Aereo Obj. at 3, 6, are entirely consistent with Mr. Frank's last sworn statements on the same subject. On May 30, 2012, Mr. Franks said Aereo had yet to have any impact but, unless enjoined, eventually would. *See* Potenza Decl. Ex. 6 (5/30/12 Tr. at 59:20-24). That is consistent with Mr. Moonves' statement that Aereo has not yet affected the provisions of any retransmission agreement. *See* Aereo Obj. at 3 (Mr. Moonves quoted as saying that Aereo has yet to have an effect on "one sub, one deal, one anything").

At the hearing, Mr. Franks testified about prospective harm. When describing the threat of irreparable harm he gave an example of how, even in the context of a cable

5

company with which CBS has a "revenue guarantee deal[]," Aereo would, unless, enjoined, create problems. He explained that, notwithstanding the revenue guarantee, "in our next conversation when our next deal comes up," CBS would hear that it "should not expect to receive the same amount of money because the number of their subscribers have gone down and therefore they are willing to pay less." Potenza Decl. Ex. 6 (5/30/12 Tr. at 59:20-24); *compare* Aereo Obj. at 2. He did not testify that, as of the date of that testimony, Aereo had already had that effect or that it had otherwise adversely affected CBS in a measurable way. As for Mr. Moonves' statement that "he does not lose sleep over Aereo" because it has yet to be a "major concern," *see* Potenza Decl. Ex. 2 (5/10/13 Ltr. at 2, 5), that is not inconsistent with this or any other aspect of Mr. Franks' testimony. Mr. Moonves was referring to CBS's belief that Aereo ultimately would not prevail in the litigation and has only a "couple of thousand subs[cribers]." *See id*.

      The fundamental reason there is no inconsistency, in addition to the extent to which Aereo has taken statements out of context, stems from Aereo's incorrect premise that the ABC Plaintiffs' case turns on whether "irreparable" and "market" harms exist today, as opposed to down the road, once Aereo and similar services become a factor in the marketplace. The harm threatened by Aereo, and by similar services should they become widespread, is irreparable and significant precisely because it is unquantifiable and, although yet to be felt, not speculative. *See American Broadcasting Cos. Inc. v. Aereo, Inc.*, 874 F. Supp. 2d 373, 399 (S.D.N.Y. 2012) (emphasis supplied) (standard for preliminary injunctive relief is a "*threat* of irreparable harm, not that irreparable harm already has occurred" (emphasis in original)) and 398 (unless enjoined Aereo's growth

will damage Plaintiffs' ability to negotiate retransmission agreements and cable companies will demand concessions or refuse to pay retransmission fees). *See also Campbell v. Acuff-Rose, Inc.*, 510 U.S. 569, 590, 593 (1994) (fourth fair use factor looks to potential and future market harms).

Aereo's own CEO may have explained this best when, at his most recent deposition, he testified that "Aereo for all the hype is a very small non-material factor . . . today." *See* Potenza Decl. Ex. 8 (Shalini Ramachandran, "Aereo Is Considering Web-Content Partnerships, wsj.com, April 17, 2013, *available at* http://blogs.wsj.com/digits/2013/04/17/aereo-is-considering-web-content-partnerships/); Potenza Decl. Ex. 9 (5/30/13 Kanojia Dep. Tr. at 354:11-356:21) (confirming accuracy of quote and ▇ ▇). That succinctly explains why, although the threat of Aereo's harm looms large and is unquantifiable, it has yet to have a concrete, measurable impact, particularly while the legality of its service is still being litigated.

Accordingly, because Aereo's motion to compel was based both on its incorrect understanding of what it means to have "unique knowledge" of relevant facts and upon non-existent contradictions and inconsistencies, Judge Pitman properly denied it, while still providing a mechanism by which Aereo could determine who would have knowledge of relevant facts before renewing its effort to depose Mr. Moonves. *See* Potenza Decl. Ex. 1 (Order, ¶ 4). *See Burns. v. Bank of America*, No. 03 Civ. 185 (RMB)(JCF), 2007 WL 1589437, at n.*6 (S.D.N.Y. June 4, 2007).

## CONCLUSION

For the foregoing reasons, CBS respectfully requests that Aereo's objections should be overruled.

Respectfully submitted,

*/s/ Bruce P. K.*

Bruce P. Keller
Matthew E. Fishbein
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.:   (212) 909-6000
Fax:   (212) 909-6836

*Counsel for the ABC Plaintiffs*

Dated: June 14, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2013, the foregoing Response To Objections To Denial Of Motion To Compel The Deposition Of Leslie Moonves and supporting declaration and exhibits were filed under seal with the Clerk of Court and that electronic copies were served on all counsel of record via email on June 14, 2013.

/s/ Bruce P. Keller
Bruce P. Keller
