UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, and WNJU-TV BROADCASTING LLC, | Civil Action No. 12-CV-1540 (AJN) |
| Plaintiffs/Counterclaim Defendants, | |
| v. | |
| AEREO, INC., | |
| Defendant/Counterclaim Plaintiff. | |

---

| | |
|---|---|
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE, | Civil Action No. 12-CV-1543 (AJN) |
| Plaintiffs/Counterclaim Defendants, | |
| v. | |
| AEREO, INC., | |
| Defendant/Counterclaim Plaintiff. | |

---

**DEFENDANT AEREO, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of its Motion for Summary Judgment (Dkt. 195) and its Opposition to Fox Plaintiffs' Motion for Partial Summary Judgment (Dkt. 221), Defendant Aereo, Inc. ("Aereo") respectfully submits the recent decision in *Hearst Stations Inc. d/b/a WCVB-TV v. Aereo, Inc.*, No. 13-Civ-11649 (D. Mass. Oct. 8, 2013) (hereinafter referred to as "*Hearst v. Aereo*," attached hereto as Exhibit A).  On July 9, 2013, Hearst Stations Inc. d/b/a WCVB-TV ("Hearst") filed a copyright infringement action and moved for a preliminary injunction against Aereo, alleging claims that are virtually identical to the claims at issue in this case.  On October 8, 2013, Judge Nathaniel M. Gorton denied Hearst's motion for a preliminary injunction.  The *Hearst v. Aereo* decision was rendered after the briefing in this case on the summary judgment motions was completed, and is relevant to these motions because:

(1) Of particular relevance to this case, the Court found that Hearst is unlikely to succeed on the merits of its claims that a consumer's use of Aereo's technology violates Hearst's rights under Section 106 of the Copyright Act to publicly perform and reproduce Hearst's copyrighted works.  *See Hearst v. Aereo* at 8.

(2) After examining the language of the Copyright Act, the corresponding legislative history, and the relevant case law, the Court accepted Aereo's position that, under *Cablevision*, the performances at issue are *private* rather than *public* performances and noted that Aereo's interpretation of the Copyright Act is "a better reading of the statute" as compared to Hearst's interpretation.  *Id*. at 7-13.

(3) In addition, the Court found that Hearst is not irreparably harmed at the present time.  First, the Court found that Hearst is not presently irreparably harmed in its ability to negotiate retransmission fees with cable providers.  Second, the Court found that Hearst is not irreparably harmed in its ability to generate advertising revenue, at least in part because Hearst's

1

claim that it will not be able to measure viewers who access its programming through Aereo is "simply not true." Third, the Court found that Hearst is not irreparably harmed in its ability to profit from putting its programs online because its plans are not sufficiently developed. *Id*. at 17-19.

For these reasons, Aereo asks this Court to consider this authority in connection with these motions.

Dated: October 15, 2013                             Respectfully submitted,


   /s/ R. David Hosp
R. David Hosp (DH 3344)
Mark S. Puzella   (Admitted *pro hac vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210
Tel.: (617) 368-2125
Fax: (617) 542-8906
hosp@fr.com
puzella@fr.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
melkin@winston.com
tlane@winston.com

Jennifer A. Golinveaux (admitted pro hac vice)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com

*Attorneys for Defendant Aereo, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                               /s/ *Kathryn Lugo*
                                                     Kathryn Lugo