```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

AMERICAN BROADCASTING COMPANIES,    :
INC., et al.,
                                    :
            Plaintiffs,                 12 Civ. 1540 (AJN)(HBP)
                                    :
    -against-
                                    :
AEREO, INC.,
                                    :
            Defendant.
                                    :
-----------------------------------X

WNET, et al.,                       :

            Plaintiffs,             :   12 Civ. 1543 (AJN)(HBP)

    -against-                       :   OPINION
                                        AND ORDER
AEREO, INC.,                        :

            Defendant.              :
-----------------------------------X
```

        PITMAN, United States Magistrate Judge:


I.   Introduction


        By notice of motion dated April 30, 2013 (Docket Item 191 in 12 Civ. 1540), plaintiffs in 12 Civ. 1540 move to amend their complaint to allege expressly a claim for secondary copyright infringement.  For the reasons set forth below, the motion is granted.

II.  <u>Facts</u>

The facts giving rise to these actions are set forth in detail in the decisions of the Honorable Alison J. Nathan, United States District Judge, denying plaintiffs' motion for a preliminary injunction, and the Court of Appeals for the Second Circuit, affirming Judge Nathan's decision.  <u>American Broadcasting Cos. v. AEREO, Inc.</u>, 874 F. Supp. 2d 373 (S.D.N.Y. 2012), <u>aff'd</u>, 712 F.3d 676 (2d Cir. 2013).  Familiarity with those decisions is assumed.

Plaintiffs (primarily broadcast television networks) allege that defendant is infringing their copyrights.  The allegations arise out of defendant's service that intercepts broadcast television signals and re-transmits them over the internet to subscribing individuals and entities.  Defendant also offers a remote recording functionality that allows subscribers to shift the time at which they view programs.  As a result of my review of the pleadings and my involvement in numerous pretrial proceedings in this matter, it is my understanding that defendant processes all broadcast signals in the same manner.  That is, the manner in which defendant intercepts and retransmits (or records for time shifting purposes) programming broadcast by the plaintiffs in 12 Civ. 1540 (the "1540 Plaintiffs") is identical to the manner in which it retransmits (or records for time shifting

purposes) programming broadcast by the plaintiffs in 12 Civ. 1543.

The present dispute arises out of a lack of clarity and the changing positions that the 1540 Plaintiffs have taken with respect to whether their complaint in that matter asserts a claim for indirect, or secondary, copyright infringement.  Early on in the litigation, counsel for the 1540 Plaintiffs wrote to counsel for defendants stating "[W]e have no problem confirming that, subject to further information learned during discovery, no indirect infringement claim has been asserted in 12 Civ. 1540.  We do, however, reserve our right to add such a claim." (Letter from Bruce P. Keller, Esq. to John C. Englander, Esq., dated March 23, 2013, and annexed to the declaration of Michael S. Elkin, Esq., dated May 17, 2013 (Docket Item 202 in 12 Civ. 1540) ("Elkin Decl.") as Ex. A).  Nevertheless, the 1540 Plaintiffs subsequently asserted that their complaint did assert a claim for indirect infringement (Letter from Bruce P. Keller, Esq., dated Sept. 28, 2012, to R. David Hosp, Esq., annexed to the Elkin Decl. as Ex. C).

On the same day the 1540 Plaintiffs filed their action, 12 Civ. 1543 was filed.  There can be no dispute that the complaint in 12 Civ. 1543 expressly asserts a claim for indirect

3

infringement (Complaint (Docket Item 1) in 12 Civ. 1543 at 13-14).

Four days after the actions were filed, defendant sought their consolidation. In support of its application for consolidation, defendant stated

> Like the [1540 Plaintiffs], Plaintiffs in [12 Civ. 1543] are also television networks, television stations, and other media companies. Like the [1540 Plaintiffs], Plaintiffs in [12 Civ. 1543] also allege that they are the legal or beneficial owners of copyrights in programs that have been, or will be, exhibited over broadcast television stations. . . . And, like the [1540 Plaintiffs], Plaintiffs in [12 Civ. 1543] allege that Aereo infringes their copyrights by capturing over-the-air broadcasts, converting those broadcasts to a digital format, and "streaming" them over the internet. . . . Because [12 Civ. 1543] involves the same facts, claims, and defenses as [12 Civ. 1540], Aereo respectfully requests that the two cases be consolidated.

