UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMERICAN BROADCASTING COMPANIES, INC.,
DISNEY ENTERPRISES, INC., CBS BROADCASTING
INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA,
LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK
TELEVISION, LLC, TELEMUNDO NETWORK GROUP
LLC., WNJU-TV BROADCASTING LLC,

    Plaintiffs,

       v.                                 12 Civ. 1540 (AJN)

AEREO, INC.,

    Defendant.
------------------------------------------------------------------------X

## REPLY TO COUNTERCLAIM

Plaintiffs/Counterclaim Defendants American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, and WNJU-TV Broadcasting LLC (collectively, "plaintiffs") respond to the Counterclaim filed by Defendant/Counterclaim Plaintiff Aereo, Inc. ("Aereo") as follows:

Preamble:    Deny the allegations in the Preamble, except neither admit nor deny the allegations to the extent they consist of non-factual legal conclusions, admit that Aereo seeks to bring the claims described in the Preamble and aver that the "Aereo Technology" consists of unauthorized reproductions and simultaneous retransmissions of Plaintiffs' over-the-air television programs in violation of the Copyright Act.

1. Deny the allegations in Paragraph 1, except neither admit nor deny the allegations to the extent they consist of legal conclusions, respectfully refer the Court to the statute cited in this Paragraph, and aver that unauthorized retransmissions of plaintiffs' over-the-air television broadcasts violate plaintiffs' exclusive rights under the Copyright Act without regard to ownership of the airwaves.

2. Deny the allegations in Paragraph 2, except neither admit nor deny the allegations to the extent they consist of legal conclusions, respectfully refer the Court to the decision referenced in this Paragraph and aver that Aereo, not its customers, retransmits and publicly performs plaintiffs' programs by streaming them to multiple individual members of the public, all in violation of the plaintiffs' exclusive rights under the Copyright Act.

3. Deny the allegations in Paragraph 3, except neither admit nor deny the allegations to the extent they consist of legal conclusions, respectfully refer the Court to the decision cited in this Paragraph and aver that Aereo, not its customers, retransmits, publicly performs plaintiffs' programs by streaming them to multiple individual members of the public, all in violation of the plaintiffs' exclusive rights under the Copyright Act.

4. Deny the allegations in Paragraph 4 and aver that Aereo's association of a "specific individual antenna" with a particular subscriber for the duration of that subscriber's access does not make Aereo's service lawful and that Aereo, not its customers, retransmits, publicly performs plaintiffs' programs by copying and/or streaming them to multiple individual members of the public, all in violation of the plaintiffs' exclusive rights under the Copyright Act.

5. Deny the allegations in Paragraph 5, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 5 and admit that Aereo executives have met with some individuals employed by certain of the plaintiffs and that the Aereo service has received media coverage.

6. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, except admit that Aereo made such an announcement on February 14, 2012.

7. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Admit the allegations in Paragraph 8.

9. Admit the allegations in Paragraph 9.

10. Admit the allegations in Paragraph 10.

11. Admit the allegations in Paragraph 11.

12. Admit the allegations in Paragraph 12.

13. Admit the allegations in Paragraph 13.

14. Admit the allegations in Paragraph 14.

15. Admit the allegations in Paragraph 15.

16. Admit the allegations in Paragraph 16.

17. Admit that Aereo seeks to bring the claim described in Paragraph 17.

18. Admit that the Court has jurisdiction over the subject matter of this action.

19. Admit that venue is proper in this Court.

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Deny the allegations in Paragraph 21, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 and aver that the antennas involved in Aereo's system are owned and controlled by Aereo, not its customers, and that Aereo, not its customers, retransmits and publicly performs plaintiffs' programs by streaming them to multiple individual members of the public, all in violation of the plaintiffs' exclusive rights under the Copyright Act.

22. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Deny the allegations in Paragraph 23, except neither admit nor deny the allegations to the extent they consist of legal conclusions, respectfully refer the Court to the decisions cited in this Paragraph and aver that the cited authority provides no legal support for Aereo's conduct.

24. Deny the allegations in Paragraph 24.

25. Repeat and reallege each of their responses to the foregoing Paragraphs as though fully set forth herein.

26. Admit the allegations in Paragraph 26.

WHEREFORE, Plaintiffs repeat and incorporate by reference the Prayer for Relief set forth in their Complaint, and respectfully request that the Court grant the following relief:

4

  A. Dismiss, with prejudice, Defendant's Counterclaim;

  B. Deny all relief requested in Defendant's Counterclaim;

  C. Order such other relief as the Court deems just and proper.

       Respectfully submitted,

Dated: November 25, 2013  By: /s/ Bruce P. Keller
        Bruce P. Keller
        (bpkeller@debevoise.com)
        Jeffrey P. Cunard
        (jpcunard@debevoise.com)
        Matthew E. Fishbein
        (mfishbein@debevoise.com)
        Michael R. Potenza
        (mpotenza@debevoise.com)
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York 10022
        (212) 909-6000

        *Counsel for Plaintiffs/Counterclaim Defendants American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, and WNJU-TV Broadcasting LLC*