UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE,<br><br>Plaintiffs,<br><br>v.<br><br>AEREO, INC. f/k/a BAMBOOM LABS, INC.,<br><br>Defendant. | Case No. 12-Civ-1540 (AJN) (consolidated)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 7/31/14 |
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, WNJU-TV BROADCASTING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AEREO, INC.,<br><br>Defendant. | Case No. 12-Civ-1540 (AJN) |

**STIPULATION AND PROTECTIVE ORDER CONCERNING
SCOPE OF DEPOSITION OF THE NIELSEN COMPANY (US), LLC**

WHEREAS, defendant wishes to take the deposition under Federal Rule of Civil

Procedure 30(b)(6) pursuant to subpoena of a corporate representative of The Nielsen Company

(US), LLC ("Nielsen") regarding Nielsen's current capabilities and current plans for including or

CHI 8509371v.1

2174529.1

attempting to include "cross-platform" (i.e., across television, online, and mobile device screens) viewing of television programming in Nielsen's proprietary estimates of television audiences, as well as Nielsen's communications with the parties regarding such capabilities and plans;

WHEREAS, plaintiffs also wish to have the opportunity to examine Nielsen's corporate representative in the deposition sought by defendant regarding these same matters;

WHEREAS, Nielsen asserts that its proprietary television audience estimates do not reflect a census but rather are estimates based upon proprietary statistical sampling methods and therefore constitute Nielsen's expert opinions, not facts;

WHEREAS, Nielsen asserts that its proprietary opinions and information are not prepared for use in litigation but rather are licensed only to subscribers for substantial fees and pursuant to written contracts that restrict their use and that, among other things, specifically prohibit the use of the opinions and information in legal proceedings;

WHEREAS, Nielsen is unwilling to supply expert opinion testimony in this litigation on behalf of any party and objects to any attempt by any party in this litigation to require Nielsen to supply expert opinion testimony against its will;

WHEREAS, Nielsen asserts that disclosure of either Nielsen's valuable proprietary opinions and information or the proprietary statistical methods and measurement techniques through which Nielsen develops these proprietary opinions and information would greatly injure Nielsen in its business by causing the disclosure of privileged trade secrets;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto and Nielsen as follows:

1. Nielsen agrees to produce an appropriate corporate representative to testify by deposition regarding Nielsen's current capabilities and current plans for including or attempting to include cross-platform viewing of television programming in Nielsen's proprietary estimates of television audiences, as well as Nielsen's communications with the parties and the Coalition for Innovative Media Measurement regarding such capabilities and plans. Nielsen's corporate representative may also be asked to testify about the basis and/or rationale for alterations to its propriety estimates of television audiences corresponding to changes in consumer television viewing sources (*e.g.*, cable delivery, VCRs, and DVRs). Further, any party may ask Nielsen's corporate representative during the deposition to authenticate documents produced in discovery in this litigation that are relevant to this agreed-upon subject matter and that the party reasonably believes were created or received by Nielsen in the normal course of business.

2. The parties agree that they each shall limit their respective examinations of Nielsen's corporate representative to the subject matter described in Paragraph 1 of this Stipulation and Protective Order and further that Nielsen's corporate representative shall not be required to testify about any of the following topics:

    (a) Nielsen's proprietary audience estimates or any other opinion of the corporate representative or of Nielsen regarding television audience size, composition, or behavior;

    (b) proprietary details of the statistical methods and measurement techniques used by Nielsen that are not relevant to the subject matter described in Paragraph 1 of this Stipulation and Protective Order and/or that Nielsen does not disclose to current or prospective subscribers to its commercial services in the ordinary course of its business; or

(c) the actual or potential market, commercial, or financial impact of (i) Nielsen's proprietary television audience estimates or current or planned methods or techniques underlying those estimates, (ii) the streaming of television programming to mobile devices, (iii) the use of consumer recording devices, (iv) television audience viewing habits, or (v) any other aspect of television audience estimation or television usage.

The parties understand and acknowledge that Nielsen's counsel may instruct the corporate representative not to answer questions on topics (a)-(c) listed in this paragraph or any other topic outside the agreed-upon scope of examination described in Paragraph 1 of this Stipulation and Protective Order.

3. The parties and Nielsen agree to cooperate in good faith in attempting to resolve in a timely manner, including if necessary by requesting the Court's intervention either informally or by motion as appropriate under the circumstances, any disagreement arising under this Stipulation and Protective Order regarding the scope of any party's examination of Nielsen's corporate representative.

4. The parties agree that the deposition testimony of Nielsen's corporate representative shall be afforded the highest level of confidentiality protection available under the Amended Stipulated Protective Order entered in this litigation on April 19, 2012.

