UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BROADCASTING COS., INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING, INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, and WNJU-TV BROADCASTING LLC,<br><br>    Plaintiffs/Counterclaim Defendants,<br>v.<br><br>AEREO, INC.,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 12-CV-1540 (AJN) (HBP) |
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE,<br><br>    Plaintiffs/Counterclaim Defendants,<br>v.<br><br>AEREO, INC.,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 12-CV-1543 (AJN) (HBP) |

**AEREO, INC.'S MOTION FOR EMERGENCY CONSIDERATION OF
<u>PRELIMINARY INJUNCTION ISSUES UPON REMAND</u>**

On June 25, 2014, the United States Supreme Court issued an opinion on the appeal of the Second Circuit's affirmance of this Court's denial of Plaintiffs' motion for a preliminary injunction. *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 134 S. Ct. 2498 (2014). The Supreme Court "reverse[d] the contrary judgment of the Court of Appeals," and "remand[ed] the case for further proceedings consistent with this opinion." *Id*. at 2511.

On July 9, 2014, the parties submitted a joint letter to this Court in which Plaintiffs expressed their intent to seek an immediate order enjoining Aereo's service based on the Supreme Court's decision. *See* No. 1:12cv1540, Dkt. No. 313 at 1. In that letter, Aereo asserted that no injunction should enter because the Supreme Court's finding that Aereo is a "cable system" governed by the 1976 amendments to the Copyright Act entitles it to a compulsory license pursuant to 17 U.S.C. § 111. *Id.* at 3. It likewise stated that prompt resolution of these issues is necessary because, in light of the Supreme Court's decision, Aereo temporarily suspended operations, but is continuing to incur enormous costs and expenses that put the continuing existence of the company in jeopardy. *Id.*

On July 31, 2014 the Second Circuit entered orders vacating the preliminary injunction order entered by this Court and remanding the case for further proceedings. *Am. Broad Cos., Inc. v. Aereo, Inc.*, 12-2786, Dkt. Nos. 346, 347; 12-2807, Dkt. Nos. 293, 294. This Court is now empowered to consider Aereo's eligibility for a Section 111 compulsory license. *Id*. Aereo therefore respectfully moves for emergency consideration of these issues and a determination that Plaintiffs are not likely to succeed on the merits of any renewed motion for a preliminary injunction because Aereo is entitled to a Section 111 compulsory license and thus does not infringe Plaintiffs' public performance rights.

As further grounds for and in support of this Motion, Aereo relies on and incorporates fully herein: (1) Aereo's Memorandum of Law in Support of this Emergency Motion; (2) the Declaration of Chaitanya Kanojia; and (3) the Declaration of R. David Hosp and Exhibits thereto, all of which are filed herewith.

Dated: July 31, 2014

Respectfully submitted,

AEREO, INC.

By its attorneys,

   /s/ R. David Hosp   
R. David Hosp  (RH 3344)
Mark S. Puzella (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
617.542.5070 (tel)
617.542.8906 (fax)
hosp@fr.com
puzella@fr.com

Seth Greenstein (admitted *pro hac vice*)
CONSTANTINE | CANNON, LLP
One Franklin Square
1301 K Street, NW, Suite 1050 East
Washington, DC 20005
202.204.3514 (tel)
202.204.3500 (fax)
sgreenstein@constantinecannon.com

Michael S. Elkin
Thomas Patrick Lane
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
212.294.6700 (tel)
melkin@winston.com
tlane@winston.com

Jennifer A. Golinveaux (admitted *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
415.591.1000 (tel)
jgolinveaux@winston.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 31, 2014, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                        _/s/ R. David Hosp_
                                                                          R. David Hosp