UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, WNJU-TV BROADCASTING LLC,

      Plaintiffs,

       v.

AEREO, INC.,

      Defendant.
------------------------------------------------------------ X
WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE,

      Plaintiff,

       v.

AEREO, INC. f/k/a BAMBOOM LABS, INC.,

      Defendant.
------------------------------------------------------------ X

Case No. 12-Civ-1540 (AJN)
(Consolidated)

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO AEREO'S SUBMISSION OF THE CHIPTY EXPERT REPORT IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

| | |
|---|---|
| Richard L. Stone (*pro hac vice*) | Bruce P. Keller |
| Kenneth D. Klein (*pro hac vice*) | Jeffrey P. Cunard |
| Julie A. Shepard (*pro hac vice*) | Matthew E. Fishbein |
| JENNER & BLOCK LLP | DEBEVOISE & PLIMPTON LLP |
| 633 West Fifth Street | 919 Third Avenue |
| Los Angeles, CA 90071 | New York, New York 10022 |
| Tel: (213) 239-5100 | Tel: (212) 909-6000 |
| Fax: (213) 239-5199 | Fax: (212) 909-6836 |
| *Counsel for the WNET Plaintiffs* | *Counsel for the ABC Plaintiffs* |

Dated:  September 5, 2014

2304981.3

Plaintiffs object to defendant Aereo, Inc.'s ("Aereo") submission of excerpts of the expert report of Dr. Tasneem Chipty in support of its Opposition to Plaintiffs' Memorandum in Support of Preliminary Injunction on the following grounds:

Aereo submits the excerpts of Dr. Chipty's report purportedly to show that Plaintiffs have not been, and will not be, irreparably harmed by Aereo.  However, Dr. Chipty's entire analysis and report is based on her express assumption that Aereo is simply an equipment provider.  Declaration of Julie Shepard, Ex. M (Chipty Report, ¶ 3 ("As part of my assignment, *I have been asked to assume*, based on Professor Horowitz's analysis, that the *Aereo technology is an analogue to a home-based antenna and DVR, except the consumer's equipment is located remotely* . . . Within this framework, *I evaluate the likely impact of the Aereo antenna and DVR technology* on broadcasters.") (emphasis added); *id.* ¶ 8 ("In this context, any impact on broadcasters from *advances in antenna technology* is not equivalent to 'harm' from misuse of copyrights.") (emphasis added).  The Supreme Court has expressly rejected the assumption upon which Dr. Chipty's entire analysis depends.  *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 134 S. Ct. 2498, 2506-07 (2014) ("Aereo is not just an equipment supplier[.]").

Under Federal Rule of Evidence 702, an expert's testimony must "fit" the facts of the case to be admissible.  *Daubert v. Merrill Dow Pharm.*, 509 U.S. 579, 591 (1993).  An expert's opinion should be excluded where, as here, it relies on an assertion of a fact that "flies in the face of [a] previous ruling to the contrary." *In re Refco Inc. Sec. Litig.*, MDL No. 1902, 2012 WL 7007795, at *4 (S.D.N.Y. Nov. 29, 2012) (Special Master's Report) (excluding expert testimony directed to claims that had been previously rejected where the expert relied on the "bald assertion" of the defendant's knowledge contrary to the court's

prior holding that the plaintiffs had not and could not allege knowledge), *adopted in full*, MDL No. 1902, 2013 WL 452400 (S.D.N.Y. Feb. 6, 2013); *accord Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 22-23 (2d Cir. 1996) (holding that the district court abused its discretion in admitting expert testimony that relied on assumptions that "represent[ed] a complete break" with the facts in the record). Because the assumption that underlies all of Dr. Chipty's analyses and conclusions has been rejected by the Supreme Court and is thus faulty as a matter of law her report must be excluded. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 269 (2d Cir. 2002) (not an abuse of discretion to exclude part of expert's opinion that "rested on a faulty assumption due to his failure to apply his stated methodology 'reliably to the facts of the case'") (quoting Fed. R. Evid. 702); *accord United States v. Fed. Res. Corp.*, — F. Supp. 2d —, 2014 WL 3400477, at *9-10 (D. Idaho 2014) (rejecting defendant's experts' analyses that "all assumed" a point that "the Court has already rejected . . . as a matter of law").