(Defendant's Notice of Related Case and Request to Transfer and Consolidate, dated March 5, 2012 (Docket Item 4 in 12 Civ. 1543) at 2). The plaintiffs in 12 Civ. 1543 agreed that consolidation was appropriate (see Docket Item 6 in 112 Civ. 1543). Although Judge Nathan did not formally grant the motion to consolidate until December 17, 2012, (Order of the Hon. Alison J. Nathan, dated December 17, 2012, Docket Item 124 in 12 Civ. 1540 and Docket Item 155 in 12 Civ. 1543), the two cases were de facto consolidated from their inception. The most significant event in this Court to date in this matter -- plaintiffs' motion for a

4

preliminary injunction -- was resolved on the basis of a single hearing and a single opinion issued in both cases.[1]

III.  Analysis

The standards applicable to a motion to amend a pleading are well settled and require only brief review.  In general, a motion to amend is governed by Fed.R.Civ.P. 15(a), which provides that leave to amend should be freely granted when justice so requires.  Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005); Dluhos v. Floating & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998); Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984); Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2d Cir. 1974).  "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile."  Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, D.J.), aff'd, 116

---

[1] The caption in Judge Nathan's opinion denying the motion for a preliminary injunction lists both cases as does the caption of the Court of Appeals' decision affirming Judge Nathan's decision.

F.3d 465 (2d Cir. 1997); see McCarthy v. Dun & Bradstreet Corp., supra, 482 F.3d at 200; Ellis v. Chao, 336 F.3d 114, 126-27 (2d Cir. 2003); Montefiore Med. Ctr. v. Am. Prot. Ins. Co., 00 Civ. 3235 (LTS)(MHD), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003) (Swain, D.J.); Am. Home Assur. Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.).

A proposed amendment is futile when it fails to state a claim. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990); Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 257 (S.D.N.Y. 1999) (Sweet, D.J.). The party opposing the amendment has the burden of demonstrating that a proposed amendment would be futile. Staskowski v. Cnty. of Nassau, 05 Civ. 5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007); see also Lugosch v. Congel, 00 Civ. 784 (RFT), 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002).

"Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted); accord Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp., No. 12 Civ. 5141 (JMF), 2013 WL 2190071 at *1 (S.D.N.Y. May 21, 2013) (Furman, D.J.).

Aereo opposes the motion here on the grounds of both delay and futility.

Although the 1540 Plaintiffs' inconsistent positions concerning on the claims asserted in their complaint and their delay in brining this motion are regrettable, these facts are insufficient to warrant the denial of their motion.  The issue of indirect infringement has literally been in the case since its inception as a result of the allegations in 12 Civ. 1543, and the proposed claims of the 1540 Plaintiffs in this regard are identical to the claims in 12 Civ. 1543.  Although defendant claims that the assertion of indirect infringement by the 1540 Plaintiffs at this stage will result in prejudice because it is now unable to take discovery concerning those claims, it does not identify any specific additional discovery it seeks nor does it explain how the claims of the 1540 Plaintiffs are any different from the claims in 12 Civ. 1543.  Because defendant does not identify any new issues that will be injected into the case as a result of the amendment or any other type of prejudice, neither the 1540 Plaintiffs' delay nor their inconsistent statements concerning their claims warrants denial of their motion to amend.

Defendant's papers do not make an independent showing of futility; rather, they merely incorporate by reference the arguments defendant made in support of its motion for summary

7

judgment, which is currently pending before Judge Nathan. The 1540 Plaintiffs correctly point out that futility for purposes of a motion to amend is judged by the more lenient Rule 12(b)(6) standard and not the more demanding summary judgment standard, and, therefore, defendant's futility argument is legally flawed. In addition, even if the summary judgment standard were applicable to assessing the viability of the proposed amended claims, as a matter of discretion, I decline to deny the motion on this ground. Defendant's summary judgment motion is fully submitted and is currently being considered by Judge Nathan. The summary judgment motion will need to be resolved regardless of the outcome of his motion. In view of the fact that Judge Nathan's decision will, of course, be controlling, no purpose would be served by my addressing the issue.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion in 12 Civ. 1540 to amend the complaint is granted. Plaintiffs are directed to serve and file their amended complaint within five (5) business days of the date of this Order. The

Clerk of the Court is directed to mark Docket Item 191 in 12 Civ. 1540 closed.

Dated:  New York, New York
        October 7, 2013

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

All Counsel