5. The parties agree that, except for the deposition contemplated by this Stipulation and Protective Order, they shall not subpoena any Nielsen witness to testify by deposition or at trial in this litigation or in any other pending or reasonably foreseeable litigation concerning defendant's online platform without first providing Nielsen with reasonable advance notice in accordance with Paragraph 8 of this Stipulation and Protective Order that such a subpoena is contemplated and conferring with Nielsen in good faith about the perceived need for testimony

from a Nielsen witness, about any objections Nielsen may have to providing such testimony, and about possible alternatives to taking such testimony. Notwithstanding the foregoing, any breach of this provision or failure to provide Nielsen with advance notice will not invalidate any otherwise valid subpoena, though Nielsen shall not be precluded in such circumstances from raising a party's non-compliance as a ground for quashing or modifying any subpoena.

6. The terms of this Stipulation and Protective Order shall survive and remain in force and effect after the termination of this litigation and may not be altered or modified except by written stipulation executed by all parties hereto and approved by Nielsen.

7. The parties agree that Nielsen shall not be considered a party to this lawsuit but shall have the right to enforce this Stipulation and Protective Order before this Court at any time during or after this litigation.

8. Any notice to Nielsen concerning this Stipulation and Protective Order or otherwise concerning this litigation or any related litigation shall be sent to Nielsen's inside and outside counsel as follows:

> Eric Rubenstein
> General Counsel – Global Media
> The Nielsen Company
> 85 Broad Street
> New York, New York 10004
> Phone: (646) 654-5042
> E-mail: eric.rubenstein@nielsen.com
>
> Marc E. Raven
> Sidley Austin LLP
> One South Dearborn Street
> Chicago, Illinois 60603
> Phone: (312) 853-7162
> E-mail: mraven@sidley.com

Dated: _____

By: _____
Attorneys for Aereo, Inc.


Dated: _____

By: _____
Attorneys for WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, Inc., Univision Television Group, Inc., The Univision Network Limited Partnership, and Public Broadcasting Service.


Dated: _____

By: _____
Attorneys for American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, and WNJU-TV Broadcasting LLC


Dated: 11/27/13

By: _/s/_____
Attorneys for The Nielsen Company (US), LLC


IT IS SO ORDERED.

Dated: _____

_____
JUDGE

Dated: 12/3/13

By: _____
Attorneys for Aereo, Inc.

Dated: _____

By: _____
Attorneys for WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, Inc., Univision Television Group, Inc., The Univision Network Limited Partnership, and Public Broadcasting Service.

Dated: _____

By: _____
Attorneys for American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, and WNJU-TV Broadcasting LLC

Dated: 11/27/13

By: _____
Attorneys for The Nielsen Company (US), LLC

IT IS SO ORDERED.

Dated: _____

_____
JUDGE

Dated: _____          By: _____
                                        Attorneys for Aereo, Inc.


Dated: December 3, 2013                 By: _____
                                        Attorneys for WNET, THIRTEEN, Fox Television
                                        Stations, Inc., Twentieth Century Fox Film
                                        Corporation, WPIX, Inc., Univision Television
                                        Group, Inc., The Univision Network Limited
                                        Partnership, and Public Broadcasting Service.


Dated: _____          By: _____
                                        Attorneys for American Broadcasting Companies,
                                        Inc., Disney Enterprises, Inc., CBS Broadcasting
                                        Inc., CBS Studios Inc., NBCUniversal Media, LLC,
                                        NBC Studios, LLC, Universal Network Television,
                                        LLC, Telemundo Network Group LLC, and WNJU-
                                        TV Broadcasting LLC


Dated: 11/27/13                         By: _____
                                        Attorneys for The Nielsen Company (US), LLC


IT IS SO ORDERED.


Dated: _____          _____
                                                    JUDGE

Dated: _____    By: _____
                                  Attorneys for Aereo, Inc.


Dated: _____    By: _____
                                  Attorneys for WNET, THIRTEEN, Fox Television
                                  Stations, Inc., Twentieth Century Fox Film
                                  Corporation, WPIX, Inc., Univision Television
                                  Group, Inc., The Univision Network Limited
                                  Partnership, and Public Broadcasting Service.


Dated: 12/3/13                    By: _____
                                  Attorneys for American Broadcasting Companies,
                                  Inc., Disney Enterprises, Inc., CBS Broadcasting
                                  Inc., CBS Studios Inc., NBCUniversal Media, LLC,
                                  NBC Studios, LLC, Universal Network Television,
                                  LLC, Telemundo Network Group LLC, and WNJU-
                                  TV Broadcasting LLC


Dated: 11/27/13                   By: _____
                                  Attorneys for The Nielsen Company (US), LLC


IT IS SO ORDERED.

Dated: 7-31-14                    _____
                                  JUDGE