In addition, it would be prejudicial and misleading to consider just the carefully selected excerpts submitted by Aereo when Dr. Chipty has conceded in other portions of her report that Aereo will cause irreparable harm to Plaintiffs, but has dismissed this harm by improperly speculating about alleged offsetting benefits to Aereo's infringement. For example, Dr. Chipty expressly admitted that Aereo will divert the subscribers of the broadcasters' authorized distributors to Aereo. *See, e.g.*, Shepard Decl., Ex. M ¶ 102 ("It also stands to reason that use of antennas, including those provided by Aereo, may be associated with some cord-cutting."); *id.* ¶ 106 (discussing "low willingness to pay MVPD subscribers" leaving MVPD services to "use antenna and DVR technology like that offered by Aereo"). This Court and the Second Circuit have held that diversion of sales – here in the

2

form of lost subscribers – is difficult to quantify and thus results in irreparable injury. *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 874 F. Supp. 2d 373, 398 (S.D.N.Y. 2012) ("This lack of quantifiability is compounded by the difficulty of determining whether customers have 'cut the cord' with their cable company due to Aereo's service or for other reasons."); *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010) ("Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure[.]"); *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 286 (2d Cir. 2012) ("[c]ontinued live retransmissions . . . without consent" would adversely affect "[t]he quantity and quality of efforts put into creating television programming, retransmission and advertising revenues, distribution models and schedules" and would "threaten to destabilize the entire industry"), *cert. denied*, 133 S. Ct. 1585 (2013).

But, in direct contradiction of this controlling law, Dr. Chipty then attempts to dismiss the irreparable harm that even she has found by opining that Plaintiffs are not harmed on balance because the harm will somehow be offset by hypothetical advantages that Plaintiffs will supposedly receive from the existence of Aereo's unauthorized service. Putting aside that it defies all logic how one can opine that an unquantifiable harm is fully redressed by hypothetical benefits in other areas/markets, it is simply not the case that Aereo can claim that hypothetical benefits in one of Plaintiffs' markets or revenue streams (i.e., advertising) entitle Aereo to harm Plaintiffs in another market or revenue stream (i.e., licensing). *See UMG Recordings, Inc. v. MP3.com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000) (rejecting defendant's arguments that its actions would enhance the plaintiffs' sales in the market-harm context, and writing that "[a]ny allegedly positive impact of defendant's activities on plaintiffs' prior market in no way frees defendant to usurp a further market that

directly derives from reproduction of the plaintiffs' copyrighted works"); *Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217, 231 (D. Mass. 2009) ("[Defendant] claims that copyright law does not protect what he labels 'an outdated business model' and that the plaintiffs have other means of profiting from these works.  What he seems to be arguing is that, even in the era of file sharing, the plaintiffs still make enough money from their copyrights. . . . Congress has not capped the revenue that a copyright holder may derive from its monopoly, and that is indeed a quintessential legislative judgment.").

Finally, Dr. Chipty's report is unsworn – it is not even in the form of a declaration.  As a result, it is inadmissible.  *Glowczenski v. Taser Int'l Inc.*, No. 04-4052, 2010 WL 1957289, at *2-3 (E.D.N.Y. May 13, 2010) ("Courts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of Fed. R. Civ. P. 56(e), and cannot be used on a summary judgment motion without additional affidavit support.'") (quoting *Gotlin v. Lederman*, 616 F. Supp. 2d 376, 389 (E.D.N.Y. 2009)); *see also Fall v. N.Y. State United Teachers*, 289 F. App'x 419, 421 n.3 (2d Cir. 2008).  Moreover, as this Court is well aware, Aereo objected to Plaintiffs' attempts to complete expert discovery and, thus, Plaintiffs have been unable to depose Dr. Chipty on any aspect of her report.  *See* Dkt. No. 308.  Thus, it is not only fundamentally unfair for Aereo to proffer Dr. Chipty's unsworn and untested expert report as evidence, meaning there is no way for this Court to assess its reliability, but the report also does not fall into the narrow exception that some courts have applied where there has been "'full disclosure ***which has included an adequate opportunity to depose the expert regarding the opinions set forth in his or her report***.'"  *See Glowczenski*, 2010 WL 1957289, at *2 (emphasis added) (quoting *Cornell Research Found.,*

*Inc. v. Hewlett-Packard Co.*, No. 01-1974, 2007 WL 4349135, at *19 (N.D.N.Y. Jan. 31, 2007)).

For all of these reasons, the excerpts of Dr. Chipty's report submitted by Aereo should be stricken.

Respectfully submitted,

| | |
|---|---|
| /s/ Richard L. Stone | /s/ Bruce P. Keller |
| Richard L. Stone (*pro hac vice*) | Bruce P. Keller |
| Kenneth D. Klein (*pro hac vice*) | Jeffrey P. Cunard |
| Julie A. Shepard (*pro hac vice*) | Matthew E. Fishbein |
| JENNER & BLOCK LLP | DEBEVOISE & PLIMPTON LLP |
| 633 West Fifth Street | 919 Third Avenue |
| Los Angeles, CA 90071 | New York, NY 10022 |
| Tel:  (213) 239-5100 | Tel:  (212) 909-6000 |
| Fax:  (212) 239-5199 | Fax:  (212) 909-6836 |
| *Counsel for the WNET Plaintiffs* | *Counsel for the ABC Plaintiffs* |

Dated:    September 5, 2014
              New York, New York

5